UNITED STATES BANKRUPTCY COURT
EASTERN DISTRIRCT OF NEW YORK

----------------------------------------------------------------------X   Case No.  10-46901--ESS
IN RE:

      **SAHARA KHAN**

              Debtor

----------------------------------------------------------------------X   Adversary No. 11-1520-ESS

**DEBRA KRAMER**

              Plaintiff

Against

**TOZAMMEL H. MAHIA,**

              Defendant.

----------------------------------------------------------------------X

**<u>Affirmation Regarding Debra Kramer's frivolous Motion</u>**

**<u>Introduction:</u>**

      It is incredible that no panel trustee has been sanctioned in this district for bringing frivolous complaint. Trustees might have been denied relief but no sanctions. Reason is very clear.  The impacted debtor's relatives, those who have been sued as party defendant,  as alleged transferees of fraudulent transfers, who had won either did not have the resources to fight or press sanctions against the trustee or were so tired that they just wanted it to be over.  Owing to a tremendous gap between the helplessness of poor debtors along with their relatives and well staffed panel trustee office with very close connection to the system and that there is a strange presumption, without any foundation though, that the panel trustee is acting in good faith—the panel trustee can continue to do whatever they want without any deterrence.  However a

hindsight applied to the law suits and subsequent settlement of these cases would show something contrary to that expectation.   Panel trustee, moves with the façade of interest of creditors, at the end of the day, the fees requested by them exceeds more than 75% of the recovery.

Most of the helpless debtor does not have resources or the will to fight and they break down. They just want the fight to be over, for it plays havoc with their personal lives and that is why lot of these adversary complaints are settled.  I have witnessed it. **There has not been a systematic study, which is highly requisitioned at this point, as to what part of the recovery has inured to the benefit of the creditors and how much does the panel trustee pockets and if at all there were grounds for initiating the complaint.**

**Section 1927 Issues:**

Now coming to the issue of Section 1927 granting courts the power to sanction, the irony here is so vivid.  Section 1927 was actually meant to check abuses like the ones as perpetrated here by the trustee.[1]

There are several issues that are raised by this motion filing. **One,** if bankruptcy judge could use section 1927, especially in light of the language of the section and structural limitation of the Article III.  **Second,** the underlying causes of action or claims in the complaint and counterclaim are state based causes and this court has no jurisdiction to decide such matters in light of *Northern Pipeline* Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982),  *Granfinanciera*, S.A. v. Nordberg, 492 U.S. 33 (1989). and *Stern v. Marshall*, 564 U.S. 2 ___ (2011) and 131 S.Ct. 2594 (2011). **Third**, there is no submission to the jurisdiction of this court by the defendant. **Fourth**, the defendant has expressly invoked his right to be heard by an Article III court. **Fifth**, the language of section 1927 does not apply here.  And all the foregoing is the result of a very ambitious trustee and her aggressive Rosen & Asscoiates. We question the very motive of this trustee and her attorneys to bring this motion and underlying lawsuit.

---

[1] A letter from the Secretary of the Treasury to the House of Representatives in 1842, about 29 years after this statute was enacted and 11 years before it was amended, suggests that the 1853 amendment to the statute was prompted by the practice of certain United States Attorneys--who were paid on a piecework basis--who had apparently filed *unnecessary lawsuits* to inflate their compensation. H.R. Doc. No. 25, 27th Cong., 3d Sess., 21-22 (1842). See *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 759 n. 6, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980) . However subsequently with amendments etc., it is now read to be applicable to those acts or pleadings occurring after the lawsuit is commenced.

**Bankruptcy Judges cannot avail 28 U.S.C. 1927**

28 U.S.C. § 1927, first enacted in 1813, with now modification now states: "Any attorney or other person admitted to conduct cases in **any court of the United States** or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct." (Emphasis added).

Is Bankruptcy Court a court of United States? No, it is not!  "Court of the United States" for all of Title 28 of the United States Code is defined under 28 U.S.C. § 451. Section 451 states: As used in this title: The term "court of the United States" includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the **judges of which are entitled to hold office during good behavior**.

This term "the judges of which are entitled to hold office during good behavior" mirrors the language of Article III of the Constitution, which provides for life tenure of Article III judges.  Bankruptcy Judges do not have this privilege.  Bankruptcy courts are not Article III Courts but Article I.   Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

Congress intended section 451 to be a part of the bankruptcy court while enacting Bankruptcy Reform Act of 1978, however it was specifically deleted in a subsequent amendment.  Intention of the Congress was clear, it did not want to have bankruptcy court included as court of the United States, as the Congress realized pursuant to Norhtern Pipeline case, that it could not do so without staffing the bankruptcy court with permanent judges with life long tenure.  It is clear that the words of the legislature themselves are the most reliable source from which to ascertain legislative intent. *Unexcelled Chemical Corp. v. U.S.*, 345 U.S. 59, 73 S. Ct. 580, 97 L. Ed. 821 (1953); *Western Union Telegraph Co. v. Lenroot*, 323 U.S. 490, 65 S. Ct. 335, 89 L. Ed. 414 (1945); GAF Corp. v. Milstein, 453 F.2d 709, Fed. Sec. L. Rep. (CCH) P 93300 (2d Cir. 1971); *Matala v. Consolidation Coal Co.*, 647 F.2d 427, 1981 O.S.H. Dec. (CCH) P 25517, 60 A.L.R. Fed. 827 (4th Cir. 1981); *Printz v. U.S.*, 854 F. Supp. 1503 (D. Mont. 1994), aff'd in part, rev'd in part on other grounds, dismissed in part on other grounds, 66 F.3d 1025 (9th Cir. 1995), rev'd on other grounds, 521 U.S. 898, 117 S. Ct. 2365, 138 L. Ed. 2d 914 (1997).

Deletion from section 451 in subsequent amendment makes it more clear  and easy to determine what the legislative intent of the statute is, especially by considering sequential drafts of the legislation.  *Miccosukee Tribe of Indians of Florida v. U.S. Army Corps of Engineers*, 619 F.3d 1289 (11th Cir. 2010).

Bankruptcy courts have been held not to be "courts of the United States" in other statutory contexts. See, e.g., *In re Perroton,* 958 F.2d 889 (9th Cir. 1992) (28 U.S.C. § 1915). Applying the reasoning in Perroton, therefore, the phrase "court of the United States" in § 1927 must not include a bankruptcy court. A similar conclusion was reached by the Tenth Circuit in In re Courtesy Inns, Ltd., Inc., 40 F.3d 1084 (10th Cir. 1994), which relied upon the reasoning in Perroton to find that bankruptcy courts could not award § 1927 sanctions. The Perroton holding has been criticized in some other jurisdictions but no subsequent controlling authority has overruled it or held it inapplicable to cases involving § 1927 sanctions. Cf. In re Cascade Roads, 34 F.3d 756 (9th Cir. 1994) (expressing no opinion on whether a bankruptcy court was a "court of the United States" under the Equal Access to Justice Act, 28 U.S.C. § 2412, because the district court, not the bankruptcy court, invoked the statute; did not cite Perroton).

## Appointment Clause hints the bankruptcy judges to be inferior officer, thus not vested with Judicial Power as envisioned under 1927

Aricle II, § 2, clause 2, provides in pertinenent part : "[The President] shall nominate,  and by  and with the Advice  and Consent of the Senate, shall appoint . . . all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which sall be established by Law; but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Department."

Under the 1984 Bankruptcy Amendments and Federal Judgeship Act, Congress left the  appointment by the Courts of Law," as had been done with commissioners, registers, and referees.''"'  Congress left the appointment of inferior officers in the Courts of Law. Appointment by the Circuit court of the bankruptcy judges suggest that they are 'inferior officers.'  To be an"inferior" officer, one must be an officer, judicially defined as "any appointee exercising significant authority pursuant to the laws of the United States."' Buckley v. Valeo, 424 U.S. 1, 125-26 (1976).

Supreme Court in two landmark cases have adopted competing interpretations of "inferior." Morrison v. Olson interpreted "inferior officer" as one with "lesser" power and duties.' 487 U.S. 654, 670-73 (1988). Edmond v. United States interpreted "inferior officer" as one who is "subordinate" to a supervisor." 520 U.S. 651, 662-63 **(1997).**

The Supreme Court in Edmond v. United States mentioned: Generally speaking, the term "inferior officer"  connotes a relationship with some higher ranking officer or officer below the President: whether one is an "inferior" officer depends  on whether he has a superior."  Further, the Court made clear that " 'inferior officer'  are officers whose work is directed  and supervised at some level by others who were appointed by

4

presidential nomination with the advice and consent of the Senate." Here it is clear that the bankruptcy cases are filed with the District Court and then they are in turn referred to the bankruptcy courts for processing.   It is clear that when Congress vested the appointment of bankruptcy judges in the U.S. courts of appeals, it expressed its view that the judges are inferior officers.

If this bankruptcy court feels that it has power to avail the judicial power as contained in Title 28 regarding section 1927, then its appointment under excepting clause is not valid any more.

The fact that Article III is the court of the filing of the petition and district court has engaged the services of bankruptcy court in assisting them cannot be justifiable from a deeper structural values of Article III.  Functionality of the bankruptcy court as unit of the district court has also been denied on structural basis. See Northern Pipeline, Granfinanciera and Stern.  Justice Brennan's plurality opinion in 1982 in Northern Pipeline held that the Bankruptcy Act of 1978 violated Article III, Section 1 by vesting the "judicial power of the United States" in judges who lacked tenure and salary protections.  Although it acknowledged several longstanding exceptions to the prohibition on the exercise of federal judicial power by non-Article III judges—for territorial courts, courts-martial, and so-called "public rights" cases—the plurality concluded that Article III prohibits other types of legislative courts that exercise such power.

**Statute itself:**

Section 1927 requires that three essential elements be satisfied as a condition of liability: a multiplication of proceedings by an attorney, by conduct that can be characterized as "unreasonable and vexatious," resulting in an increase in the cost of the proceedings.

Let us examine this in light of its enactment.   What constitutes a multiplication of proceedings within the meaning of the statute?  Filing of counterclaim is, indeed, initiation of a proceeding and NOT a multiplication. This is clearly consistent with the text of § 1927, which addresses wrongful "multipli[cation] of the proceedings *in* any case" (emphasis added). Until there is a case, there is arguably nothing to multiply. *Sussman v. Bank of Israel*, 154 F.R.D. 68, 71 n. 2 (S.D.N.Y. 1994) *rev'd on other grounds*, 56 F.3d 450 (2d Cir. 1995).

Here the undersigned has moved to protect the dignity of the courts and check the abuses perpetrated by the trustees and her interested team of attorneys. Defending one's clients interest and fighting for the dignity does not mean bad faith. Unreasonable and vexatious must be of the level that amounts to bad faith in this

5

circuit. That a finding of bad faith is a precondition to the imposition of attorneys' fees under § 1927. In *Oliveri v. Thompson*, 803 F.2d 1265 (2d Cir. 1986), the Second Circuit held that a § 1927 sanction "must be supported by a finding of bad faith similar to that necessary to invoke the court's inherent power." Id. at 1273 (citation omitted). The *Oliveri* court elaborated that the only meaningful distinction between an award rendered under § 1927 and one made pursuant to the court's inherent power is that § 1927 sanctions are imposable only against attorneys while an inherent power award may be entered against an attorney, a party or both. Id.

The standard against which bad faith is judged, for purposes of inherent power sanctions, is quite high. *Adams v. Carlson*, 521 F.2d 168, 170 (7th Cir. 1975) ("The standards for bad faith are necessarily stringent"). *R.B. Ventures, Ltd. v. Shane*, 2000 U.S. Dist. LEXIS 10170, at *7 (S.D.N.Y. July 19, 2000). There must be " 'clear evidence' that the challenged actions 'are without color and [are taken] for reasons of harassment or delay or for other improper purposes.' " *Weinberger v. Kendrick*, 698 F.2d 61, 80 (2d Cir. 1982) ; Accord *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 253 (2d Cir. 1985) ; *Autorama Corp. v. Stewart*, 802 F.2d 1284, 1287-1288 (10th Cir. 1986) ; *Campana v. Muir*, 615 F. Supp. 871 (M.D. Pa. 1985) ; *Weir v. Lehman Newspapers, Inc.*, 105 F.R.D. 574 (D. Colo. 1985) ; *Allen v. Consolidated Rail Corp.*, No. 81 C 1802 (N.D. Ill. Feb. 25, 1982). *Fidelity Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co*., 2002 U.S. Dist. LEXIS 11915, at *29-*30 (N.D. Ill. July 1, 2002) ("Bad faith conduct generally involves oppressive or vexatious conduct, or attempts to perpetrate a fraud on the court"). Here in the case at bar, the trustee has not met her burden to prove bad faith.

As the trial before the District Court would show that the defendants have meritorious defense and claims, as the Trustee moved with the sole motive of threatening a family into submission.  Further, section 1927 sanctions are not appropriate merely because an attorney does not prevail on the merits with a particular pleading, motion or other effort. The statute is not an automatic fee shifting provision that is triggered merely because a lawyer loses a motion, proceeding or case. Losing on the merits, without more, does not warrant the imposition of § 1927 sanctions *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 337 (2d Cir. 1999) ("a claim that fails as a matter of law is not necessarily lacking any basis at all. A claim is colorable when it reasonably might be successful, while a claim lacks a colorable basis when it is utterly devoid of a legal or factual basis. Accordingly, judgment as a matter of law against a claim is a necessary, but not a sufficient, condition for a finding of a total lack of a colorable basis") (court's emphasis).

Fred Kantrow  has not been able to assert or establish a single cause of action to provoke section 1927 application.  Section 1927 does not create a separate and distinct cause of action.

Fred Kantrow cites several other motions paperwork filed by the undersigned,

however it is unclear what he wants to achieve by that. Those paperwork cited pertains to other cases and hence has no relation here. Fred Kantrow himself desperate to raise cash to meet his financial rehabilitation is a questionable candidate to represent the trustee in this action.

Under the circumstances, it is respectfully submitted that the case be referred to the District Court for proper adjudication, as this court does not have jurisdiction on the under underlying causes of action and section 1927.

Dated: April 23, 2012
New York New York

/s/karamvir dahiya

_____

Karamvir Dahiya, Esq.