The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Debra Kramer, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Avrum J. Rosen
Katherine Geraci

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re:

    SHAHARA KHAN,

                Debtor.

Chapter 7
Case No.: 10-46901-ess

------------------------------------------------------------------x
DEBRA KRAMER AS TRUSTEE OF THE ESTATE
OF SHAHARA KHAN,

                Plaintiff,

   -against-

TOZAMMEL H. MAHIA,

                Defendant.

Adv. Pro. No.: 11-1520-ess

------------------------------------------------------------------x

**PREHEARING STATEMENT FOR MOTION TO IMPOSE MONETARY SANCTIONS AS AGAINST KARAMVIR DAHIYA, ESQ. AND THE DAHIYA LAW OFFICES, LLC PURSUANT TO 28 U.S.C. 1927 AND 11 U.S.C. §105**

        Debra Kramer, as the chapter 7 trustee (the "Trustee") of the bankruptcy estate of Shahara Khan (the "Debtor"), the Plaintiff herein, by and through her counsel, The Law Offices of Avrum J. Rosen, PLLC, respectfully submits this **Prehearing Statement** ("**Prehearing Statement**" or **"Prehearing Order"**) pursuant to the Order of the Court issued on April 26, 2012, and states as follows:

**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

    1.    The Trustee does not know what facts Karamvir Dahiya, Esq., ("Dahiya")

1

and the Dahiya Law Offices, LLC ("DLO") would agree were not in dispute, however, the Trustee respectfully submits that the following facts should be in no genuine and legitimate dispute.

2. On July 22, 2010, (the "Petition Date") Shahara Khan (the "Debtor") filed a voluntary petition for relief from her creditors pursuant to Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

3. Debra Kramer, Esq. was appointed as the interim Trustee and thereafter did duly qualify as the permanent case Trustee.

4. Prior to the commencement of the instant chapter 7 case, the Debtor, along with Tozammel H. Mahia and a third party, Shamsum N. Rimi (collectively, the "Sellers") conveyed their interest in real property commonly known as 8727 110th Street, Richmond Hill, New York (the "Property"), via deed dated April 5, 2007, to Jany Sikder. [See Debtor's Statement of Financial Affairs at Exhibit "A".]

5. Consistent with the Trustee's fiduciary obligations and the Bankruptcy Code, the Trustee conducted a Section 341(a) Meeting of Creditors (the "341 Meeting) at which the Debtor appeared and was examined.

6. During the course of the Trustee's investigation into the Debtor's financial affairs and assets, Trustee and her counsel were provided with documents which included: (i) a closing statement (the "Closing Statement") as to the sale of the Property; [See Exhibit "E"] (ii) copies of the checks disbursed at the closing of the sale of the Property [See Exhibit "F"]; and (iii) the Debtor's 2007 tax returns.

7. In addition to the documents described above, the Trustee obtained a copy

of the deed (the "Deed") dated April 5, 2007, by which the titled owners of the Property, namely, Shawsum N. Rimi, Tozammel H. Mahia (the "Defendant" in the Adversary Proceeding) and Shahara Khan (the "Debtor") transferred their interest in the Property to Jany Sikder. [See Exhibit "B" and Exhibit "C," Form RP-5217NYC, the Real Property Transfer Report]

8.  The copies of the disbursement checks received by the Trustee with a letter from Debtor's counsel provided clear documentary evidence that despite having an ownership interest in the Property, the Debtor failed to receive any disbursement of proceeds at the closing. [See Exhibit "D."] Instead, the proceeds were all paid to Tozammel H. Mahia.

9.  From the documentary evidence provided, the Trustee determined that the estate had a cause of action against Tozammel H. Mahia to recover the alleged fraudulent conveyance of the Debtor's interest in the proceeds of sale of the Property for the benefit of creditors; to wit: the amount of the Debtor's distributive share of the proceeds realized upon the sale of the Property.

10. In the Trustee's routine practice, she retained counsel to commence and prosecute an action to recover the funds for the benefit of the creditors of the estate.

11. The Trustee, through her counsel, commenced the Adversary Proceeding (*Debra Kramer as Trustee of the Estate of Shahara Khan v. Tozammel H. Mahia*, Adv. Pro. No.: 11-1520-ess) to recover an alleged fraudulent conveyance for the benefit of the creditors of the estate. The Trustee relied upon her avoidance powers as set forth under section 544 of the Bankruptcy Code, New York Debtor and Creditor Law and common law principles of fraud and unjust enrichment. The complaint was filed commencing the Adversary Proceeding, and the summons and complaint were properly served upon the Defendant. [See Exhibit "G"]

12. The Defendant initially failed to answer or otherwise respond to the complaint. At the initial pre-trial conference, the Trustee appeared by one of her attorneys, and the Defendant appeared by Dahiya and the DLO.

13. Despite the fact that no answer had been interposed at that time, and despite the fact that by his own admission, Dahiya was first retained the morning of the hearing, he determined that it was appropriate to argue the merits of the case. In fact, he insisted that the Trustee could not prevail under the facts and circumstances asserted in the complaint. He further argued that the Trustee commenced an action against the Debtor's family member and that such an action was not warranted.

14. When finally filed, the Answer was a general denial to all of the allegations contained therein, and asserted fifteen (15) separate affirmative defenses. The Answer interposed two counterclaims. [See Exhibit "H']

15. The "Answer" is a personal attack on both the Trustee and her counsel. It is an attempt to refocus the Court's attention from the issues raised in the complaint, by raising frivolous allegations of constitutional violations and religious persecution; frivolous arguments of the Trustee's destruction of family units and alleged intentional wrongdoings by the Trustee and her counsel.

16. The Answer included counterclaims. The first counterclaim, entitled "First Counter-Claim Against Trustee for Abuse of Process" (the "Abuse of Process Claim") alleged that the Trustee brought the

> "action without basis, in fact or law," and "rather she chose this path to intimidate the family to extract a settlement from the helpless family. Section 341 provided ample opportunity for the trustee to examine the debtor, or she could have used

> other process to examine the debtor, however she deliberately did not do that, for a due diligence would have revealed that the debtor did not have any claims against the defendant and she would not have had the opportunity to sue a family and put them in fear. She wants money. Trustees in this District have started playing havoc with families. This law suit was not a recklessly file one, but a deliberate attempt to put a family in fear, so that they could be forced to have settlement. Helpless debtor here is sick and has no money to engage lawyers and is entirely dependent on his son defendant for day to day living. Since the debtors or defendants like here have no financial wherewithal to hire attorneys, they are forced to settle eroding all rights and defenses. Trustee here, has abused her power and so did the counsel for the trustee - they have indulged in an act that is contemptible form all aspects".

*See* Answer, ¶ 23.

17. Dahiya claimed that the Trustee and her counsel:

> acted deliberately, willfully, maliciously, oppressively and with callous and intentional disregard of their duties under the bankruptcy code and subjected defendant to unjust and extreme hardship, knowing that her conduct was substantially likely to vex, annoy, and injure defendant. As a result of this conduct, defendant is entitled to punitive damages".

*See* Answer, ¶¶ 25, 26 & 27.

18. As a result of the seriousness of the allegations asserted in the Abuse of Process Claim, the Trustee had to alert both her malpractice carrier as well as her insurer as to actions she took as a trustee. As a result of having alerted these insurance carriers and the carriers providing counsel to defend, the Trustee will be forced to incur costs. There are policy deductibles (in the amount of $2,500.00 each provided for in the two policies or $5,000.00 in the aggregate) that may be triggered. The Trustee will also incur risk inherent with obtaining continuing coverage at an increased cost. [See Exhibit "K"]

19. The Answer also asserted a second counterclaim against the Trustee for a "Constitutional Tort." Despite the Trustee's review of the Debtor's petition and schedules, and documents received from the Debtor, and the Debtor's testimony at the 341 Meeting, Dahiya

asserted that the Trustee failed to do her "homework" before bringing the action and "abused her powers."

20. The Constitutional Tort/alleged cause of action does not state any cognizable claim, as the Debtor voluntarily submitted herself and her assets to the jurisdiction and purview of the bankruptcy court.

21. Even after an extended period of time and "settlement discussions," Dahiya did not agree to withdraw the counterclaims against the Trustee. Rather, new counsel for the Defendant agree to the withdrawal of the counterclaims against the Trustee.

22. It is a pattern and practice of Dahiya, who, rather than addressing the merits of actions commenced by trustees to recover fraudulent and /or preferential actions, instead sues them for alleged abuse of process and other claims as a result of having commenced the actions. Dahiya has engaged in this practice in a number of cases. For example, Dahiya has raised similar counterclaims against Robert L. Pryor, a trustee serving in the Central Islip Court, R. Kenneth Barnard, also a trustee in Central Islip, and Robert L. Geltzer, a trustee serving in the Brooklyn Court. [See Exhibit "I" which encompassed Exhibits "A-C" that were annexed to the instant motion when filed.]

23. In *In re Leonid Chatkhan,* 10-46755-cec, and *Geltzer v. Dahia et al,* Adv. Pro. No. 11-1017-cec, Dahiya employed the same abusive tactics, made very similar arguments and asserted very similar accusations against the trustee. [See Exhibit "I" which encompasses Exhibit "B" which was annexed to the instant motion.]

24. The *Chatkhan* case further demonstrates that Dahiya is aware of the *Barton* Doctrine and is aware that in order to maintain an action against the Trustee herein, he is

6

required to obtain permission from this Court to do so; he has failed to do so in this case.

25. Dahiya engaged in similar tactics against Trustee Robert L. Pryor. In *In re Jennifer Pupo Santangelo*, 10-78726-ast, Dahiya again waged a campaign against Trustee Pryor, who commenced an adversary proceeding entitled *Robert L.Pryor, Chapter 7 Trustee of the Estate of Jennifer Pupo Santangelo v. Michael Santangelo,* Adv. Pro. No. 11-9096-ast, in which he sought to recover alleged prepetition transfers pursuant to sections 542, 544, 548, 550 and 551 of the Bankruptcy Code, as well as pursuant to New York Debtor and Creditor Law. [See Exhibit "I" which encompassed Exhibit "A" which was annexed to the instant motion.]

26. In the *Santangelo* matter, Dahiya filed a late answer and then asserted a counterclaim against the trustee for abuse of process. The trustee argued that the counterclaim failed to state a viable cause of action because the only process issued in the adversary proceeding was the summons and complaint, which were not capable of being abused, and that if Dahiya's allegation was one of malicious prosecution, such allegation would have been untimely because a claim for malicious prosecution lies only after a decision in the defendant's favor. See Exhibit "I" which encompassed Exhibit "A" which was annexed to the instant motion.]

27. Judge Trust, in his Decision and Order dated February 10, 2012, dismissed Dahiya's counterclaim for abuse of process as being untimely because the "adversary proceeding has not been finally terminated in the Defendant's favor, and because Defendant has not alleged any special injury." [See Exhibit "I" which encompassed Exhibit "A" annexed to the instant motion.]

28. As early as a month before filing the complaint, Dahiya had the Decision

and Order of Judge Trust instructing him that the cause of action for abuse of process which he sought to assert in the case before the Court is not ripe for adjudication.

29. In a case that was pending before the Hon. Jerome Feller, *In re Louis Stogianos*, Case No. 11-40832-jf, a case in which Debra Kramer serves as the Trustee, Dahiya engaged in a pattern and practice of frustrating the Trustee's administration of the estate as well as the rights of the creditors.

30. In *Stogianos*, the Trustee commenced an adversary proceeding to recover an alleged fraudulent conveyance of a taxi Medallion from the debtor to an entity controlled exclusively by the debtor for no consideration. Dahiya moved to withdraw the reference, and asserted counterclaims against the Trustee for abuse of process. Just recently, Dahiya agreed to dismiss the counterclaims asserted in that case.

31. Trustee R. Kenneth Barnard was also sued by Mr. Dahiya on the same grounds in the case entitled *Barnard v. Mohamed Arif and Lailun N. Shaikh*, Case No. 09-08315. (Copies of the pleadings are annexed hereto at Exhibit "I" which encompassed Exhibit "C" as annexed to the instant motion.] That case was settled. In each case, Dahiya attempts to use the withdrawal of the action as a bargaining chip to achieve other goals in the litigation.

32. Despite the fact that the Trustee has a fiduciary duty under the Bankruptcy Code to recover preferences to insiders and fraudulent conveyances for the benefit of creditors of a debtor's estate, based upon his counterclaims, Dahiya sought a temporary and then permanent injunction against this Trustee and her counsel from commencing any adversary proceeding before this Court against what he called "similarly situated defendants" in the Eastern District of New York unless the Trustee filed a statement establishing "probable cause" for commencing

such an action with a one page summary of arguments of probably cause. Moreover, he asked that this Court adopt such an amendment to the Local Rules that would provide for such a requirement.

33. A probable cause requirement is found in our criminal jurisprudence, and not in our civil system of justice. Arguing for such a change is not consistent with the requirement that a change in the current state of the law must be founded in a good faith belief that change is appropriate.

34. Section 1927 provides "any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct".

35. The Second Circuit Court of Appeals held in *Baker v. Latham Sparrowbush Associates (Matter of Cohoes Industrial Terminal, Inc.*), 931 F.2d 222, 230 (2d Cir. 1991) that "A bankruptcy court may impose sanctions pursuant to section 1927 if it finds that 'an attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." It has also been held that to establish that sanctions are warranted, the moving party must demonstrate that "an attorney has: (1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct". *Veneziano v. Long Island Fabrication & Supply Corp.,* 238 F. Supp. 2d 683, 693 (D.N.J. 2002).

36. Dahiya knew that the Trustee had conducted a reasonable inquiry in connection with her investigation of the alleged transfer by the Debtor to the Defendant.

Nevertheless, as in the other cases, Dahiya filed his improper motions and counterclaims. Consequently, the Trustee has been forced to defend herself against Dahiya's tactics and, in turn, move to sanction Dahiya for his actions.

37. This Court also has inherent authority to sanction Dahiya and DLO pursuant to 28 U.S.C. section 1927 as well as section 105 of the Bankruptcy Code. *See In re Grand Street Realty, LLC v. McCord,* 2005 US Dist. LEXIS 45314 (E.D.N.Y. 2005), in which the District Court affirmed a Bankruptcy Court decision sanctioning a creditor's law firm which impeded the administration of the assets of an estate. The Court set forth a four part test That test was: "(1) whether the Chapter 7 trustee acted in good faith to pursue his statutory duties; (2) whether the response by the objecting party was made in good faith; (3) whether that party had an opportunity to correct its course but failed to do so; and (4) whether the chapter 7 trustee or the bankruptcy estate was damaged by incurring unnecessary costs as a result of the objecting party's actions."

38. This adversary proceeding concerns an alleged fraudulent conveyance that the Trustee is required to pursue. The counterclaims were filed in bad faith, as there is no basis for them under the law. The Trustee has endeavored to have Dahiya withdraw these claims and Dahiya "stalled" in doing so, wanting to use them as leverage in this action. Dahiya never did.

39. The estate had to negotiate for weeks with Mr. Dahiya over these issues. Due to Dahiya's actions, there is the delay in the administration of this estate. The Debtor's bankruptcy estate has been damaged by the actions of Dahiya.

40. Trustee's counsel seeks an award of compensation pursuant to 28 U.S.C. Section 1927 in at least the amount of $18,336.00. [See Exhibit "K" with pertinent time entries

starred.]

## STATEMENT OF MATERIAL FACTS IN DISPUTE

41. Whether Dahiya and DLO, rather than addressing the merits of the action commenced by the Trustee to recover fraudulent and /or preferential actions, merely responded and sued the Trustee as a litigation tactic, making allegations which are completely without merit and were not included in the answer for any purpose other than to harass and intimidate the Trustee and her counsel; impose undue hardship upon the Trustee; frustrate the legitimate purpose of the bankruptcy process and to disparage the Trustee and her counsel.

42. Despite 28 U.S.C. Section 451 containing the definition of the term "court of the United States" to include "the Supreme Court of the United States, courts of appeals, district courts . . . and any court created by Act of Congress the judges of which are entitled to hold office during good behavior" and the fact that the bankruptcy courts are units of the district court and qualify as "courts of the United States," and the Second Circuit Court of Appeals ruling in *Baker v. Latham Sparrowbush Associates (Matter of Cohoes Industrial Terminal, Inc.)* , 931 F.2d 222, 230 (2d Cir. 1991) stating that bankruptcy courts may impose sanctions under 28 U.S.C. Section 1927, does the Court herein have jurisdiction to hear this motion.

43. Are sanctions warranted pursuant to section 1927 because Dahiya's actions were "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay. " *See Cohoes Industrial Terminal, Inc.*, 931 F.2d at 222.

44. Do Dahiya's actions herein satisfy each and every element to impose sanctions pursuant to section 1927–instead of determining an appropriate litigation strategy based
11

in fact and law and rather than offering evidentiary support to the Trustee and/or her counsel, that would establish a defense to the allegations raised in the adversary proceeding, Dahiya (i) asserted baseless counterclaims designed to unreasonably and vexatiously multiply the proceedings and the costs associated therewith, as well as delay the administration of the case; (ii) brought causes of action that he knows cannot be sustained as a matter of law; (iii) violated the *Barton* Doctrine, ignoring the trustees' quasi-judicial immunity; (iv) intentionally sued the Trustee, knowing that she would incur large legal bills and increased insurance premiums and (v) attempted by his actions to force a settlement in this valid action commenced by the Trustee in her fiduciary capacity.

## LEGAL AND FACTUAL ISSUES TO BE DECIDED BY THE COURT

45. Whether Dahiya and DLO's actions are those types of actions for which sanctions are warranted under 28 U.S.C. Section 1927, which provides that "any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct."

46. Whether Dahiya and DLO have (1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct."[1]

---

[1] *Veneziano v. Long Island Fabrication & Supply Corp.,* 238 F. Supp. 2d 683, 693 (D.N.J. 2002).

47. Whether Dahiya and DLO has asserted baseless counterclaims designed to unreasonably and vexatiously multiply the proceedings and the costs associated therewith, as well as delay the administration of the case.

48. Were the counterclaims filed by Dahiya in bad faith because the Trustee clearly had duties as set forth in section 704 of the Bankruptcy Code, such as the obligation to collect and reduce to money the property of the estate for which such trustee serves and to investigate the financial affairs of the debtor.

49. Whether Dahiya and DLO set forth causes of action that he knows cannot be sustained as a matter of law, such as seeking an injunction to prevent the Trustee from performing her statutorily mandated responsibilities, and suing the Trustee for some sort of unspecified "constitutional tort."

50. Did Dahiya and DLO violate the *Barton* Doctrine, (*Barton v. Barbour*, 104 U.S. 126, 131, 26 L. Ed. 672 (1881)) and ignore the Trustee's quasi-judicial immunity by bringing a suit against the Trustee and/or her attorneys without leave of the bankruptcy court.

51. Whether Dahiya and DLO have intentionally sued the Trustee, knowing that such suit will cause the Trustee to incur large legal bills and increased insurance premiums, as a litigation tactic to force settlements on valid actions commenced by the Trustee in her fiduciary capacity.

52. Whether the Bankruptcy Court may sanction Dahiya and DLO under section 105 of the Bankruptcy Code for actions which impeded the administration of the assets of the Debtor's estate under the four part test set forth in *In re Grand Street Realty, LLC v. McCord*, 2005 US Dist. LEXIS 45314 (E.D.N.Y. 2005):

(1) whether the Chapter 7 trustee acted in good faith to pursue his statutory duties; (2) whether the response by the objecting party was made in good faith; (3) whether that party had an opportunity to correct its course but failed to do so; and (4) whether the chapter 7 trustee or the bankruptcy estate was damaged by incurring unnecessary costs as a result of the objecting party's actions..

53. Since it is black letter law that an action for abuse of process cannot be brought until the complained of action has been determined in the defendant's favor, did Dahiya and DLO make these meritless allegations in order to harass and intimidate the Trustee and her counsel; impose undue hardship upon the Trustee; frustrate the legitimate purpose of the bankruptcy process; disparage the Trustee and her counsel; and generally avoid reaching the merits of the Adversary Proceeding.

54. Should the Trustee and her counsel be granted monetary damages for the time spent defending the baseless and meritless allegations made by Dahiya and DLO.

Dated: Huntington, New York
       June 1, 2012

                The Law Offices of Avrum J. Rosen, PLLC
                Attorneys for the Trustee

      BY:   *S/Avrum J. Rosen*
             Avrum J. Rosen
             Katherine Geraci
             38 New Street
             Huntington, New York 11743
             631 423 8527
             AJRlaw@aol.com

The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Debra Kramer, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Avrum J. Rosen
Katherine Geraci

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

       SHAHARA KHAN,

                      Debtor.
-----------------------------------------------------------------x
DEBRA KRAMER AS TRUSTEE OF THE ESTATE
OF SHAHARA KHAN,

                      Plaintiff,

   -against-

TOZAMMEL H. MAHIA,

                      Defendant.
-----------------------------------------------------------------x

Chapter 7
Case No.: 10-46901-ess

Adv. Pro. No.: 11-1520-ess

## LIST OF EXHIBITS

Exhibit A: Debtor's Statement of Financial Affairs in Case No.: 10-46901-ess.

Exhibit B: Deed to the real property located at 87-27 110 Street, Richmond Hill, New York 11418 (the "Real Property").

Exhibit C: Form RP-5217NYC (the Real Property Transfer Report).

Exhibit D: Letter dated August 17, 2010, from Debtor's counsel, Eugene M. Banta, Esq. With IRS Form 4797, Sales of Business Property

Exhibit E: Seller's Closing Statement in connection with the sale of the Real Property.

Exhibit F: Copies of the Checks in connection with the sale of the Real Property.

Exhibit G: Complaint in *Debra Kramer as Trustee of the Estate of Shahara Khan v. Tozammel*

1

*H. Mahia*, Adv. Pro. No.: 11-1520-ess

Exhibit H: Defendant's late-filed Answer

Exhibit I: Trustee's motion to impose monetary sanctions as against Karamvir Dahiya, Esq. and the Dahiya Law Offices, LLC pursuant to 28 U.S.C. 1927 and 11 U.S.C. §105, including Exhibits A-C to the Trustee's motion

Exhibit J: "Affirmation Regarding Debra Kramer's Frivolous Motion" by Karamvir Dahiya, Esq.

Exhibit K: Timeslips from The Law Offices of Avrum J. Rosen, PLLC

EXHIBITS ARE TOO LARGE

AVAILABLE FOR REVIEW AT
The Law Offices of Avrum J. Rosen, PLLC
Attorneys for the TRUSTEE
38 New Street
Huntington, New York 11743