**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x
In re:

SHAHARA KHAN,                                                                              Chapter 7

                                  Debtor.                                      Case No.: 10-46901-ess
-------------------------------------------------------------------------x
DEBRA KRAMER as Trustee of the Estate
Of Shahara Khan,

                                  Plaintiff,

        -against-                                                                  Adv. Pro. No. 11-1520-ess

TOZAMMEL H. MAHIA,

                                  Defendant
-------------------------------------------------------------------------x

**RESPONSE OF**
**KARAMVIR DAHIYA, ESQ. AND THE DAHIYA LAW OFFICES LLC TO**
**THE TRUSTEE'S APPLICATION TO IMPOSE MONETARY SANCTIONS**
**AS AGAINST KARAMVIR DAHIYA, ESQ. AND THE DAHIYA LAW**
<u>**OFFICES LLC PURSUANT TO 28 U.S.C. §1927 AND 11 U.S.C. §105**</u>

Karamvir Dahiya and the Dahiya Law Offices, LLC (collectively "Dahiya") hereby opposes the Motion of Debra Kramer (the "Trustee"), as the trustee of the bankruptcy estate of Shahara Khan (the "Debtor) to sanction Dahiya, pursuant to 28 U.S.C. § 1927 and 11 U.S.C. § 105 (the "Motion")

        The Motion must be denied because:

        - Dahiya did not multiply these proceeding

        - the counterclaims in this action (the "Counterclaims") satisfied the requirements of Fed.R, Bankr.P. 9011.  Dahiya had a factual and legal basis for the Counterclaims.

- the Court's inherent powers must be exercised in conformity with the Bankruptcy Code's provisions. Sanctioning Dahiya is contrary to the Bankruptcy Code's provisions.

## FACTUAL BACKGROUND

On July 22, 2010, the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of title 11 of the United States Code (the "Code").

The Panel Trustee was appointed as the trustee of the Debtor's estate.

The Trustee examined the debtor pursuant to 11 U.S.C.341 (the "341 Hearing").

The Trustee discovered that the Debtor's name appeared on a deed transferring real property at 87-27 110th Street, Richmond Hill, NY (the "Property") to an unrelated purchaser in 2007.

The names of the Debtor's son and daughter also appeared on the same deed.

The Property was listed on the Debtor's bankruptcy schedules.

In response to the Trustee's specific questions, the Debtor told the Trustee that (i) she had not received any of the proceeds from the sale of the Property, (ii) she had not provided any of the money for the down payment on the Property when it was acquired, (iii) she had not made any mortgage or property tax payments on the Property, and (iv) her son and daughter had lived at the Property. (Exhibit A, Audio Transcript of the 341 Hearing).

On or about December 3, 2011, the Trustee commenced this action to recover from the Debtor's son, Mahia, an alleged fraudulent conveyance.

2

The basis for this action was the Trustee's belief that the Debtor had an interest in the Property and that the Debtor did not receive her share of the proceeds from a sale of the Property.

On January 24, 2012, Dahiya filed a notice of appearance as representing Mahia in this case

On February 7, 2012, Dahiya filed an answer in the Adversary Proceeding (the "Answer"). The Answer contained (a) a general denial of the claims in the Trustee's complaint, (b) affirmative defenses, and (c) two counterclaims against the Trustee. Paragraph 21 the Answer asserted as an affirmative defense that the Debtor did not have any real ownership in the Property. The Answer also contained two Counterclaims: one for abuse of process and the other for a constitutional tort (the "Counterclaims"), based on the Trustee's decision to pursue Mahia to recover an alleged fraudulent conveyance without conducting any investigation into whether, on the facts known to the Trustee, the Debtor ever had a beneficial interest in the Property.

On or about March 19, 2012, despite discussion between Dahiya and the Trustee which might have led to a resolution of this dispute, the Trustee filed a motion to extend time to answer the counterclaims, "in addition for Sanctions under USC [sic] 28 Section 1927 Attorney Liability for Excessive Costs".

This was followed on March 24, 2012, by the Trustee's letter withdrawing her "application to schedule a hearing on an expedited basis" and by the filing of a "motion for Sanctions Under USC [sic] 29 Section 1927 Attorney Liability for Excessive Costs."

Without any intervening court proceedings, on April 23, 2012, Mahia filed a "Letter Terminating Prior Counsel" and obtained present counsel.

On April 23, 2012, the Counterclaims were withdrawn.

The Trustee never replied to or moved to dismiss the Counterclaims.

The Trustee filed the Motion March 24, 2012.

## ARGUMENT

The Motion contends that the Counterclaims filed had no basis in law or fact, and that Dahiya should have withdrawn the Counterclaims during the 6-week period between the filing of the Counterclaims and the Motion.

The Motion concludes that Dahiya's conduct in this case is sanctionable under 28 U.S.C. § 1927 ("Section 1927") and/or this Court's inherent power under Code § 105.

("Section 105") to police its own proceedings.

I. THE TRUSTEE SHOULD HAVE PROCEEDED UNDER B.R. 9011, WHICH SHE DID NOT BECAUSE ANY MOTION WOULD HAVE HAD TO AWAIT A TESTING OF THE MERITS OF THE INSTANT COUNTERCLAIMS AND BECAUSE SHE DID NOT PROVIDE THE NOTICE OF IMPENDING SANCTIONS REQUIRED BY B.R. 9011(c).

The Trustee's papers convey the impressions that she enjoys a wide range of choice in deciding whether to proceed under 28 U.S.C. §1927, 11 U.S.C. §105, or some other ground in seeking sanctions against Dahiya. This is error. Section 1927 is available only with respect to

4

conduct that "multiplies proceedings" in the case before the Court, or a possibly a case growing out of the case before the Court. It does not apply here, where only a single filing is being challenged by the Trustee, which itself was removed from the case within a month after the filing of the Motion for Sanctions and without intervening court proceedings. The court's power under Section 105 is broad but still limited to enforcing provisions of the Bankruptcy Code or the rules of the Court or preventing an "abuse of process". The Trustee in this case was not seeking sanctions for a violation of the Code or Court rules and cannot claim against "abuse of process" in these cicrumstances.

The Trustee's sole recourse when it filed the instant Motion would have been to test the merits of the disputed Counterclaims by motion to dismiss or, after discovery, motion for summary judgment. Only after prevailing on such a motion would it have been appropriate for the Trustee to consider seeking sanctions under B.R. Rule 9011, which "is designed to discourage pleadings that are 'frivolous, legally unreasonable, or without factual foundation." Haymaker v. Green Tree Consumer Discount Co., 166 B.R. 601, 606 (Bankr. W.D.Pa. 1994).

But even then, the Trustee would have had to file the Motion for Sanction 21 days after it had served the Motion on Dahiya. Rule 9011(c) provides: *"The motion for sanctions may not be filed with or presented to the court* unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected…." B.R. 9011(c) (emphasis added). [1] Informal communication does not suffice here: "the rule "requires the actual motion,

---

[1] There is an exception for the filing of a bankruptcy petition, which is not applicable to Dahiya's filing of the instant Counterclaims,

5

not a letter , to be served upon opposing counsel 21 days prior to the motion's filing for compliance with the rule.

No such 21-day prior service of the motion occurred in this case. Hence, the sanctions provided by the Rule are not available to the Trustee in this case. The Trustee's Motion must also be dismissed for lack of legal basis under 28 U.S.C. § 1927 or 11 U.S.C. § 105 .

II. THE TRUSTEE'S INVOCATION OF 28 U.S.C. § 1927 IS UNAVAILING HERE BECAUSE DAHIYA'S FILING OF THE INSTANT COUNTERCLAIMS, REMOVED FROM THE CASE WITHIN A MONTH AFTER THE TRUSTEE'S MOTION, WITHOUT ANY INTERVENING COURT PROCEEDINGS, DID NOT "MULTIPL[Y] PROCEEDINGS" IN THIS CASE, AS REQUIRED BY SECTION 1927.

As a matter of law, Section 1927 is unavailable to the Trustee in this case because a single filing – Dahiya's filing of the Counterclaims on February 7, 2012, -- resulting in the Trustee's Motion for Sanctions on March 24, 2012, and the ultimate removal of the Counterclaims from the case no later than April 23, 2012, without any intervening court proceedings during this entire period of time, does not constitute the "multipli[cation] of proceedings" in a single case required by Section 1927.

The Trustee understands this fatal, factual gap in her Section 1927 application and urges the Court to consider Dahiya's filings in other, unrelated cases. The decisions, however, clearly provide that the Court may consider under Section 1927 only Dahiya's conduct in the Adversary Proceeding or factually related proceedings such as the instant sanctions proceedings. It does not provide an occasion to aggregate assertions or even court determinations pertaining to Dahiya (not present) in factually unrelated cases. See DeBauche v. Trani, 191 F.3d 499, 511-12 (4th Cir. 1999); In re Schaefer Salt Recovery, Inc., 444 B.R. 286, 299-300 (Bankr. D.NJ 2011) (court may sanction only conduct occurring before the court); In re Galgano, 358 B.R. 90

6

(Bankr. S.D.N.Y. 2007) ("Of course, the Court has no authority to exercise either its inherent power or the power under Section 1927 to sanction a party for conduct that occurred before another court.").

    III.    THE TRUSTEE'S INVOCATION OF THE COURT'S INHERENT POWER UNDER 11 U.S.C. § 105 IS UNAVAILING HERE BECAUSE DAHIYA DID NOT VIOLATE THE BANKRUPTCY CODE OR THE BANKRUPTCY RULES AND ANY ASSERTION OF "ABUSE OF PROCESS" WAS PREMATURE IN THESE CIRCUMSTANCES.

The Trustee's invocation of the Court's inherent power under 11 U.S.C. §105 provides no further support for her Motion for Sanctions. It is, initially, doubtful that conduct that cannot be sanctioned under B.R. 9011 or 28 U.S.C. §1927 can be sanctioned as a matter of the Court's "inherent powers" under 11 U.S.C. § 105. Noncompliance with the Court's orders, of course, may be reached under Section 105, but it questionable whether for legally or factually unsupported court filings without more – when not reachable under B.R. 9011 or 28 U.S.C. §1927, can be reached under Section 105. This is because the Court's powers under Section 105 "shall be determined by reference to the provisions" of the Code relating to the Court; in other words, they are delimited by the provisions of the Code. Moreover, Section 105 contemplates actions "necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."  The instant Motion for Sanction is not predicated on a failure by Dahiya to comply with this Court's  orders or rules; and any claims purpose to deal with "an abuse of process" was plainly premature when no determination of the merits of the instant counterclaims had occurred or even been sought, let alone the occurrence of far more egregious circumstances than present in this case.

7

IV.	**THE TRUSTEE'S ASSERTIONS OF BAD FAITH[2] BY DAHIYA ARE MISPLACED OR FATALLY PREMATURE**

  A.	The So-called *Barton* Doctrine Did Not Require Dahiya to Obtain the Permission of This Court Before Bringing the Instant Counterclaims Against the Trustee in This Court.

The Trustee misstates the *Barton* doctrine and its application to this case. The *Barton* doctrine only applies to claims that are raised in a court other than the court that appointed the trustee against whom the claims are asserted. In re Lehal Realty Associates, 101 F.3d 272, 276 (2d Cir. 1996)(stating that Barton requires "leave of the appointing court before a suit may go forward *in another court* against the trustee." (emphasis added)); see also In re Kashani, 190 B.R. 875, 885 (9th Cir. BAP 1995) (holding that "leave to sue the trustee is required to sue in those federal courts *other than the bankruptcy court which actually approves the trustee's appointment.*") (emphasis added Peia v. Coan, 2006 U.S. Dist. LEXIS 12811 (E.D.N.Y. 2006)(stating that individual "must simply obtain leave of the court that appointed the trustee before suing the trustee *in another court*.") (emphasis added).

In this case, this Court was the court that appointed the Trustee as trustee of the Debtor's estate. This Court is also the court in which the Adversary Proceeding was brought. Accordingly, when Dahiya asserted the Counterclaims in the Answer he filed in the Adversary Proceeding, he was asserting those claims in the court that appointed the Trustee; as such, Dahiya was therefore not required to obtain leave from this Court to assert the Counterclaims.

---

[2] We note that on the issue of bad faith, the substantive standards of 18 U.S.C.§ 1927 and Section 105 are the same. *See In re Truong, 2008* Bankr. LEXIS 1267 (Bankr. S.D.NY. 2008) ("There is no meaningful difference between the type of conduct that is sanctionable under the Court's inherent power and under 28 U.S.C. §1927 because both require a similar finding of bad faith.").

B. The Allegations in the Instant Counterclaims Make Out One or More Colorable Claims Against the Trustee.

To find bad faith under Section 1927 or the Court's inherent powers the Court must find by clear evidence that the instant counterclaims were (i) entirely without color and (ii) brought for the purpose of harassment or delay or for other improper purposes. Eisemann v. Greene, 204 F.3d 393, 396 (2d Cir. 2000); Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 336 (2d Cir. 1999).

"A claim is deemed 'colorable' when, viewed in the light of the reasonable beliefs of the party making the claim, it has some amount of factual and legal support." McCune v. Rugged Entertainment LLC, 2010 U.D. Dist. LEXIS 30102 (E.D.N.Y. 2010). "The question is whether a reasonable attorney could have concluded that facts supporting the claim might be established, not whether such facts actually had been established." Nemeroff v. Abelson, 620 F.2d 339, 348 (2nd Cir. 1980)(overruled in part on other grounds).

In this case, Dahiya filed two counterclaims against the Trustee, one for abuse of process and the second for a constitutional tort. The counterclaims were both premised on the factual allegations that the Trustee failed to adequately investigate the Debtor's interest in the Property despite having knowledge of facts that raised questions about whether the Debtor was a beneficial owner of the Property, and that the Trustee filed the Adversary Proceeding in an attempt to obtain additional funds for the Debtor's estate without regard to whether the claims in the Adversary Proceeding had any basis in fact or law. (Answer ¶23).

The Trustee plainly had an obligation under Rule 9011, to investigate the Debtor's interest in the Property before instituting the Adversary Proceeding. The Trustee also had an obligation under B.R. 9011 to make "an inquiry reasonable under the circumstances" to

9

determine whether her contention that a "fraudulent conveyance" had occurred between the Debtor and Mahia had a reasonable basis in law and fact, *before* bringing a proceeding that necessarily placed a cloud on Mahia's title to the Property.

Dahiya did not act for a vexatious or bad-faith purpose in insisting that the Trustee have made a "reasonable factual investigation," In re Spickelmier, 469 B.R. 903, 910 (Bankr. ND. Nev. 2012),  including a possible B.R. 2004 examination; and that the Trustee's allegations against the Debtor and Mahia be "substantially justified" (by analogy to Bankruptcy Code § 523(d)).  "Without facts to back up its suit," a trustee's action is sanctionable under § 523(d) as an attempt "to coerce debtor into settling rather than litigating." FIA Card Services, N.A. v. Knoche (In re Shahdulla), 465 B.R. 511 (Bankr. D. Minn. 2012).

> C. To the Extent One of More of the Counterclaims was Premature, the Appropriate Remedy Would Have Been Dismissal Without Prejudice, Not the Imposition of Attorney Sanctions.

To the extent one or more of the instant Counterclaims was prematurely filed by Dahiya, the appropriate remedy would have been dismissal of the Counterclaim(s) without prejudice, not the imposition of sanctions against Dahiya.  From Dahiya's perspective, it was a question of how properly to preserve his client's concern that the allegations against Mahia were unfounded, and that the cloud on Mahia's title was legally improper.  With the benefit of hindsight, other courses of action perhaps should have been undertaken.

Much the same, if not more, can be said of the Trustee's Motion for Sanctions in this case; other courses should have been pursued before attempting to impugn Dahiya's professional reputation, without at least awaiting a determination on the merits and compliance with the 21-day opportunity to cure under B.R. 9011(c).

10

The following argument are made in the alternative, in the event the Court imposes sanctions on Dahiya.

### V.    THE TRUSTEE FAILED TO MITIGATE HER DAMAGES.

The Trustee has a duty to mitigate any damages she might suffer from Dahiya's conduct and may not be awarded any costs, expenses or fees that she could have avoided.  See, e.g., Topalian v. Ehrman, 3 F.3d 931, 937 (5th Cir. 1993) (party seeking costs and fees for defending against frivolous claims has a duty to mitigate those expenses, by correlating his response, in hours and funds expended, to the merit of the claims); Oliveri, 803 F.2d at 1280 ("As a general principle, it would be inequitable to permit a defendant to increase the amount of attorneys' fees recoverable as a sanction by unnecessarily defending against frivolous claims which could have been dismissed on motion without incurring the additional expense.").

In this case, the Trustee has failed to mitigate her costs and fees.  As the Trustee herself has acknowledged in her moving papers, other courts have dismissed counterclaims similar to the instant Counterclaims as premature, as Judge Trust did in Pryor v. Santangelo, but have not awarded damages against the party or attorney. .  A similar motion to dismiss in this case would have obviated much of the costs and fees the Trustee has incurred in this case, particularly the costs and fees associated with her motion for sanctions.  Because the Trustee failed to make such a motion, the Trustee should not be awarded any costs or expenses she has incurred because she did not make that motion.  See, e.g., Oliveri, 803 F.2d at 1279-1280 (sanctions inappropriate for a claim that could have been easily disposed of through a limited amount of discovery and for unnecessarily defending against frivolous claims which could have been dismissed on motion without incurring additional expense).

11

Additionally, other expenses the Trustee claims to have incurred, such as higher premiums and deductibles for her malpractice insurance are a cost of doing business and, like the additional maintenance and insurance expenses suffered in In re Spectee Group, Inc., cannot be recovered through sanctions.

Consequently, the majority of the costs and expenses the Trustee seeks to recover through sanctions are either self-imposed, entirely avoidable costs due to the Trustee's own choice in how to proceed in this case or are costs which cannot be recovered through sanctions. Accordingly, the Trustee is not entitled to all or most of the costs and fees she is claiming in her sanctions motion.

## VI.    THE TRUSTEE'S CONDUCT IS REPROACHABLLE

**Trustee's Motion is itself potentially sanctionable conduct.**

The Trustee appear to have not conducted an adequate investigation into the Debtor's interest in the Property. In failing to do so, she may have violated Federal Rule of Bankruptcy Procedure 9011. Rule 9011 imposes a duty to conduct a reasonable factual investigation as well as to perform adequate legal research that confirms that his position is warranted by existing law. In re Spickelmier, 2012 WL1190295 (Bankr. D.Nev. 2012).

As a result of the Debtor's answers in the 341 Hearing, the Trustee, had facts that tended to indicate that the Debtor had only a legal, and no equitable, interest in the Property. As such, further investigation was warranted, such as requesting and reviewing the Debtor's prior years' tax returns to see if the Debtor had reported any income or claimed any deductions, such as for mortgage interest, in connection with the Property. Further investigation may have also uncovered further evidence tending to show, or refute, that someone other than the Debtor used

12

Case 1:13-cv-03079-DLI   Document 1-23   Filed 05/24/13   Page 13 of 20 PageID #: 383

and controlled the Property. The failure to conduct such an investigation is therefore arguably a violation of Rule 9011. Although the Trustee and The Trustee may not now be sanctionable under Rule 9011, the fact that their conduct may have violated that rule is evidence tending to show that they engaged in conduct that may be sanctionable under Section 1927 or the Court's inherent powers.

With respect to the Trustee's motion for sanctions against Dahiya, The Trustee's conduct in asserting the claims for sanctions arguably multiplied the proceedings in this case unreasonably and vexatiously, and in bad faith. First, The Trustee has multiplied the proceedings in this case by bringing a sanctions motion to complain about counterclaims that could have been easily handled with a motion to dismiss. Second, The Trustee's conduct appears to be unreasonable and vexatious inasmuch as she has misstated several applicable legal rules, such as whether the <u>Barton</u> doctrine bars the Counterclaims, and has based most of her claims to sanctions on conduct in other cases that, under well-established case law precedent, is not relevant to the issue of sanctions in this case. Given that there is no real legal or factual basis to The Trustee's claims in the sanctions motion, and that should have known this had she conducted adequate legal research, The Trustee's purpose in bringing the sanctions motion appears to be to harass and retaliate against Dahiya for his zealous representation of consumer bankruptcy clients before all of the bankruptcy courts in which Dahiya practices, not just in this Court.

That sort of conduct, which appears to be intended to chill Dahiya's zeal in representing consumer bankruptcy clients – precisely the type of client who most needs a zealous advocate – is just the sort of improper purpose that sanctions under Section 1927 and the Court's inherent powers are intended to prevent. Accordingly, it is respectfully submitted that the Court consider whether to sanction the Trustee and Rosen for their conduct in this case.

13

An important issue involving Judicial Code Section 1927 is whether a bankruptcy court has jurisdiction to impose sanctions under this statute. The U.S. Court of Appeals for the Tenth Circuit in <u>Jones v. Bank of Santa Fe</u>, 40 F.3d 1084 (10th Cir. 1994) ruled that a bankruptcy court lacked jurisdiction to issue sanctions under Section 1927.

The court had to determine whether a bankruptcy court was a court of the United States. As part of analysis, the court examined Judicial Code section 451, which contained a definition of the phrase "court of the United States" and was applicable to all of the provisions in the Judicial Code. Section 451 states:

> The term "court of the United States" includes the Supreme Court of the United States, courts of appeals and district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior.
>
> 28 USC 451.

Judicial Code section 451 restricted courts of the United States to courts in which judges had lifetime appointments. Bankruptcy judges were appointed for 14 years. The Tenth Circuit concluded that the failure of bankruptcy judges to serve with lifetime tenure precluded bankruptcy judges from utilizing Section 1927.

The United States Court of Appeals has ruled that under Judicial Code section 451 that the bankruptcy court is not a court of the United States. <u>Perroton v. Gray (In re Perroton)</u>, 958 F.2d 889 (9th Cir. 1992).

The Third Circuit Court of Appeals has held that a bankruptcy court has jurisdiction to issue sanctions under Section 1927. <u>In re Schaefer Salt Recovery, Inc.</u>, 542 F.3d 90 (3rd Cir. 2008). The court stated:

14

> We find that although a bankruptcy court is not a "court of the United States" within the meaning of § 451, it is a unit of the district court, which is a "court of the United States," and thus the bankruptcy court comes within the scope of §451. Under 28 U.S.C. § 157 and the Standing Order of the United States District Court for the District of New Jersey, which delegate authority to the bankruptcy courts in the District of New Jersey to hear Title 11 cases as well as "any and all proceedings" necessary to hear and decide those cases, the Bankruptcy Court had the authority to impose sanctions against Khoudary under § 1927.

542 F.3d 105.

Another relevant decision is In re Volpert, 110 F.3d 494 (7th Cir. 1997). There, the Seventh Circuit Court of Appeals discussed whether a bankruptcy court had jurisdiction to impose sanctions under Section 1927. The court analyzed section 451:

> Bankruptcy courts are not listed explicitly in the section. Nor are bankruptcy courts "district courts constituted by chapter 5 of [Title 28]," for bankruptcy courts are constituted by chapter 6 of Title 28. Likewise, bankruptcy judges are not "entitled to hold office during good behavior." Rather, they serve a specified term of 14 years. Moreover, as the Ninth Circuit has noted, because the "good behavior" language contained in § 451 mirrors that contained in Article III, it is reasonable to infer that the phrase "court[s] of the United States" denotes Article III courts whose judges have life tenure and may be removed only by impeachment. Therefore, a bankruptcy court is not a "court of the United States" within the strict meaning of §451.

Id. at 498.

The court declined to employ Judicial Code section 1927 to impose sanctions. The Seventh Circuit affirmed the judgment based on a bankruptcy court's authority to issue sanctions pursuant to Bankruptcy Code §105(a).

In First Weber Group, Inc. v. Horsfall (In re Horsfall), 2011 WL 5865454 (Bankr. WD Wis. 2011) the court questioned whether post Stern v. Marshall, a bankruptcy court had jurisdiction to issue sanctions under Section 1927.

15

In <u>In re Cohoes Indus. Terminal Inc.</u>, 931 F.2d 222 (2d Cir. 1991) the Second Circuit stated that a bankruptcy court may impose sanction. However, the court never addressed the Judicial Code Section 451 issue.

In <u>Stone v. Casiello (In re Casiello)</u>, 333 B.R. 571 (Bankr. D. Mass. 2005) the court ruled that because a bankruptcy court is a unit of the district court it had jurisdiction to issue sanctions under Section 1927.

Based on the foregoing, it is respectfully submitted that this Court does not have the Constitutional power to impose sanctions under Section 1927. Because the Second Circuit's statement in <u>In re Cohoes Indus. Terminal, Inc.</u>, was made without any analysis, it should be entitled to little binding effect and this Court should therefore hold that it does not have the Constitutional power to impose sanctions under Section 1927.

## CONCLUSION

Based on the foregoing, it is respectfully submitted that the Trustee's motion for sanctions be denied in its entirety, and that the Court give due consideration to whether the Trustee and Rosen are subject to sanctions under Section 1927 and the Court's inherent power.

Dated: September 10, 2012
New York New York                                         /s/karamvir dahiya
                                                          _____
                                                          Karamvir Dahiya, Esq.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x

In re:                                                                                                    Chapter 7

SHAHARA KHAN                                                               Case No.: 10-46901-ess

                Debtor.

------------------------------------------------------------------------x

DEBRA KRAMER as Trustee of the Estate
Of Shahara Khan,
                Plaintiff,
       -against-                                                                       Adv. Pro. No. 11-1520-ess

TOZAMMEL H. MAHIA,

                Defendant

------------------------------------------------------------------------x

DECLARATION OF KARAMVIR DAHIYA IN OPPOSITION TO TRUSTEE'S
MOTION FOR SANCTIONS

      **KARAMVIR DAHIYA**, pursuant to Judicial Code Section 1746 declares the following

to be true and correct under penalty of perjury:

1.     I am the former attorney of record in this adversary proceeding. Unless otherwise stated I have personal knowledge of the facts contained in this Declaration.

2.     I represented Mr. Mahia in this adversary proceeding.

3.     Prior to filing Mr. Mahia's responsive pleading I conducted a factual and legal investigation.

4.     Based upon the interviews that I conducted and the documents that I reviewed I came to the conclusion that the Debtor only held bare legal title to the property which was this

1

actions subject (the "Property").

5. At the 341 Meeting, the Debtor responded to the Trustee's questions stating that she contributed no money for the down- payment on the Property, paid no mortgage or property tax payments on the Property, and that her children lived at the Property.

6. Prior to filing this action, the Trustee took no Federal Rule of Bankruptcy Procedure 2004 examination of the Debtor or Defendant.

7. I reviewed the Complaint in this action.

8. I also reviewed the facts concerning the transaction complained of in the Complaint.

9. I interviewed the Debtor and Defendant.

10. I reviewed pertinent documents, including tax returns that were signed under penalty of perjury.

11. It was apparent that the Debtor held only bare legal title to the Property. She had no equity interest in it.

12. This review of facts revealed that the Complaint was not well grounded in fact.

13. I concluded that the action was frivolous and intended to harass the Debtor and Defendant into a settlement.

14. My clients are working people and cannot afford even minimal litigation legal fees.

15. I saw this as a strike suit that was unwarranted because there was no factual basis to support it.

16. I have a duty to zealously represent my clients.

17. I believed that a counterclaim was warranted due to the frivolous and oppressive action.

18. By filing the counterclaim I was zealously representing my clients.

19. Before filing the Counterclaims I performed at least fifteen hours of legal research to

2

confirm their legal underpinnings.

20. The Trustee did not send me a "safe harbor letter" under Federal Rule of Bankruptcy Procedure 9011, requesting me to withdraw the counterclaim.

21. The Trustee did not move to dismiss the counterclaim.

22. The Trustee did not reply to the counterclaim and then move for summary judgment.

23. The Trustee made no motion pursuant to Federal Rule of Bankruptcy Procedure 9011 alleging that the counterclaim was frivolous or interposed for an improper purpose.

24. Instead, the Trustee filed this Motion.

25. The Court's docket shows the Trustee taking no apparent action to prosecute this action since it was filed in December, 2011

26. If the Trustee had evidence supporting a prima facie case, a motion for summary judgment would probably have been made by now.

27. It appears that the Trustee's Motion was meant to intimidate me from zealously protecting the rights of my clients.

28. Trustees should be prohibited from filing frivolous lawsuits against impecunious consumer debtors and their families with the expectation of extracting a settlement.

29. My clients are immigrants and they are entitled to the law's protections.

30. I read different articles on constitutional tort, as well as book on constitutional law by Professor Tribe, "American Constitutional law," Second Edition. I read jurisprudence behind abuse of process and malicious prosecution claims. I also researched differences between these two causes of action. I read book on Tort law by Russell L. Weaver, John H. Bauman, John T. Cross Andrew R. Klein Edward C. Martin, Paul J. Zwier. Anderson Publishing Company (2003). I also read book on Ninth Amendment titled as "Retained

by the People: the "Silent" Ninth Amendment and the constitutional Rights American Don't know they have," by Daniel Farber (2007). I am also read articles by Professor Akhil Amar of Yale Law School on the issue of Article III protection and constitutional rights. On the issue of bankruptcy jurisdiction I researched on papers written by Professor Richard Fallon of Harvard Law School and his book on Federal Jurisdiction. I researched into articles by Professor Paul Bator, HLA Hart and Martin Redish, among others on the federal judiciary and judicial powers.

31. Minority Immigrants are very vulnerable class and I as a member of the bar feel that it is utmost duty and moral obligation that they be represented zealously and dignity. I have done my research about this case and law behind the counterclaim. I feel that this lawsuit by the trustee was not warranted and least of all this threat of motion for sanction to silence the speech crying for justice.

Dated: New York, New York
September 10, 2012

*Karamvir Dahiya*
Karamvir Dihiya

4