**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
In re:

SHAHARA KHAN,                                                                                               Chapter 7

                                  Debtor.                                             Case No.: 10-46901-ess
------------------------------------------------------------------------x
DEBRA KRAMER as Trustee of the Estate
Of Shahara Khan,
                                Plaintiff,

       -against-                                                                                   Adv. Pro. No. 11-1520-ess

TOZAMMEL H. MAHIA,
                                Defendant
------------------------------------------------------------------------x

**PREHEARING STATEMENT FOR RESPONSE TO MOTION TO IMPOSE**
**MONETARY SANCTIONS AS AGAINST KARAMVIR DAHIYA, ESQ. AND THE**
**DAHIYA LAW OFFICES LLC PURSUANT TO 28 U.S.C. 1927 AND 11 U.S.C. 105**

      Karam Dahiya and the Dahiya Law Offices LLC (collectively, "Karam"), former counsel to the Defendant herein, respectfully submits this prehearing statement (the "Prehearing Statement") pursuant to Order of the Court and states as follows:

**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

1.    Karam has reviewed the prehearing statement of Debra Kramer (the "Trustee"). Any statement in this Prehearing Statement that relates to a statement in the Trustee's prehearing statement will be indicated by appending the paragraph number of the Trustee's statement to the correlative statement in this Prehearing Statement.

2.    The facts stated by the Trustee in paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 19, 32, and 40 are not in dispute.

3.  At the 341 Meeting in response to the Trustee's questions the Debtor stated that the Debtor had not contributed any money for the down payment on the Property, had not made any mortgage or property tax payments on the Property, and that her children had lived in the Property. (Trustee's paragraph 5).

4.  The answer filed in the Adversary Proceeding included the affirmative defense that the Debtor had only bare legal title to the Property and had no beneficial or equitable interest in the Property. (Trustee's paragraph 14).

5.  Judge Trust in the adversary proceeding <u>Pryor v. Santangelo</u>, Adv. Proc. No. 11-9096-ast, dismissed a counterclaim for abuse of process on the ground that the claim was premature and granted Karam leave to reassert the claim when it ripened. (Trustee's paragraph 27).

6.  The Trustee twice asked Karam to stipulate to extend the time for the Trustee to answer, move, or otherwise respond to the counterclaims, ultimately agreeing to extend the Trustee's time to May 4, 2012.

7.  On March 20, 2012, the Trustee sent Karam her second stipulation to extend the time for the Trustee to respond to the counterclaims.

8.  On March 24, 2012, the Trustee filed with the Court her motion for sanctions against Karam.

9.  The Trustee disclosed her actions as Trustee to her malpractice carrier and her insurer. The Trustee has alleged that she will incur increased deductibles and premiums as a result of her disclosure. (Trustee's Paragraph 18).

## STATEMENT OF MATERIAL FACTS IN DISPUTE

10. The facts stated by the Trustee in paragraphs 15, 20, 22, 23, 24, 25, 26, 28, 29, 30, 31, 33, 36, 38, and 39 are in dispute. With respect to the facts stated by the Trustee in paragraphs 22 to 26, inclusive, and 28 to 31, inclusive, the proceedings referred to in those paragraphs are not relevant to the Trustee's motion for sanctions.

11. The Trustee's allegation that she was forced to disclose her actions as Trustee to her malpractice carrier and insurer because of the seriousness of the allegations in the abuse of process claim.

12. The Trustee's allegation that any increased deductible or premium costs she may incur are the result of Karam's conduct and not the result of the Trustee's conduct in other unrelated cases. (Trustee's paragraph 18).

13. The Trustee's allegation that settlement discussions took place over an extended period of time. Settlement discussions took place over the relatively short period of a month, during which time the Trustee twice asked Karam to extend the time for the Trustee to answer, move or otherwise respond to the counterclaims. (Trustee's paragraph 21).

14. The concept of probable cause is found in the civil legal system. Probable cause is an element of malicious civil prosecution in New York and therefore arguing for that concept to be applied in other areas of civil law is founded on a good faith belief that the concept is appropriate. (Trustee's paragraph 33).

15. The Trustee did not conduct a reasonable inquiry in connection with her investigation of the alleged transfer by the Debtor to the Defendant because the Trustee never took into

3

account the facts she had obtained from the Debtor indicating that there was a significant question about whether the Debtor held only bare legal title to the Property and had no beneficial or equitable interest in the Property. (Trustee's paragraph 36).

16. Karam had a good faith belief that the Trustee had not conducted a reasonable inquiry based on his knowledge of the same facts that raised a significant question about Debtor's interest in the Property and his reasonable belief that the Trustee had not given any regard to those facts in her investigation. (Trustee's paragraph 36).

17. Paragraphs 34, 35, 37, 41, 42, 43, and 44 are statements or conclusions of law, not statements of fact.

## LEGAL AND FACTUAL ISSUES TO BE DECIDED BY THE COURT

18. Court may not sanction Dahiya and his office for his conduct in other cases.

19. Whether Karam's conduct in the adversary proceeding cannot be sanctioned 28 U.S.C. 1927 because his conduct did not unreasonably and vexatiously multiply the proceedings in the Adversary Proceeding.

20. Whether Karam's in the Adversary Proceeding was not bad faith and therefor cannot be sanctioned under 28 U.S.C. 1927 or the courts inherent powers under 11 U.S.C. 105, because the counterclaims had a colorable basis and Karam brought them in good faith as a zealous advocate for his consumer debtor clients.

21. Whether the Trustee is not entitled to any amount under either 28 USC 1927 or the Court's inherent power because (a) the Trustee failed to mitigate her damages and (b) the damages

claimed by the Trustee were not caused by Karam's conduct in the Adversary Proceeding for the purposes of 28 USC 1927 or the Court's inherent powers.

Dated: New York New York
September 10, 2012                                     /s/karamvir dahiya
                                                       _____
                                                       Karamvir Dahiya, Esq.