The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Debra Kramer, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Avrum J. Rosen
Fred Kantrow

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

RETURN DATE: 9/13/12
TIME: **1:30 P.m.**

-----------------------------------------------------------x
In re:

SHAHARA KHAN,

Chapter 7

Case No.: 10-46901-ess

                    Debtor.
-----------------------------------------------------------x
DEBRA KRAMER as Trustee of the Estate
Of Shahara Khan,

                    Plaintiff,

Adv. Pro. No. 11-1520-ess

    -against-

TOZAMMEL H. MAHIA,

                  Defendant
-----------------------------------------------------------x

### TRUSTEE'S REPLY TO THE OPPOSITION TO THE APPLICATION SEEKING THE ENTRY OF AN ORDER
### IMPOSING MONETARY SANCTIONS AS AGAINST KARAMVIR DAHIYA, ESQ. AND THE DAHIYA LAW OFFICES, LLC
### PURSUANT TO 28 U.S.C. 1927 AND 11 U.S.C. §105

TO:  THE HONORABLE ELIZABETH S. STONG
       UNITED STATES BANRKUPTCY JUDGE

      Debra Kramer, the chapter 7 trustee (the õTrusteeö) of the bankruptcy estate of Shahara

Khan (the õDebtorö), by and through her counsel, The Law Offices of Avrum J. Rosen,

PLLC, respectfully submits this Reply to the Opposition to the Application, seeking (i) the

entry of an Order imposing monetary sanctions as against Karamvir Dahiya, Esq.,

1

("Dahiya") and the Dahiya Law Offices, LLC ("DLO") pursuant to 28 U.S.C. § 1927 and 11 U.S.C. §105, and respectfully states as follows:

1. Dahia and DLO have filed a response to the motion. At the outset, it must be noted that the Opposition, though obviously "ghosted" in part, by Mr. Greenwald, was neither signed nor filed by him. This is troubling on several fronts. First, Mr. Greenwald appeared for Dahiya and DLO and requested and received two adjournments to file opposition. Second, the **only** reason those adjournments were granted at all was because of the representation that Dahiya and DLO were getting counsel. Third, because it is prohibited under the ethical canons to prepare papers and not to sign same. Fourth, because the papers address issues, which the Court has already stated, were not before it.

2. The response itself is even more troubling. The response demonstrates that Dahiya and DLO are unrepentant and have no intention of modifying their *modes operandi* of attacking Chapter 7 Trustees in general, and specifically, Ms. Kramer. Despite this Court's repeated warnings that this case was **not** about the perceived abuses by Chapter 7 trustees, Dahiya and DLO, will not leave that subject alone. They persist in their own personal crusade and believe that their actions were appropriate. This intransigence itself, compels that the Court grant the motion. To rule otherwise will merely encourage Mr. Dahiya to persist in this course of conduct.

3. The opposition is replete with inconsistent statements and contradictory positions. It still insists that this Court does not have jurisdiction over a §1927 action, while citing the cases from this circuit that clearly state the opposite. Moreover, they request

sanctions against the undersigned and Ms. Kramer (though they cite no authority for same). They assert that they did not need court approval to sue the Trustee because this is the appointing Court, yet they ignore the fact that they asserted that this Court did not have jurisdiction to adjudicate the matter. They explicitly stated they were moving to withdraw the reference.

4. The Opposition, in a section obviously written by Mr. Greenwald, raises the issue of whether or not the multiplication of proceedings have to all take place within the same case. It is asserted that they must. A string cite is provided. None of the cases are actually discussed.

5. A review of those cases, and cases citing those cases, demonstrate that the Objectants have it backwards. There are several distinct issues. In several of the cases, pecuniary damages for transgressions before other courts were sought before the bankruptcy courts. In each cited case, the court declined to award those damages. This was based upon notions of comity and on jurisdictional grounds as well as a determination of who was best suited to evaluate the questioned behavior. *In re Schaefer Salt Recovery, Inc.* 444. B.R. 286, 298-299 (Bktry., D.N.J.) *In re Galgano III* 358 B.R. 90, 104 ( S.D.N.Y. Jan. 5, 2007); *In re Mac Truong,* 2008 Bankr. LEXIS 1267 (S.D.N.Y. April 14, 2008) at 6-7. In this case, the Trustee did not seek any recompense for the damages from other actions, only for the damages in this case.

6. The second issue is whether or not the courts could review the behavior before other courts as part of the abusive behavior. In virtually every case, that is exactly what the courts did. In *Schaefer* the issue was repeat filings to obtain a stay of a foreclosure

sale. Indeed, in that case, the Court had originally determined it did not have jurisdiction to sanction for several reasons, even though the conduct was clearly sanctionable. The District Court affirmed and the Third Circuit reversed. (543 F.3d 90, 2008). Thus, the offending conduct happened in more than one case. In *Mac Truong*, Judge Peck considered all of the multiple proceedings by the debtor (a disbarred attorney). He found that he could, and did find him liable under his inherent powers, but differed to Judge Winfield for a remedy, as most of the multiple filings had occurred before her court. Indeed, Judge Winfield used her powers to fashion one of the remedies sought here, an injunction from filing certain actions. *In re Mac Truong,* 2008 Bankr. LEXIS 478 (D.N.J. February 14, 2008). Even Judge Morris, in denying sanctions in *Galgano III,* considered all of the litigation between the parties, in multiple fora, in determining that a sanctions award would lead to more, not less litigation. *Id.* at 14. The critical element for that Court was whether or not the State Court actions were related to the action in the Bankruptcy Court. In this case, we have repeated actions before different judges in the same Court. There are no issues of comity. There are important issues of judicial economy and supervision of the bar that practices before this Court.

7. Thirdly, the courts examined what that section (and the concurrent authority pursuant to §105) was designed to do and what steps would best effectuate the deterrent effect of the statute. Judge Morris found that in the context of an acrimonious matrimonial, awarding sanctions would throw gasoline on the fire. Judge Winfield had to reach across all judicial boundaries to issue blanket injunctions to stop abuses of the system.

In each case, the Court looked at what was required to prevent a repetition of the prohibited behavior. Here, the Opposition makes it plain that Dahiya and DOL have no intentions of stopping their course of action in filing frivolous actions against this, and other, trustees. The Court will recall that he admitted in open court that this was done to obtain leverage against trustees to force settlements. There is no dispute that this constitutes bad faith under the statute. The opposition does not dispute that Judge Trust ruled on these precise issues or the state of the law on suing trustees and abuse of process. Dahiya's bibliography of what he has read to come to his conclusions would be laughable if the repercussions of his antics were not so serious.

8. Fourth, the Objectants misconstrue the definition of what an "action" is for purposes of the statute and the Court's inherent authority. The "actions" are the repeated counterclaims against this and other trustees for blatantly insufficient counter-claims. The cases cited above clearly demonstrate that courts can consider a wide array of activities, in many different courts, to determine the bad faith of an attorney or a party. The limitation is the extent of the damages that can be awarded. This Trustee seeks only the damages in this case. To accept Objectants' argument is to agree that they are free, with each new client, to file the same frivolous counterclaims and there are no repercussions to them. That is not the methodology that any of the aforementioned cases utilized in administering those cases, nor should this Court adopt such a position. This Court does not exist in a vacuum.

9. This argument leads to the argument made by Dahiya and DOL. That argument is that this action is precluded by the fact that the Trustee did not resort to Rule 9011

sanctions and/or make a motion to dismiss the complaint. This argument misses the point. Once the Trustee is sued, she must report it to her carrier. Once it is reported, and a motion is made, she incurs the deductible and her rating is impacted. That is exactly what occurred here. This case represented the second action brought by Dahiya and DOL against the Trustee in a short period of time. The act of reporting it resulted in a rise in premiums and a doubling of the deductible. In short, Dahiya and DOL would require the Trustee not to mitigate her damages, but rather to increase them as a predicate to bringing an action. Thus, they get their leverage, with no recourse available to the Trustee.

10. Lastly, it must be noted that Dahiya has done none of the things that he represented to this Court he would do. No letter was sent advising that he had sought help from the Bar Association for his admitted inability to meet the needs of his clients. A review of the dockets in his cases shows that he continues to neglect his clients. His filing of his own response was done because one assumes that Mr. Greenwald would not put his name on the papers due to their content. The vitriol continues unabated.

## CONCLUSION

11. For all of the reasons stated herein, the Trustee respectfully requests that the Court grant the Trustee's application and enter an Order imposing sanctions as against Dahiya and DLO pursuant to 28 U.S.C. §1927 and 11 U.S.C. §105, together with such other and further relief that this Court deems just and proper under the circumstances herein.

Dated: Huntington, New York
       September 11, 2012

                           The Law Offices of Avrum J. Rosen, PLLC
                           Attorneys for the Trustee

            BY:    S/Avrum J. Rosen
                         Avrum J. Rosen
                         38 New Street
                         Huntington, New York 11743
                         631 423 8527
                         ajrlaw@aol.com