**THE LAW OFFICES OF**
**AVRUM J. ROSEN**, **PLLC**
ATTORNEYS AT LAW
38 NEW STREET
HUNTINGTON, NEW YORK 11743
..............
Telephone (631) 423-8527
Facsimile (631) 423-4536
e-mail address: ajrlaw@aol.com

AVRUM J. ROSEN                                                                  ALLAN B. MENDELSOHN *
FRED S. KANTROW                                                                 MICHAEL J. O'SULLIVAN*
                                                                                (* *of counsel* )
KIMBERLY I. BERSON
DEBORAH L. DOBBIN
GEORGE N. BARA
KATHERINE A. GERACI

October 24, 2012

Hon. Elizabeth S. Stong
United States Bankruptcy Judge
United States Bankruptcy Court
271 Cadman Plaza East
Brooklyn, New York 11201

Re:   In re Khan, Chapter 7, Case No. 10-46901-ess
      Kramer v. Mahia, Adv. Pro. No. 11-1520-ess

Dear Judge Stong:

By this time, the Court has had an opportunity to review the letter from Mr. Wayne Greenwald about the stipulation withdrawing as counsel as well as the letter from Mr. Dahiya. Mr. Dahiya's response to a motion seeking to punish him for vexatious litigation is to threaten to commence further vexatious litigation. I would note that despite the fact that Mr. Dahiya has threatened to file a notice of removal of this case, he no longer has standing to do so. First of all, he is not counsel to the debtor. What is pending is a motion, within an adversary proceeding, in which he is a respondent. As a result, he has no standing to file a notice of removal.

When last we were in Court, this matter was adjourned to October 23, 2012. The pretrial conference with the new counsel for the debtor was then put on for November 20, 2012. Apparently, the return date for the 9019 motion on the alleged settlement was adjourned by the Court to the November 20, 2012 date. It is now quite apparent that there will be not a motion to approve the settlement. As a result, the Trustee is perfectly willing to have this matter either be submitted on the evidence that is before the Court, or for it to be put back on for an evidentiary hearing. In any event, this will no doubt take quite a bit of time if there is to be an evidentiary hearing, and should not be put on for a regular calendar date.

The undersigned and his client, stand ready to attend an evidentiary hearing at the Court's earliest convenience. Thank you.

                                                  Very truly yours,

                                                 */s/Avrum Rosen*
                                                 Avrum J. Rosen

AJR:em
cc: Debra Kramer
    Karamvir Dahiya

R:\K\Kramer-Khan S\correspondence\chambersletter102412.wpd