**Dahiya Law Offices LLC**
350 Broadway Suite 412
New York New York 10013
Tel: 212 766 8000
Fax: 212 766 8001

October 26, 2012

Hon. Judge Elizabeth Stong
United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Re: Kramer v. Mahia, Adv. Pro. No. 11-1520-ESS.

Dear Judge Stong:

      This letter is in response to Mr. Avrum Rosen, Esq. request for scheduling a hearing and his improvident remark pertaining to a citizen's right to be heard by an Article III court. I request that this matter be referred to the District Court or otherwise this proceeding be suspended as I will be filing a motion with the district court by November 1st, 2012.

      This case raises vital questions, important to both the bar and the non-debtor litigant who are sued by the panel trustees under different claims and theories of the bankruptcy code. The predicament takes on a poignant manifestation when it is usually the vulnerable debtors that are targeted by Panel trustees by initiating the lawsuits against the debtor's family members first and then, only afterward ascertaining probable causes. And, if someone attempts to defend the position of these vulnerable strata of society, an attempt is made to silence it with motion for sanctions.

      The crisis in this case, is just one small part of bigger issues prevalent in this district emanating from the bankruptcy cases. Mr. Rosen failed to do his due diligence, he never should have brought this action as the debtor was holding bare legal title. It is symptomatic of a system in which the trustees at times bring baseless action to extract settlement from poor and defenseless. And these debtors simply do not have the money to hire a lawyer to defend the action on merit. All debtors and their family members, from <u>All Ethnicities</u> must have the same exposure or legal vulnerabilities when going through bankruptcy process—and for meeting that end—fairness is not only to be done it should seen to be done.

      The gravamen of Mr. Rosen's motion is that the undersigned has frequently sought right to be heard by Article III court by virtue of filing motions for withdrawal of reference [labeled as "vexatious litigation" by Mr. Rosen]. And further, he alleges that the undersigned improperly [Mr. Rosen relying on Hon. Judge A.S.Trust ruling on New York common law claim of Abuse of Process in 11-9096 *Pryor v. Santangelo*] brought

1

here in this case, a counterclaim against the panel trustee, and further that the undersigned ought to be restrained and sanctioned for such a conduct. Mr. Rosen asserts that Judge Trust's ruling has a precedential impact and was binding on the undersigned, even though the judgment was entered contrary to the ruling of *Stern v. Marshal*, 131 S. Ct. 2594-2011. Further, Mr. Rosen invokes section 1927 and inherent powers of the Court for sanctions in bankruptcy forum despite the fact that the previous answer with the alleged impugned contents was filed for adjudication by an Article III court and there was no consent to the jurisdiction of this court.

This motion under section 1927 supplemented with request under 'inherent power' raises constitutional issues which merits consideration by our District Court.

This sanction motions demands ruling on the following:

1. Whether a private party who has not consented to the jurisdiction of the bankruptcy court has a right to have its case heard by an Article III court;

2. Whether aggregation of bankruptcy Judges constituting a tribunal, pursuant to 28 U.S.C. § 151, entitled as bankruptcy court, is Court of the United States as contemplated under Chapter 5 and section 451of Title 28;

3. Whether the aggregation of bankruptcy judges constituting a unit of District Court, called bankruptcy court under 28 U.S.C. § 151, have "inherent power: as inhering to an Article III court;

4. Whether the bankruptcy judges have the same powers to entertain Article III issues as compared to the magistrate judges who are operating under the constant supervision of Article III judges;

5. Whether a bankruptcy judge assuming such powers, as contemplated under 28 U.S.C. §§ 151 and 1927 violates Appointments Clause of Article II, Section 2;

6. Whether the legislative amendment to the Bankruptcy Reform Act of 1978 ("Act") (Pub.L. 95-598, 92 Stat. 2549, November 6, 1978) by Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAFJA") (Pub. L. No. 98-353, 98 Stat. 333 (1984) cures the unconstitutionality of Act and such if now extant bankruptcy judge can entertain underlying case of New York State based causes of action of Uniform fraudulent conveyances Act; and

7. Whether the bankruptcy judge has been constitutionally vested with the power to decide the question of Jurisdictional fact under 28 U.S.C. 157 (b)(3), in light of still extant jurisprudence of <u>Crowell v. Benson</u>, 285 U.S. 22 (1932);

8. Whether Barton doctrine extends to all and every act of a panel trustee appointed under section 701 and 702 (d) of Title 11 and if it is obsolete in light of the fact that the panel trustee is not a receiver appointed by the court.

2

Mr. Rosen characteristically and improperly characterizes the request for withdrawal as a "threat," and dismisses the undersigned standing to move for such removal with a mistaken notion of law and misconstruction of Title 11 scheme within the adjudicatory process of our judicial department under Article III. First, it is clear that for exercising a right to be heard by an Article III court, there is no mandatory sourcing of statute for exercising such constitutional rights, for statute is not the provider of such rights. Secondly, when a constitutional query is raised to the structural underpinnings of a tribunal, that issue must be settled prior to entertaining the merits, as that jurisdictional fact is not delegable. Third, contradicting Mr. Rosen understanding, pursuant to section 157 (d) of Title 28, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. Fourth, the issues raised, herein, pertain to the public at large and the District Court is a more suitable forum to address those concerns as it is the Court of original jurisdiction.

Your Honor, your good office had made tremendous good faith efforts to facilitate an amicable settlement however, the terms proposed violates New York state ethics governing lawyers and it was one sided with Mr. Rosen conceding nothing. Mr. Rosen wanted, besides inordinate monetary consideration, a permanent injunction against the undersigned from suing any trustee in this district. Mr. Rosen violated Rule 5.6 of New York Rules of Professional Conduct ("NYRPC"). NYRPC effective as of April 1, 2009 in Rule 5.6 (a) (2) mandates that: (a) A lawyer shall not participating in offering or making: an agreement in which a restriction on a lawyer's right to practice is part of the settlement of a client controversy

As an officer of the court, owing ethical duties towards society and concerned about the vulnerable debtors and their families, it has become important that certain things be brought to the attention of our judicial system and a redress be sought.

_Karamvir Dahiya, Esq._

Copy to:

The Law Offices of Avrum J. Rosen, PLLC
38 New Street
Huntington, New York 11743
Fax: 631-423-4536

**Via Fax: 202 307 2397**
Ramona Elliott, Esq.
General Counsel
US Trustee Office
20 Massachusetts Avenue NW
Room 8100
Washington D.C. 20530

3

Ms. Susan Hazard, Esq.
Deputy Assistant Director for Chapter 7 oversight
US Trustee Office
20 Massachusetts Avenue NW
Room 8000
Washington D.C. 20530

Ms. Tracey Hope Davis
Office of The United States Trustee
33 Whitehall Street
21st Floor
New York, NY 10004
**Facsimile: (212) 668-2255**

Christine T Castiglia-Rubinstein, Esq.
445 Broadhollow Rd. CL-10
Melville, NY 11747