```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:
                                                                        Chapter 7
        SHAHARA KHAN,                                                   Case No. 10-46901-ess

                                Debtor.
-------------------------------------------------------------------x
DEBRA KRAMER, as Trustee
of the Estate of SHAHARA KHAN,

                                Plaintiff,           Adv. Pro. No. 11-01520-ess

        -against-

TOZAMMEL H. MAHIA,

                                Defendant.
-------------------------------------------------------------------x
TOZAMMEL H. MAHIA,

                                Counter-Claimant,

        -against-

DEBRA KRAMER, as Trustee
of the Estate of SHAHARA KHAN,

                                Counter-Defendant.
-------------------------------------------------------------------x
```

## ORDER DENYING DEMAND FOR JURY TRIAL

WHEREAS, on July 22, 2010, Shahara Khan filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code; and

WHEREAS, on December 3, 2011, Debra Kramer, as Trustee in the Debtor's Chapter 7 case, commenced this adversary proceeding against Tozammel H. Mahia by filing a complaint; and

WHEREAS, on February 7, 2012, the Defendant filed an answer to the complaint with a

demand for a jury trial and counterclaims; and

WHEREAS, on March 24, 2012, the Trustee filed a motion for sanctions under Section 1927 of Title 28 of the United States Code against the Defendant's attorney, Karamvir Dahiya, Esq., and the Dahiya Law Offices, LLC (collectively, the "Respondent"); and

WHEREAS, on April 23, 2012, the Defendant filed a letter stating that the Defendant terminated the services of the Respondent as the Defendant's attorney, and retained Christine Rubinstein, Esq. of Castiglia-Rubinstein & Associates, as the Defendant's new attorney in the adversary proceeding; and

WHEREAS, on April 23, 2012, the Respondent filed an affirmation in opposition to the Trustee's motion for sanctions; and

WHEREAS, on April 23, 2012, the Defendant filed two letters indicating that the Defendant was withdrawing all counterclaims; and

WHEREAS, on April 26, 2012, the Court issued an order scheduling an evidentiary hearing on the motion for sanctions on June 13, 2012, at 9:00 a.m.; and

WHEREAS, the matter was adjourned from time to time until September 13, 2012; and

WHEREAS, on September 13, 2012, the Court held a hearing at which the Trustee, by counsel, and the Respondent, by counsel, appeared and were heard, and the terms of a settlement agreement were read into the record; and

WHEREAS, on October 18, 2012, Wayne M. Greenwald filed a letter indicating that he had been discharged as attorney for the Respondent; and

WHEREAS, on October 18, 2012, the Respondent filed a letter indicating that he had

discharged his attorney, no longer agreed with the terms of the settlement, and intended to file a motion pursuant to Section 157(d) of Title 28 of the United States Code to withdraw the reference; and

WHEREAS, on October 25, 2012, the Trustee filed a letter requesting that the Court mark the matter submitted on the current evidence or schedule an evidentiary hearing; and

WHEREAS, on October 31, 2012, a telephonic conference was held at which the Trustee, by counsel, and the Respondent, *pro se*, appeared and were heard; and

WHEREAS, on November 7, 2012, the Court issued an order scheduling an evidentiary hearing regarding the Trustee's motion for sanctions on November 30, 2012; and

WHEREAS, on November 12, 2012, the Respondent filed a demand for a jury trial on all issues related to the Trustee's motion for sanctions; and

WHEREAS, "[t]he Seventh Amendment provides that '[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved,'" *Messa v. Goord*, 652 F.3d 305, 308 (2d Cir. 2011) (quoting U.S. Const. amend. VII); and

WHEREAS, 28 U.S.C. § 1927 provides:

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct

28 U.S.C. § 1927; and

WHEREAS, the imposition of sanctions under 28 U.S.C. § 1927 does not implicate the right to a jury trial under the Seventh Amendment, *In re Emanuel*, 422 B.R. 453, 464 n.11

3

(Bankr. S.D.N.Y. 2010) (citing *Columbus Mills, Inc. v. Freeland*, 918 F.2d 1575, 1578-79 (11th Cir. 1990); *Bader v. Itel Corp. (In re Itel Sec. Litig.)*, 791 F.2d 672, 676 (9th Cir. 1986), *cert. denied*, 479 U.S. 1033 (1987)); 8 James Wm. Moore et al., Moore's Federal Practice ¶ 38.34[6][b] (3d ed. 2012) (noting that courts have "held that the Seventh Amendment is not implicated by 28 U.S.C. § 1927").

NOW THEREFORE, it is hereby

ORDERED, that the Respondent's demand for a jury trial is denied.



Dated: Brooklyn, New York
November 30, 2012

Elizabeth S. Stong
United States Bankruptcy Judge

SERVICE LIST:

Karamvir Dahiya
Dahiya Law Offices, LLC
350 Broadway Suite 412
New York, NY 10013

Avrum J. Rosen
The Law Offices of Avrum J. Rosen, PLLC
38 New Street
Huntington, NY 11743

Christine T Castiglia-Rubinstein
Castiglia-Rubinstein & Associates
455 Broad Hollow Road, Suite CL-10
Melville, NY 11747

Tozammel H. Mahia
101-14 102nd Street
Ozone Park, New York 11416-2620

Debra Kramer
Debra Kramer, PLLC
98 Cutter Mill Road, Suite 466 South
Great Neck, NY 11021

Shahara Khan
101-14 102 St.
Ozone Park, NY 11416

Eugene M Banta
NY Multi Serv, LLC
3307 102 Street
Corona, NY 11373

Wayne M. Greenwald
475 Park Avenue South - 26th Floor
New York, New York 10016

United States Trustee
271 Cadman Plaza East, Suite 4529
Brooklyn, NY 11201