**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X Case No. 10-46901
IN RE:

        SHAHARA KHAN,

                Debtor

-----------------------------------------------------------------X  Adversary No. 11-01520

**DEBRA KRAMER, as Trustee of Estate**
**Of SHAHARA KHAN,**

            Plaintiff,


--against—


**TOZAMMEL H. MAHIA**

           Defendant.
-----------------------------------------------------------------X

**TO THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**


      PLEASE TAKE NOTICE that, upon the accompanying Memorandum and

affirmation in Support of Tozammel H. Mahia 's Motion to Withdraw the

Reference, dated December 4, 2012; the Declaration of Karamvir Dahiya, Esq. in

Support of the Motion to Withdraw the Reference and exhibits thereto; and all the

papers filed and proceedings had herein, Tozammel H. Manhia (together, the

"Movant" or "Mahia") respectfully hereby move the United States District Court for

the Eastern District of New York for an order, pursuant to 28 U.S.C. §157(d), Rule

5011 of the Federal Rules of Bankruptcy Procedure, and Rule 5011-1 of the

1

Local Rules of the United States Bankruptcy Court for the Eastern District of New

York, withdrawing the reference to the United States Bankruptcy Court for the

Eastern District of New York of the underlying adversary complaint as initiated by

the plaintiff trustee and her counsels against the defendant in the above-captioned

adversary proceedings. The withdrawal of the reference is also requested pursuant

to the United States Constitution.

Further, Notice is given that this motion is based on jurisdictional and

constitutional facts involving Article III values with assertion of right to be heard by an

Article III, that there has not been an express consent to the jurisdiction of the

bankruptcy judge adjudication and that the Bankruptcy Unit of Eastern District of New

York has no jurisdiction over the alleged dispute or claim.

Dated: New York, New York
December 4, 2012

Respectfully submitted,

Dahiya Law Offices LLC
For Tozammel H. Mahia
By: /s/Karamvir Dahiya, Esq. (KD-9738)
350 Broadway Suite 412
New York New York 10013
Tel: (212) 766-8000
Fax: (212) 766-8001

Notice to:

Debra Kramer
Attorney at Law
Panel Trustee
98 Cuttermill Road, Suite 466 South
Great Neck, NY 11021
Phone: (516) 482-6300
Fax: (516) 482-6317

The Law Offices of Avrum J. Rosen, PLLC
38 New Street
Huntington, New York 11743
Phone: 631-423-8527
Fax:   631-423-4536

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
IN RE:

      **SHAHARA KHAN,**                        **CASE NO. 10-46901**

            Debtor.
---------------------------------------------------------------X
**DEBRA KRAMER**
**AS TRUSTEE**
**OF ESTATE OF SHAHARA KHAN,**

            Plaintiff,

--against—

                             **ADVERSARY NO. 11-01520**

**TOZAMMEL H MAHIA,**

            Defendant.
---------------------------------------------------------------X


**<u>AFFIRMATION IN SUPPORT OF WITHDRAWAL OF THE ADVERSARY
COMPLAINT</u>**

      The defendant, Tozammel H. Mahia ("Mahia") through his counsel Karamvir

Dahiya, Esq. of Dahiya Law Offices LLC (together, the "Movant" or "Mahia")

respectfully submit this memorandum of law in support of their motion, pursuant to 28

U.S.C. § 157(d) and Rule 5011 of the Federal Rules of Bankruptcy Procedure, for an

order withdrawing the reference of adversary complaint as initiated by the panel trustee

against the movant, based on New York State Debtor and Creditor's law as applicable in Title

11 of the United States Code, in the aforesaid proceeding to the United States Bankruptcy

Court for the Eastern District of New York (the "Bankruptcy Court"). The

withdrawal of reference is primarily requested premised on a constitutional

right to be heard by an Article III Judge. The defendant has not filed any proof

4

of claim in the bankruptcy court, nor any claims are sought from such a tribunal. Continued asserted jurisdiction by a bankruptcy court on the dispute here violates Article III, Separation of Power doctrine and Appointment Clause of Article II.

## **PRELIMINARY STATEMENT**

The Movant respectfully seeks to have this dispute heard by an Article III Judge. The claim is based on the two fold facts or rights, right to be heard by an independent  judiciary and as well as that the bankruptcy court does not have any power under the constitution to hear such a dispute.

The plaintiff trustee Ms. Debra Kramer commenced the underlying adversary complaint asserting claims against the non-debtor under New York State common law causes of action, N.Y. Debtor  and Creditor Law *("DCL") §§* 270-281 applicable in bankruptcy proceedings through section 544 and 548 of the title 11.  The assignment and adjudication of such dispute to  and by a  bankruptcy tribunal does not pass constitutional muster under any judicial or historical precedents. The claim asserted and judicial power invoked by trustee does not fall within one of the "exceptional" categories identified by the Northern Pipeline plurality (involving territorial courts, military tribunals, and public rights) or within its "adjunct" theory. *Northern Pipeline* Construction Company v. Marathon Pipe Line Company, 458 U.S. 50 (1982). Nor is there any consent by the defendant in this matter, as assessed under *Schor. CFTC* v. *Schor*, 478 U.S. 833 (1986).

## **Fraudulent Conveyance Actions implicates Private Rights**

The trustee asserted claims, in essence are not Congressionally created. These are state based causes of action and since Mahia here, has not filed any claim in the bankruptcy court, nor trustee's suit is either part of the claims adjudication process or integral to the restructuring of debtor-creditor relations, it is not a public right issue from any perspective.

"[T]he restructuring of debtor-creditor relations, which is at the core of the federal bankruptcy power, must be distinguished from the adjudication of state-created private rights, such as the right to recover contract damages that is at issue in this case. The former may well be a 'public right,' but the latter obviously is not." *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 71, 102 S.Ct. 2858, 2871, 73 L.Ed.2d 598 (1982) (opinion of BRENNAN, J.)

There can be little doubt that fraudulent conveyance actions by bankruptcy trustees—suits which, we said in Schoenthal v. Irving Trust Co., 287 U.S., at 94-95, 53 S.Ct., at 51 (citation omitted), "constitute no part of the proceedings in bankruptcy but concern controversies arising out of it"—are quintessentially suits at common law that more nearly resemble state-law contract claims brought by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically  ordered claims to a pro rata share of the bankruptcy res. See Gibson 1022-  1025. They therefore appear matters of private rather than public right.

*GRANFINANCIERA, S.A.,  v. Paul C. NORDBERG, Creditor Trustee for the Estate of Chase & Sanborn Corporation, etc*. 492 U.S. 33 (1989).

## **Private Rights entitles Mahia to an Article III Judge.**

Mahia has invoked his right to an Article III adjudication. Article III protects individual litigant by safeguarding their "right to have claims decided by judges who are free from potential  domination by other branches of government.  United States v. Will, 449 U.S.  200, 218 (1980).

Bankruptcy Judge may propose to limit her role to extent of finding of facts and conclusion of law, however that does not ensure the protection afforded under Article III.  Article III and the Fifth Amendment to the Constitution establishes rights for litigants to have their cases heard  and decided by Article III judge, as opposed to Article I, judges.  A mere availability of the Article III review cannot supplant or substitute for the right to be heard by a constitutional judge. See, e.g. Northern Pipeline, 458 U.S.  at 74 n.28, 86 n.39 (plurality opinion) (denying that appellate review alone will suffice to vindicate Article III values).

Further, fraudulent conveyance adversary complaint is improperly before Learned Bankruptcy Judge.  It is clear according to Granfinanciera majority, Congress cannot assign common-law tort, contract, and other claims to a non-Article III tribunal; neither can Congress assign statutory rights of its own creation to such

a tribunal, unless the statutory right either belongs to or exist against the Federal

Government, or unless the stautory right is "closely intertwined  with a federal

regulatory program [that] Congress has power to enact ." Granfinanciera , SA v.

Nordberg, 492 U.S. at 54 (1989)

Mahia  has already invoked the right to be heard by an Article III Judge, have

a jury trial before an Article III court and has not consented to the jurisdiction of the

bankruptcy court in his answer to the complaint filed by the plaintiff trustee.

## Assumption of independent jurisdiction by bankruptcy judge violates Appointment Clause.

A bankruptcy judge is not a "Principle Officer" as contemplated under Article II

of the Constitution, as her appointment is not by the President of the United States with

the advice and consent of the Senate.  As a result she is an "Inferior Officer."  However,

assumed jurisdiction by the bankruptcy judge on the underlying Adversary Complaint to

decide cases of state common law causes of action would catapult the functioning and

power of such judicial officer from an inferior to a principal officer. I state this based on

the four factors laid out by the Supreme Court: (1) the officer's removability by a

superior executive branch official; (2) the scope of the officer's duties; (3) the scope of

the officer's jurisdiction; and (4) the tenure of the office at issue. Morrison v. Olson, 487

U.S. 654, 665–68 (1988).

The bankruptcy judge is not removable at will is not for a cause.  28 U.S.C. §152

(e). The bankruptcy judge wields complete powers of an independent judges as found under 28 U.S. C. § 1334 after the matter has been referred under section 157 of title 28—such referral is pre-established—there is no discretionary or individuated consideration given before such reference. The tenure of the bankruptcy judge is not on an ad-hoc basis but spans over a period of 14 years with re-appointment which is rarely denied. According to Morrison test, the bankruptcy judges cannot be equated to "Inferior Officer."   Further, applying the subsequent test as proposed by Justice Scalia in Edmond rejecting Morrison: ""Morrison did not purport to set forth a definitive test for whether an office is 'inferior' under the Appointments Clause,"—""inferior officers" are officers whose work is directed and supervised at some level by others who were appointed by Presidential nomination with the advice and consent of the Senate,"—the bankruptcy judge role transgress judicial limits of an inferior officer.  *Edmond v. United States*, 520 U.S. 651, 663 (1997).

Applying *Edmond* test i.e. equating the bankruptcy judge as an adjunct, akin to magistrate to Article III has been dismissed.  See *Northern Pipeline;  Stern v. Marshall*, 131 S. Ct. 2594  (2011).

It is clear based on judicial precedents that bankruptcy judge has no power to supervise or adjudicate the fraudulent conveyance case even preliminarily, without the express consent of the litigant.  Continued assumption of power by the bankruptcy judge violates Article III of the Constitution.

Further it is respectfully brought to notice of this Honorable Court's attention that the Movant is being charged a fees for filing this motion to be heard by an Article III Judge—that fees should be exempted, for its unfair to subject an individual defendant to such a charge, especially when he is not responsible for initiation of the underlying Complaint.

Wherefore we request that the motion for withdrawal of reference, please be granted. We request the district court to stay the proceeding with the bankruptcy court to prevent miscarriage of justice. We have not requested for stay of bankruptcy proceeding before the bankruptcy unit of this district, as the adversary complaint is improperly before the learned bankruptcy judge. Such a request is also not made to the bankruptcy judge under Bankruptcy Rules 5011, as such a request to the bankruptcy judge shall amount to recognition of judicial power to such Article I Judge, where Constitution does not permit such allowance.

December 4, 2012                      /s/*karamvir dahiya*

_____
Karamvir Dahiya, Esq.
Dahiya Law Offices LLC
350 Broadway Suite 412
New York New York 10013
Tel: 212 766 8000
Fax: 212 766 8001

10

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

-------------------------------------------------X    Case No. 10-46901-ESS

IN RE:

     **SHAHARA KHAN**

               Debtor.

-------------------------------------------------X

     **DEBRA KRAMER**

(Trustee of the Estate of Shahra Khan)

              Plaintiff,

-against-    Adv. Pr. No. 11-1520-ess

     **TOZAMMEL H. MAHIA,**

              Defendant.

-------------------------------------------------X    **ARTICLE III-JURY TRIAL DEMANDED ON ALL ISSUES**

<u>DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES WITH COUNTER CLAIMS TO PLAINTIFF'S COMPLAINT
FOR
THE PURPOSE OF ARTICLE III ADJUDICATION AND JURY TRIAL THEREIN</u>

       Subject to the Withdrawal of Reference and without submitting to the jurisdiction of this Court, Defendant, Tozammel H. Mahia ("Mahia") files the following answer to the Complaint and asserts Counter Claims against the Trustee, Debra Kramer ("Kramer") for abuse of process and constitutional torts as follows:

A.    This answer must NOT be deemed as submission to the Jurisdiction of the Bankruptcy Court

B.    This Answer must NOT be deemed as waiver of right to adjudication by an Article III judge, rather the Answer is posited for the purposes of Article III adjudication and jury trial therein;

C.    This Answer with counter claims must NOT be deemed as request to the Bankruptcy Court for adjudication to claims of answering defendant, the same here are posited for Article III adjudication and jury trial therein; and

D.    Submission of this answer to this bankruptcy court is purely to meet the technical requirement of filing an answer. However, upon withdrawal, the defendants request that this Answer be deemed as proper.

# I.

## ANSWER

1.    Mahia admits, paragraphs numbered "2", "3", "9", "10", & 11 of the Complaint.

2.    In Answer to the allegation to Paragraphs numbered 4 and 5 it is denied that this court has jurisdiction over this dispute.

3.    Paragraph numbered 6 Complaint needs no response and is in admitted only to the extent that the Trustee is predicating causes of action on the said provisions.

4.    Paragraph numbered 7 of the Complaint is denied to the extent that not all aspects of the complaint are core proceeding.

5.    To the allegation/suggestion made in paragraph numbered "8" of the Complaint, it is stated that the said consent is immaterial and does not grant jurisdiction when it did not have any constitutionally.

6.    Paragraphs numbered 1, 12, 13, 14, 15, 16,  17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56 & 57 of the Complaint are denied.

# II

## AFFIRMATIVE DEFENSES

7.    Defendant by way of affirmative defense, Mahia pleads accord and satisfaction.

8.    Additionally, and/or alternatively, and by way of affirmative defense, Mahia pleads payment.

9.      Additionally, and/or alternatively, and by way of affirmative defense, Mahia pleads release.

10.     Additionally, and/or alternatively, and by way of affirmative defense, Mahia pleads res judicata.

11.     Additionally, and/or alternatively, and by way of affirmative defense, Mahia pleads judicial estoppel.

12.     Additionally, and/or alternatively, and by way of affirmative defense, Mahia pleads estoppel by contract.

13.     Additionally, and/or alternatively, and by way of affirmative defense, Mahia pleads quasi-estoppel.

14.     For lack of proper parties, this case is dismissible.

15.     The Complaint fails to state any claims upon which relief can be granted.

16.     Plaintiff's claims(Trustee alone)  are barred by the doctrine of unclean hands.

17.     Plaintiff's claims are barred by the doctrine of fair use.

18.     Plaintiff's claims are barred by the doctrine of lache.

19.     Plaintiff's claims are barred by the doctrine of acquiescence.

20.     Plaintiff's claims are barred by waiver.

21.     The Debtor did not have any real ownership.  The bank at the purchase of property inserted the name of the debtor as she was of mature age and defendant was not an adult at the

time of transaction. Debtor did not put any down-payment for the house. Debtor did not make any mortgage payment. Debtor did not have any money towards purchase of the house. Debtor did not make contribution. It was actually the defendant and his sister that took care and provided the necessities of their mother, debtor.

## III

## FIRST COUNTER-CLAIM AGAINST TRUSTEE FOR ABUSE OF PROCESS.

22.    Mahia incorporates by reference its responses to paragraphs 1-57 of the Complaint.

23.    Trustee conduct in bringing this action without basis, in fact or law has caused and continues to cause harm to defendant and the family including the mother, debtor herein. It is clear that the Trustee has used the law, without going into the details and merits of the positions adopted by the debtor and defendant regarding their finances. Trustee was under an obligation to make inquiries into the finances of the debtor and find in details the realities of transaction and family as a unit. However she did not do that, rather she chose this path to intimidate the family to extract a settlement from the helpless family. Section 341 provided ample opportunity for the trustee to examine the debtor, or she could have used other process to examine the debtor, however she deliberately did not do that, for a due diligence would have revealed that the debtor did not have any claims against the defendant and she would not have had the opportunity to sue a family and put them in fear. She wants money. Trustees in this District have started playing havoc with families. This law suit was not a recklessly filed one, but a deliberate attempt to put a family in fear, so that they could be forced to have settlement. Helpless debtor here is sick and has no money to engage lawyers and is entirely dependent on his son defendant for day to day living. Since the debtors or defendants like here have no financial wherewithal to hire attorneys, they are forced to settle eroding all rights and defenses. Trustee here, has abused her power and so did the counsel for this trustee—they have indulged in an act that is contemptible from all aspects.

24.    Debra Kramer Trustee, the plaintiff herein is further subject to the Court's inherent power to award costs and attorneys' fees as it sees fit and just.

25.    Given the egregious nature of Trustee's aforementioned conduct, the Court should do so in this instance, and award Mahia his costs and attorneys' fees.

26.    As a proximate result of Plaintiff's conduct, plaintiff has sustained damages in an amount to be determined at trial.

27.    In doing so the acts herein alleged, the plaintiff along with her counsel acted deliberately, willfully, maliciously, oppressively and with callous and intentional disregard of their duties under the bankruptcy code and subjected defendant to unjust and extreme hardship, knowing that her conduct was substantially likely to vex, annoy, and injure defendant. As a result of this conduct, defendant is entitled to punitive damages.

## SECOND COUNTERCLAIM AGAINST TRUSTEE FOR CONSTITUTIONAL TORTS

28.    Mahia re-alleges the allegation set forth in paragraphs 1 through 27 of this Answer with counterclaims as though fully set forth herein.

29.    The trustee deliberately hurts the family composition here, undertakes to sue the son defendant on behalf of mother debtor. The trustee law suit without ascertaining the real facts erodes our constitutional principle—"the family unit does not simply co-exist with our constitutional system" but "is an integral part of it," for our "political system is superimposed on and presupposes a social system of family units, not just of isolated individuals. No assumption more deeply underlies our society . . ."[1] The debtor living has been put to a jeopardy[2]—the very son who is supporting his mother has been sued and this is a tortious interference with the family. The defendant-son is under religious duty to support his mother, the debtor here and now because of fear of this lawsuit, his spiritual duty to maintain his family has been negatively

---

[1] Heymann & Barzelay, "The Forest and The Trees: Roe v. Wade and its Crticis," 53 B.U.L.Rev. 765, 772-73 (1973). See Moore v. East Cleveland, 431 U.S. 494 (1977).
[2] The debtor is planning to join this law suit for raising independent counterclaims under Fifth Amendment, as her source of livelihood and shelter has been put to stake by the Trustee's deliberate action.

impacted.    The trustee ignore this, and decides to file this law suit, incurring expenses for the defendant already going through very tough times. Trustee did not do her homework. Had she done her homework, she would not or rather could not have brought this action. Trustee abused her powers. Wherefore we demand legal fees and punitive damages to be ascertained at the jury trial under an Article III tribunal.

WHEREFORE, defendant prays for relief as follows:

1.       Dismiss with prejudice the claims brought by Trustee, the plaintiff;

2.       Find that the claims alleged by defendant render this an "exceptional case" for the purposes of awarding costs and fees;

3.       Award actual and punitive damages on stated claims against plaintiff;

4.       For compensatory damages in an amount to be determined at trial;

5.       For an Order preliminary and permanently enjoining the plaintiff and their representative and agents, and each of them, from instituting and proceedings against defendants or similarly situated defendants (intra-family) in this district, unless the Trustee has filed an independent sheet along with the summons and complaint delineating the steps the trustee has undertaken to ascertain the facts alleged in the complaint and a minimum one page summary of arguments as to why there is a probable cause action for allegation in the complaint.[3] This is important to check abuse.  It is respectfully prayed that such requirement could be incorporated in the Local Rules of EDNY as applicable to the bankruptcy court.

---

[3] This is very important to check the abuse perpetrated by the trustees in this district, innocent parties have been sued and out of fear people settle, suppressing their defense or right to be left alone. This is especially more poignant when the family members are drawn in and such members are pitted against each other and these members have no financial capacity to engage legal help. There is a cry for help. Trustee abuse needs to be checked.

6.      Directing the United States Trustee Office to conduct an enquiry into filings of such lawsuits by the panel trustees and initiating such action including removal from the panel if any law suit was found to have been abusive.

Dated: January 31, 2012
New York New York 10013                                    /s/karamvir S. Dahiya

                                                           _____
                                                           Karamvir S. Dahiya , Esq.



Law Office of Castiglia-Rubinstein and Associates
445 Broadhollow Road, CL 10
Melville, New York 11747
www.bestnyattorney.com
Phone: (631) 414-7516
Fax: (877) 884-5574

April 23, 2012

United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East, Suite 1595
Brooklyn, New York 11201

Re:   DEBRA KRAMER AS TRUSTEE FOR THE ESTATE OF SHAHARA KHAN
      v. TOZAMMEL H. MAHIA
      Adversary Proceeding No.: 1-11-01520-ess

Dear Clerk:

Please be advised that the undersigned firm is proposed counsel for defendant Tozammel
Miah in the above referenced Adversary Proceeding.

As no answer has been filed to the counterclaim in the proceeding, we hereby withdraw
the counterclaim on behalf of the named defendant.

Thank you.

Respectfully,

*Christine Rubinstein*

Christine Rubinstein, Esq.

cc:   Via Email to ajrlaw@aol.com and fkantrow@avrumrosenlaw.com
      The Law Offices of Avrum J. Rosen, PLLC
      Attorneys for Plaintiff, Debra Kramer, Trustee
      38 New Street
      Huntington, New York 11743



Law Office of Castiglia-Rubinstein and Associates
445 Broadhollow Road, CL 10
Melville, New York 11747
www.bestnyattorney.com
Phone: (631) 414-7516
Fax: (877) 884-5574

April 24, 2012

United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East, Suite 1595
Brooklyn, New York 11201

Re:    DEBRA KRAMER AS TRUSTEE FOR THE ESTATE OF SHAHARA KHAN
       v. TOZAMMEL H. MAHIA
       Adversary Proceeding No.: 1-11-01520-ess

Dear Clerk:

Please be advised that the undersigned firm is proposed counsel for defendant Tozammel
Miah in the above referenced Adversary Proceeding.

As no answer has been filed to the multiple counterclaims of the defendant in the
proceeding, we hereby withdraw the counterclaims on behalf of the named defendant.

Further, defendant reserves the right to modify and amend the previously filed Answer
and to interpose amended or additional defenses herein

Thank you.

Respectfully,

Christine Rubinstein, Esq.



cc:    Via Email to ajrlaw@aol.com and fkantrow@avrumrosenlaw.com
       The Law Offices of Avrum J. Rosen, PLLC
       Attorneys for Plaintiff, Debra Kramer, Trustee
       38 New Street
       Huntington, New York 11743