The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Debra Kramer, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Avrum J. Rosen

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                         Civ-12-mc-00832-RRM
------------------------------------------------------------------x   Civ-12-mc-00794-DLI
In re:
                                                                     Chapter 7
        SHAHARA KHAN,                                                Case No.: 10-46901-ess

                            Debtor.
------------------------------------------------------------------x
DEBRA KRAMER AS TRUSTEE OF THE ESTATE
OF SHAHARA KHAN,

                            Plaintiff,
                                                                     Adv. Pro. No.: 11-1520-ess
        -against-

TOZAMMEL H. MAHIA,

                            Defendant.
------------------------------------------------------------------x

<u>**TRUSTEE'S RESPONSE TO THE**</u>
<u>**DEFENDANT'S MOTIONS TO WITHDRAW THE REFERENCES**</u>

Debra Kramer, the plaintiff and the Chapter 7 trustee (the ōPlaintiffō or the ōTrusteeö), by

and through her attorneys, The Law Offices of Avrum J. Rosen, PLLC, respectfully submits this

as and for her Response to the Motion to Withdraw the Reference made by Tozammel H. Mahia

(ōMahiaö or the ōDefendantö) in the Case assigned to United States District Court Judge

Mauskopf and the related Motion to Withdraw the Reference of a sanctions motion against

Karamvir Dahiya, Esq. (ōMr. Dahiyaö) and the Dahiya Law Firm which has been assigned to

United States District Court Judge Irizarry, and states as follows:

1

## PRELIMINARY STATEMENT

1.      This Motion to Withdraw the Reference seeks to have this Court determine an adversary proceeding, which adversary proceeding seeks to recover alleged fraudulent conveyances from Mahia as a result of the Defendant's receipt of $106,761.00 which constitutes the proceeds realized from the sale of the real property commonly known as 87-27 110th Street, Richmond Hill, New York 11418 (the "Richmond Hill Property"), in which the Defendant, along with the Debtor and a third party, each held a one third (1/3) interest, as of April 3, 2007.   The adversary proceeding has been pending before the Hon. Elizabeth S. Stong, United States Bankruptcy Judge for over one year.   The complaint (the "Complaint") in the adversary proceeding is dated December 3, 2011.   A copy of the Complaint is annexed hereto as Exhibit "A".

2.      This case has a bizarre history.   As will be set forth below, there have been two separate motions to withdraw the reference filed.   The Motions to Withdraw the Reference should have been noted as related by the movants, however, they were not.   As a result of the movants' failure to file the motion as related, they have been assigned to two separate Judges as referenced herein.   As both motions are clearly interrelated, both are addressed in this response. The motion related to the adversary proceeding should be denied as it is covered by this Court's Standing Order on the Referral of Bankruptcy Cases, dated December 5, 2012, effective *nunc pro tunc* as of June 23, 2011.   The motion related to the sanctions motion is not a motion which can be withdrawn and, in any event, is moot.

**Backround of the Adversary Proceeding Motion**

3.      The Defendant initially defaulted in answering the Complaint.   At the initial

2

pre-trial hearing before Judge Stong, the Defendant apparently met Mr. Dahiya for the first time in the courtroom.   Mr. Dahiya and his firm, the Dahiya Law Firm, appeared in the case and sought and obtained an extension of time to file an answer (the õAnswerö) to the Complaint.   The Answer, with counterclaims against the Trustee, was filed several days after the Bankruptcy Court ordered deadline.   A copy of the docket sheet for the adversary proceeding is annexed hereto as Exhibit õBö (all references to the õDocketö will be to this document).   A copy of the Answer and along with its counterclaims is annexed hereto as Exhibit õCö.

4.       The counterclaims sought damages against the Trustee on a multitude of claims. This was the second time Mr. Dahiya had brought baseless claims against this Trustee and the fifth time he had sued a trustee on these same allegations.   The Trustee, by and through her counsel, requested that Mr. Dahiya withdraw his baseless counterclaims, however, he refused to do so.   Accordingly,   this firm, on behalf of the Trustee brought a motion for sanctions against Mr. Dahiya and his law firm,   pursuant to 18 U.S.C §1927 and 11 U.S.C. §105.   A copy of the sanctions motion is annexed hereto as Exhibit õDö and appears at Docket Entry No. 15.

5.       Simultaneous with the filing of the sanctionsø motion, a Notice of Deposition and Document Demands were served upon Mr. Dahiya.   Copies of those documents, with the affidavit of service, are annexed hereto as Exhibit õEö.   Neither the Notice of Deposition or the Document Demands were ever responded to by Mr. Dahiya.

6.       On or about April 23, 2012, Mr. Dahiya and his firm were discharged by the Defendant [Docket No. 17].   The Defendantøs newly retained counsel provided some documents; withdrew the counterclaims [Docket Nos. 19 and 20]; and engaged in good faith settlement negotiations in an attempt to resolve the Trusteeøs claims of a fraudulent conveyance.

7.      That same day, one day prior to the return date of the sanctions motion before Judge Stong,   Mr. Dahiya and his firm, filed untimely, voluminous opposition (the öOppositionö) to the sanctions motion.   The Court granted an adjournment to Mr. Dahiya and his firm, in order that they could obtain counsel and for further consideration of the motion. The Court further directed the filing of pre-trial statements by a date certain [ Docket No. 21].   This firm filed the statement in a timely manner.   It is annexed hereto as Exhibit öFö and is Docket No. 22. Nothing was filed by Mr. Dahiya .   A week after the due date, Mr. Dahiya made a letter request for the adjournment of the evidentiary hearing scheduled for June 13, 2012 [Docket No.24].   The request for an adjournment was opposed by this firm [Docket No. 25].

8.      At the June 13, 2012 hearing, Mr. Dahiya advised the Court that he was distraught over personal matters and was unable to defend himself.     However, he insisted that he must sue trustees to obtain leverage for his clients.   The Court urged him to get help from the Bar Association Lawyerøs Assistance Program and to obtain counsel. The undersigned has requested a copy of the transcript of the June 13, 2012 hearing, and will provide it upon receipt. At the Courtøs request, the Trustee consented to an adjournment of the evidentiary hearing on the sanctions motion and provided Mr. Dahiya with an opportunity to obtain counsel [Docket No. 26].

9.      Mr. Dahiya obtained counsel. Further adjournments were agreed to for the service and filing of counseløs opposition to the sanctions motion. Opposition was filed together with a responsive pre-trial statement [Docket Nos.33 and 34].   This firm filed a Reply [Docket No. 35]. A hearing was held on September 13, 2012.   At that time, a settlement was placed upon the record and it was agreed to that a formal settlement agreement would also be executed by the

parties.    The transcript of the September 13, 2012 hearing appears on the Docket as Docket No.

45, and is redacted until January 31, 2013.

10.    Several weeks passed after this firm sent a draft of the settlement agreement to Mr.

Dahiya's counsel.    Finally, as the adjourned date of the hearing approached, Mr. Dahiya and his

firm fired their attorney and reneged upon the settlement agreement [Docket Nos. 38, 39 and 40].

A new evidentiary hearing was scheduled for November 30, 2012 after a telephonic conference

with the Court [Docket Nos. 42, 43 and 47].

11.    On November 12, 2012, Mr. Dahiya made a motion for a jury trial on the sanctions

motion.    That motion was denied by an Order entered by Judge Stong, on November 30, 2012

[Docket No. 59].    No appeal was taken from that Order.

12.    The Motion to Withdraw the Reference of the sanctions motion was filed on

November 19, 2012 [Docket No. 50].    A letter request for an adjournment of the evidentiary

hearing was made by Mr. Dahiya's counsel new cou nsel, purportedly in the District Court

Motion (though no Notice of Appearance was filed at that time)in this matter on November 26,

2012 [Docket No. 52] which was denied by Order of Judge Stong, dated November 28, 2012

[Docket No. 56].    On November 29, 2012, Mr. Dahiya filed a letter that he would appear at the

evidentiary hearing but would not participate [Docket No. 57].    He did appear, and refused to

participate.    The Court reserved decision on the motion.

13.    One of the issues raised in the    motion papers on the sanctions motion as well as

during oral argument before the Bankruptcy Court, was Mr. Dahiya's standing to raise certain

issues as he was no longer the Defendant's counsel.    After the hearing, Mr. Dahiya apparently

communicated with his former client (although that client was represented by counsel) and

apparently got the client to fire his present counsel and to re-hire himself.    He accused that

counsel of various actions.    In the process of doing so, he put these statements on the docket and

violated attorney client privilege.    Those events are recorded as Docket Entries 64 and 65.

That same day, Mr. Dahiya filed a Motion to Withdraw the Reference of the underlying adversary

proceeding.

14.    The underlying action is a straightforward fraudulent conveyance action.    The

statutory predicates for the relief sought therein are 11 U.S.C.§§ 542, 544, 550 and 551 and 12

N.Y. Debt. & Cred. Law §§ 270 et seq. (ӧDebtor and Creditor Lawӧ); Bankruptcy Rules 7001 *et.

seq.,* and common law principles of fraud and unjust enrichment.

**Backround of the Adversary Proceeding**

15.    On July 22, 2010, (the ӧPetition Dateӧ) the Debtor filed a voluntary petition for

relief from her creditors pursuant to chapter 7 of the Bankruptcy Code.

16.    Debra Kramer was appointed as the interim Chapter 7 Trustee and thereafter did
       duly

qualify as the permanent case Trustee.

17.    Prior to the commencement of the instant chapter 7 case, the Debtor, along with

the Defendant and a third party, Shamsum N. Rimi (collectively, the ӧSellersӧ) , conveyed their

interest in the Richmond Hill Property, via deed dated April 5, 2007, to Jany Sikder.

18.    Upon information and belief, and upon a review of the closing documents from

the closing of the sale of the Richmond Hill Property, the Sellers realized net proceeds in the

amount of $106,761.00.

19.    Upon information and belief, and based upon the review of the deed, the Debtor

held a one third (1/3) interest in the Richmond Hill Property.

20.    Accordingly, the Debtor should have received $35,587.00 as her respective share of the sale proceeds.

21.    Upon information and belief, and based upon the review of the closing documents from the sale of the Richmond Hill Property, the Debtor did not receive any proceeds from the sale.   Instead, the Defendant received all of the net sales proceeds.

## THE MOTION TO WITHDRAW THE REFERENCE
## OF THE ADVERSARY PROCEEDING

22.    The Motion to Withdraw the Reference of the Adversary Proceeding is based upon the Supreme Court's Ruling in *Stern v. Marshall,* 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011) and other cases, wherein Mr. Dahiya asserts that the Bankruptcy Court lacks jurisdiction to do anything in this case, and his client is entitled to a jury trial.   What Mr. Dahiya ignores is the fact that the Judges of the Eastern District of New York have already considered the impact of *Stern* and have issued a Standing Order, *In the Matter of The Referral of Matters to the Bankruptcy Judges*, dated December 5, 2012, wherein all "core" matters shall be heard by the Bankruptcy Court and that Court shall submit proposed findings of fact and conclusions of law.

23.    The Standing Order states that it applies to all cases "unless the District Court orders otherwise".   The issue becomes what is the standard for deviating from this Standing Order?   Whatever that standard may be, the movant has failed to meet it.   Mr. Dahiya's papers are devoid of any set of facts that makes this case any different from any other fraudulent conveyance action brought by a trustee.   Indeed, there are compelling reasons why this case should remain in the Bankruptcy Court.   The case has been pending for over a year.   Mr. Dahiya

has either ignored or responded late to every Order issued by the Court.   The discovery cut-off

date will expire on January 21, 2013.   This case is now trial ready.   The Bankruptcy Judge in this

case is intimately familiar with the case and the nature of the proceedings.   That Judge has given

Mr. Dahiya multiple adjournments and he has engaged in questionable ethical maneuvers in

seeking to be rehired as counsel to the Defendant that had discharged him while sanctions are

pending against him.   He has reneged on settlements agreed to in open Court and has acted

unprofessionally on multiple occasions.   The instant Motion to Withdraw the Reference has

nothing to do with the constitutional jurisdiction of the Bankruptcy Court and everything to do

with judge shopping.

**<u>Defendant Waived His Right to a Trial by Jury</u>**

24.      The issue is whether or not the purported Demand for a Jury Trial requires the

withdrawal of the reference.   First of all, the Defendant waived his right to a trial by jury by: (i)

failing to timely file and serve a written request for a jury demand as required by Bankruptcy Rule

9015; and (ii) by asserting a counterclaim against the Trustee thereby submitting to the

jurisdiction of the Bankruptcy Court.

25.      Federal Rule of Bankruptcy Procedure 9015, which makes applicable Federal

Rule of Civil Procedure 38 to bankruptcy proceedings requires that a written demand for a jury

trial be served and filed no later than fourteen (14) days after the last pleading directed to the

issue is served and the demand must be filed in accordance with Rule 5(d).   *See*   Fed. R. Civ. P.

38(b).   Specifically, Bankruptcy Rule 9015 states, in pertinent part:

> (b)   DEMAND.   On any issue triable of right by a
> jury, a party may demand a jury trial by:
>
> > (1) serving the other parties with a written
> > demand - which may be included in a
> > pleading - no later than fourteen (14) days
> > after the last pleading directed to the issue as

served; and

(2)  filing the demand in accordance with
Rule 5(d).

26.       As is reflected in the Docket, the Defendant failed to timely file an answer to the Complaint and therefore the last pleading directed to the issue was the Complaint.   The Summons was issued on December 5, 2011 and the Summons and Complaint were served on December 7, 2011.   Thus, a demand for a jury trial would be timely only if made prior to January 4, 2012 the date the Answer was due on January.     At the latest, the Demand for a Jury Trial was due on January 4, 2012.   Giving all benefit of the doubt to the Defendant, the time to file an Answer, and with it, a Jury Demand,   was extended, *nunc pro tunc* on January 25, 2012 from January 4, 2012 to January 31, 2012 [Docket No. 5]. Since no demand for a jury trial was made within that time, the Defendant waived his right to the trial by jury.     The Answer and Purported Jury Demand was not filed until February 7, 2012 [Docket No. 8].   Indeed, a review of the Docket reveals that the Defendant has never actually served a demand for a jury trial on the Plaintiff as required by Fed. R. Civ. P. 38(b)(1).   A review of the docket shows that the Defendant merely filed his Answer containing a jury demand but never served his Answer on the Plaintiff.

27.       In addition, the Defendant's filing of an answer, containing a counterclaim, invoked the Bankruptcy Court's equitable jurisdiction thereby waiving his right to a jury trial. *See In re Mindeco Corp.*, 212 B.R. 447 (E.D.N.Y. 1997).   In *Mindeco*, the trustee brought an adversary proceeding against the defendant seeking to avoid the defendant's interest in the debtor's property pursuant to New York Debtor and Creditor Law, or in the alternative, to

9

equitably subordinate the defendant's security interest to the general unsecured claims.    The

defendant interposed two counterclaims against the estate.    The defendant then made a motion to

the district court for withdrawal of the reference with respect to the adversary proceeding for

pretrial and trial purposes.    The district court, in analyzing the issue, began by noting that "[t]he

question of waiver of a jury trial turns upon the interpretation of the Supreme Court cases,

*Katchen v. Landy*, 382 U.S. 323 (1966); *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33 (1989);

and *Langenkamp v. Culp*, 498 U.S. 42 (1990)."    *In re   Mindeco Corp.,* 212 B.R. at 450.

28.    While these cases generally stand for the proposition that a creditor, by filing a

proof of claim, voluntarily submits to the equitable jurisdiction of the bankruptcy court, "this logic

has been extended to a variety of other contexts, including the filing of counterclaims."    *See In re*

*Mindeco*, 212 B.R. 447 at 450, *citing, inter alia, Murray v. Richmond Steel & Welding Co. (In re*

*Hudson)*, 170 B.R. 868, 874-75 (E.D.N.C. 1994) (filing a counterclaim in a trustee's suit); *Laura*

*B. Bartell, Contempt for the Bankruptcy Court - a New Look*, 1996 U.Ill. L.Rev. 1, 54

(recognizing that "courts gradually have expanded the *Granfinanciera Langenkamp* rationale   .

.   . [and] have extrapolated from the "voluntary" act of filing a claim in bankruptcy to find that

other actions by creditors - such as seeking court approval of a post-petition transaction or, [as in

this case,] filing a counterclaim to the trustee's suit - and even actions by a debtor involuntarily

seeking bankruptcy protection also resulted in a relinquishment of a right to a jury trial".    Thus,

since the Defendant in this case voluntarily filed a counterclaim against the bankruptcy estate, he

relinquished his right to a jury trial making the withdrawal of the reference unwarranted.[1]

---

[1]    Although the Defendant attempts to preserve his right to a jury trial by asserting in his answer,
without legal justification, that he is not submitting to the jurisdiction of the bankruptcy court, case law
does not support his ability to both voluntarily file a counterclaim and preserve his right to jury trial.   *See*
*generally In re Mindeco*, 212 BR at 450-451.

**The Instant Adversary Proceeding Should Remain in the
Bankruptcy Court At this Stage Should Defendant Be Entitled to a Jury Trial**

29.    Should this Court find that claims asserted by the Trustee are legal in nature,

entitling the Defendant to a jury trial, the instant adversary proceeding should nonetheless remain

in the Bankruptcy Court until the case is ready for trial.    "Courts routinely deny motions to

withdraw reference despite a litigants refusal to consent to a jury trial in bankruptcy court because

of prevailing concerns about judicial economy." *See, McCord v. Papantoniou*, 316 B.R. 113,

125 (E.D.N.Y. 2004).   *Citing, inter alia, In re Enron Power Mktg., Inc.*, 2003 WL 68036 at *10

(S.D.N.Y. Jan. 8, 2003) (denying motion to withdraw reference of non-core breach of contract

claims related to the bankruptcy proceeding, and noting that withdrawal can take place when and

if defendant is later found to be entitled to a jury trial.)  *Gioia Gucci v. Gucci*, 1997 WL 122838,

at *1 (S.D.N.Y. Mar. 17, 1997) (denying plaintiff's motion to withdraw reference where plaintiff's

refusal to consent to a jury trial before the bankruptcy court under Section 157(e) and judicial

economy considerations compelled keeping the case commenced one year earlier in bankruptcy

court for pre-trial purposes).

30.    In *McCord*, the court concluded that "judicial economy concerns support the

denial of defendant's motion to withdraw reference of [the] adversary proceeding.   As plaintiff

makes clear, it would be more efficient for the case to proceed in bankruptcy court for pre-trial

purposes.   Given that the core and other claims underlying the adversary proceeding are based on

related facts - defendant's misuse of controlled position with debtor - it would be efficient for the

bankruptcy court to preside over all claims at this stage.   Moreover, severing core claims from

related claims would risk ~duplicative presentations on substantially overlapping factual matters.

Such a process would cause unnecessary delay and deplete both judicial resources and assets of the bankruptcy estate.' "*McCord v. Papantoniou*, 316 B.R. at 126.

31.    Based upon the reasoning of the foregoing cases, the instant adversary proceeding should remain with the bankruptcy court until a trial of this adversary proceeding becomes necessary.

### THE MOTION TO WITHDRAW THE REFERENCE ON THE SANCTIONS MOTION IS MOOT

32.    As reflected in the Docket, the evidentiary hearing was held and concluded on November 30, 2012.   The filing of the Motion for the Withdrawal of the Reference does not divest the Bankruptcy Court of jurisdiction until the motion is granted.

33.    Bankruptcy Rule 5011 ( c) specifically states that the filing of a motion to withdraw the reference does not stay the administration of the case until determined.   There is a provision to move for a stay of the proceedings.   It must be made, in the first instance, to the Bankruptcy Court, and then to the District Court.

34.    No such motion was made in this case.   Mr. Chittur, who claimed to have appeared in the District Court Motion, wrote a letter requesting the Bankruptcy Judge not to proceed, while asserting that he was not appearing in the Bankruptcy Court case.   That letter is No. 52 on the Docket.    That request was denied by an Order dated November 28, 2012.   That Order expressly held that the Bankruptcy Court had jurisdiction over the sanctions motion under a long line of cases.   That Order is annexed as Exhibit õFö.   No appeal was taken of that Order and no further request was made of this Court.

35.    The evidentiary hearing on the motion took place on November 30, 2012.   Mr.

Dahiya appeared, but, for the most part, refused to participate.    The    matter has been fully submitted to the Bankruptcy Court for decision.    The motion to withdraw the reference is moot and there is a final Order setting forth that the Bankruptcy Court had jurisdiction to hear the matter.

WHEREFORE, it is respectfully submitted that both Motions be denied in their entirety, together with such other and further relief as to this Court seems just and proper.


Dated: Huntington, New York
          January 4, 2013

                              The Law Offices of Avrum J. Rosen, PLLC
                                      Attorneys for Debra Kramer, Esq.

                        BY:    S/Avrum J. Rosen
                              Avrum J. Rosen
                              38 New Street
                              Huntington, New York 11743
                              631 423 8527
                              ajrlaw@aol.com

The Law Offices of Avrum J. Rosen, PLLC
Proposed Attorneys for Debra Kramer, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:
                                                                    Chapter 7

          SHAHARA KHAN,                                             Case No.: 10-46901-ess

                              Debtor.
-----------------------------------------------------------------x
DEBRA KRAMER AS TRUSTEE OF THE ESTATE
OF SHAHARA KHAN,

                              Plaintiff,
                                                                    Adv. Pro. No.: 11-

          -against-

TOZAMMEL H. MAHIA,

                              Defendant.
-----------------------------------------------------------------x

## COMPLAINT

Debra Kramer, the plaintiff and the trustee (the "Plaintiff" or the "Trustee"), by and

through her attorneys, The Law Offices of Avrum J. Rosen, PLLC, respectfully submits this as

and for her complaint (the "Complaint") as against Tozammel H. Mahia ("Mahia" or the

"Defendant") and states as follows:

## PRELIMINARY STATEMENT

1.       This adversary proceeding seeks to recover alleged fraudulent conveyances from

Mahia as a result of the Defendant's receipt of $106,761.00 as a result of the sale of the real

property commonly known as 87-27 110th Street, Richmond Hill, New York 11418 (the

"Richmond Hill Property"), in which the Defendant, along with the Debtor and a third party, each held a one third (1/3) interest, as of April 3, 2007.

## THE PARTIES

2.      Mahia is an individual with a mailing address of 101-14 102nd Street, Ozone Park, New York 11416-2620.

3.      Debra Kramer is the Trustee herein.

## JURISDICTION

4.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 (a) and 1334.

5.      The United States Bankruptcy Court for the Eastern District of New York is the proper venue for this proceeding in accordance with 28 U.S.C. §§ 1408 and 1409 (a).

6.      The statutory predicates for the relief sought herein are 11 U.S.C.§§ 542, 544, 550 and 551 and 12 N.Y. Debt. & Cred. Law §§ 270 et seq. ("Debtor and Creditor Law"); Bankruptcy Rules 7001 *et. seq.,* and common law principles of fraud and unjust enrichment.

7.      This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the Bankruptcy Court for the Eastern District of New York and is a "core proceeding" as that term is defined in 28 U.S.C. § 157 (a), (b)(2)(A), (E), (H), (N), and (O) and Bankruptcy Rules 7001 *et. seq.*

8.      In the event that this Court determines that this cause of action, as alleged herein, is not a core proceeding, the Plaintiff consents to the entry of final orders and judgment by this Court determining such causes of action.

## **BACKGROUND**

9.     On July 22, 2010, (the "Petition Date") the Debtor filed a voluntary

petition for relief from her creditors pursuant to chapter 7 of the Bankruptcy Code.

10.     Debra Kramer was appointed as the interim Trustee and thereafter did duly qualify

as the permanent case Trustee.

11.     Prior to the commencement of the instant chapter 7 case, the Debtor, along with

the Defendant and a third party, Shamsum N. Rimi (collectively, the "Sellers") , conveyed their

interest in the Richmond Hill Property, via deed dated April 5, 2007, to Jany Sikder.

12.     Upon information and belief, and upon a review of the closing documents from

the closing of the sale of the Richmond Hill Property, the Sellers realized net proceeds in the

amount of $106,761.00.

13.     Upon information and belief, and based upon the review of the deed, the Debtor

held a one third (1/3) interest in the Richmond Hill Property.

14.     Accordingly, the Debtor should have received $35,587.00 as her respective share

of the sale proceeds.

15.     Upon information and belief, and based upon the review of the closing documents

from the sale of the Richmond Hill Property, the Debtor did not receive any proceeds from the

sale.  Instead, the Defendant received all of the net sales proceeds.

## **AS AND FOR A FIRST CAUSE OF ACTION**

16.     The Trustee repeats and realleges each and every allegation contained in

paragraphs "1" through "15" as if each were more fully set forth herein.

17.     Section 542(a) of the Bankruptcy Code provides, in pertinent part, that, "an entity

3

in possession, custody or control, during the case, of property that the trustee may use, shall

deliver to the trustee, and account for, such property or the value of such property, unless such

property is of inconsequential value or benefit to the estate".

18.    The Defendant is in possession, custody or control, during the case, of the

Debtor's share of the net sales proceeds in the amount of $35,587.00.

19.    The Defendant has not delivered this amount to the Trustee.

20.    The Defendant has not accounted to the Trustee.

21.    The property made be used by the Trustee to pay creditors of this estate.

22.    The property is not of inconsequential value to the estate.

23.    Accordingly, the Trustee is entitled to a judgment against the Defendant directing

him to account for and to deliver to the Trustee the sum of $35,587.00.

## AS AND FOR A SECOND CAUSE OF ACTION

24.    The Trustee repeats and reallages each and every allegation contained in

paragraphs "1" through "23" as if each were more fully set forth herein.

25.    To the extent that the claims herein arise under Bankruptcy Code § 544(b), the

Trustee is asserting the rights of a creditor with an unsecured claim allowable in the bankruptcy

case.

26.    Upon information and belief, at the time the Defendant received the Debtor's

interest in the net sales proceeds, she was insolvent or the transfer rendered the Debtor insolvent.

27.    The Debtor did not receive fair consideration for the transfer made to the

Defendant.

28.    The Defendant benefitted from the transfer made by the Debtor.

29.     The transfer is voidable under Debtor and Creditor Law § 273 as a fraudulent

conveyance.

30.     By reason of the foregoing, the Plaintiff is entitled a declaratory judgment setting

aside the transfer made by the Debtor and determining that the transfer is a fraudulent

conveyance under Debtor and Creditor Law §273.

### AS AND FOR A THIRD CAUSE OF ACTION
### UNDER SECTION 278 OF DEBTOR AND CREDITOR LAW
### AND SECTION 550 OF BANKRUPTCY CODE

31.     Plaintiff repeats and realleges each and every allegation contained in paragraphs

"1" through "30".

32.     Under Debtor and Creditor Law § 278 and Bankruptcy Code § 550 (a), the

Plaintiff may recover the transfer that was made and/or the value thereof.

33.     The Defendant benefitted from the Debtor's transfer to him in the amount of

$35,587.00.

34.     By reason of the foregoing, the Plaintiff is entitled to a judgment against the

Defendant in the amount of $35,587.00 pursuant to Sections 273 and 278  of Debtor and Creditor

Law and Section 550 of the Bankruptcy Code.

### AS AND FOR A FOURTH CAUSE OF ACTION
### PURSUANT TO NEW YORK DEBTOR & CREDITOR LAW SECTION 274

35.     The Plaintiff repeats and realleges each and every allegation contained in

paragraphs "1" through "34" as if each were more fully set forth herein.

36.     Upon information and belief, the transfer was made without fair

consideration and the property remaining with the Debtor after the transfer was an

5

unreasonably small capital.

37.     The transfer is voidable under Debtor and Creditor Law § 274 and

Bankruptcy Code § 544 (b).

38.     By reason of the foregoing, the Plaintiff is entitled a declaratory judgment

setting aside the transfer made and determining that the transfer is a fraudulent conveyance

under Debtor and Creditor Law §274.

<div align="center">

**AS AND FOR A FIFTH CAUSE OF ACTION**
**UNDER SECTION 278 OF DEBTOR AND CREDITOR LAW**
**AND SECTION 550 OF BANKRUPTCY CODE**

</div>

39.     The Plaintiff repeats and realleges each and every allegation contained in

paragraphs "1" through "38" as if each were more fully set forth herein.

40.     Under Debtor and Creditor Law § 278 and Bankruptcy Code § 550(a), the

Plaintiff may recover the transfer or the value thereof.

41.     By reason of the foregoing, the Plaintiff is entitled to set aside the transfer

made and recover the value thereof.

42.     The Defendant benefitted from the Debtor's transfers to him in the amount of

$35,587.00.

43.     By reason of the foregoing, the Plaintiff is entitled to a judgment against

the Defendant in the amount of $35,587.00 pursuant to Sections 274 and 278 of Debtor and

Creditor Law and Section 550 of the Bankruptcy Code.

<div align="center">

**AS AND FOR A SIXTH CAUSE OF ACTION**
**PURSUANT TO NEW YORK DEBTOR & CREDITOR LAW SECTION 275**

</div>

44.     The Plaintiff repeats and realleges each and every allegation contained in

paragraphs "1" through "43" as if each were more fully set forth herein.

45.    The transfer was made without fair consideration when the Debtor intended

and believed that she would incur debts beyond her ability to pay them as they became due.

46.    The transfer is voidable under Debtor and Creditor Law § 275 and

Bankruptcy Code § 544(b).

47.    By virtue of the foregoing, Plaintiff is entitled to judgment setting aside the

transfer as a fraudulent conveyance under Debtor and Creditor Law § 275 and Bankruptcy

Code § 544(b).

## AS AND FOR A SEVENTH CAUSE OF ACTION
## PURSUANT TO NEW YORK DEBTOR & CREDITOR LAW SECTION 276

48.    The Plaintiff repeats and realleges each and every allegation contained in

paragraphs "1" through "47" as if each were more fully set forth herein.

49.    Upon information and belief, the transfer was made with actual intent to

hinder, delay, or defraud either present or future creditors of the Debtor.

50.    The transfer is voidable under Debtor and Creditor Law § 276 and Bankruptcy

Code § 544(b).

51.    By virtue of the foregoing, Plaintiff is entitled to judgment setting aside the

transfer as a fraudulent conveyance under Debtor and Creditor Law § 276 and Bankruptcy

Code § 544(b).

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## UNDER SECTION 276-a OF DEBTOR AND CREDITOR LAW

52.    Plaintiff repeats and realleges each and every allegation contained in

paragraphs "1" through "51" as if each were more fully set forth herein.

7

53.     The Plaintiff is also entitled to recover attorneys' fees under Debtor and Creditor Law § 276-a.

54.     By virtue of the foregoing, Plaintiff is entitled to judgment equal to attorneys' fees incurred in connection with this action pursuant to Section 276-a of Debtor and Creditor Law.

<u>**AS AND FOR A NINTH CAUSE OF ACTION**
**FOR UNJUST ENRICHMENT**</u>

55.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "54" as if each were more fully set forth herein.

56.     The Defendant's actions has caused him to be unjustly enriched.

57.     By virtue of the foregoing, Plaintiff is entitled to judgment against the Defendant in the amount of $35,587.00.

**WHEREFORE,** the Plaintiff respectfully demands judgment as follows:

(A) On the First Cause of Action, Plaintiff is entitled to a judgment against the Defendant directing him to deliver the sum of $35,587.00 to the Trustee pursuant to section 542 of the Bankruptcy Code;

(B) On the Second Cause of Action, a declaratory judgment setting aside the transfer made as a fraudulent conveyance under Debtor and Creditor Law §273;

(C) On the Third Cause of Action,  judgment against the Defendant in the amount of $35,587.00 pursuant to Section 278 of Debtor and Creditor Law and section 550 of the Bankruptcy Code;  and

(D) On the Fourth Cause of Action, judgment against the Defendant in the amount of

$35,587.00 pursuant to Section 274 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code; and

(E) On the Fifth Cause of Action, a declaratory judgment setting aside the transfer made as a fraudulent conveyance under Debtor and Creditor Law §278;

(F) On the Sixth Cause of Action, a judgment against the Defendant in the amount of $35,587.00 pursuant to Sections 275 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code; and

(K) On the Seventh Cause of Action, a declaratory judgment setting aside the transfer made as a fraudulent conveyance under Debtor and Creditor Law §276;

(L) On the Eighth Cause of Action,  judgment equal to attorneys' fees incurred in connection with this action pursuant to Section 276-a of Debtor and Creditor Law;

(M) On the Ninth Cause of Action, judgment against the Defendant in the amount of $35,587.00 based upon unjust enrichment; and

(N) together with such other and further relief as this Honorable Court determines appropriate under the facts and circumstances herein.

Dated: Huntington, New York
       December 3, 2011

                              The Law Offices of Avrum J. Rosen, PLLC
                              Attorneys for Debra Kramer, Esq.

             BY:   S/Fred S. Kantrow
                     Fred S. Kantrow
                     38 New Street
                     Huntington, New York 11743
                     631 423 8527
                     Fkantrow@avrumrosenlaw.com

Case 1:13-cv-03079-DLI    Document 1-49    Filed 05/24/13    Page 23 of 110 PageID #: 695

## U.S. Bankruptcy Court
### Eastern District of New York (Brooklyn)
### Adversary Proceeding #: 1-11-01520-ess

*Assigned to:* Elizabeth S. Stong                    *Date Filed:* 12/03/11
*Lead BK Case:* 10-46901
*Lead BK Title:* Shahara Khan
*Lead BK Chapter:* 7
*Demand:* $36000

*Nature[s] of Suit:* 11 Recovery of money/property - 542 turnover of property
                     02 Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)

### Plaintiff
-----------------------
**Debra Kramer as Trustee of the Estate of Shahara Khan** represented by **Avrum J. Rosen**
                                                                        The Law Offices of Avrum J. Rosen, PLLC
                                                                        38 New Street
                                                                        Huntington, NY 11743
                                                                        (631) 423-8527
                                                                        Fax : (631) 423-4536
                                                                        Email: ajrlaw@aol.com

                                                                        **Avrum J. Rosen**
                                                                        (See above for address)
                                                                        *LEAD ATTORNEY*

                                                                        **Fred S Kantrow**
                                                                        The Law Offices of Avrum J. Rosen, PLLC
                                                                        38 New Street
                                                                        Huntington, NY 11743
                                                                        (631) 423-8527
                                                                        Fax : (631) 423-4536
                                                                        Email: fkantrow@avrumrosenlaw.com

                                                                        **Katherine Geraci**
                                                                        Law Office of Avrum Rosen
                                                                        38 New Street
                                                                        Huntington, NY 11743
                                                                        631-423-8527
                                                                        Fax : 631-423-4536
                                                                        Email: kgeraci@avrumrosenlaw.com

V.

### Defendant
-----------------------
**Tozammel H Mahia**                          represented by **Christine T Castiglia-Rubinstein**
                                                              Castiglia-Rubinstein & Associates
                                                              455 Broad Hollow Road
                                                              Suite CL-10
                                                              Melville, NY 11747
                                                              631414-7516 /631465-0444
                                                              Fax : (877) 884-5574
                                                              Email: gortiz@estateacts.com

Case 1:13-cv-03079-DLI    Document 1-49    Filed 05/24/13    Page 24 of 110 PageID #: 696

**Karamvir Dahiya**
Dahiya Law Offices, LLC
350 Broadway Suite 412
New York, NY 10013
(212)766-8000
Fax : (212)766-8001
Email: karam@bankruptcypundit.com

*Counter-Claimant*
----------------------
**Tozammel H Mahia**                                    represented by **Christine T Castiglia-Rubinstein**
                                                        (See above for address)

                                                        **Karamvir Dahiya**
                                                        (See above for address)

V.

*Counter-Defendant*
----------------------
**Debra Kramer as Trustee of the Estate of Shahara Khan**

| Filing Date | # | Docket Text |
|---|---|---|
| 12/03/2011 | 1 | Adversary case 1-11-01520. Complaint by Debra Kramer against Tozammel H Mahia. Receipt Number deferred, Fee Amount $293. Nature(s) of Suit: (11 (Recovery of money/property - 542 turnover of property)), (02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))). (Attachments: # 1 Adversary Cover Sheet) (Kantrow, Fred) (Entered: 12/03/2011) |
| 12/05/2011 | 2 | Summons and Notice of Pre-Trial Conference issued by Clerk's Office against Tozammel H Mahia Answer Due: 1/4/2012. Pre-Trial Conference set for 1/24/2012 at 09:30 AM at Courtroom 3585 ( Judge Stong), Brooklyn, NY. (aac) (Entered: 12/05/2011) |
| 12/07/2011 | 3 | Summons Served on Tozammel H Mahia 12/7/2011 . (The Law Offices of Avrum J. Rosen, PLLC) (Entered: 12/07/2011) |
| 01/24/2012 | | Hearing Held and Adjourned; (related document(s): 1 Complaint) Appearance by Plaintiff and Defendant - Time to respond to complaint extended to 1/31/2012 - IT IS SO ORDERED BY s/Elizabeth S. Stong. Endorsed on Calendar dated 1/24/12. (This is a text Order, no document is attached) Court to Issue Scheduling Order As Reflected in the Record - Pre-Trial Conference set for 02/23/2012 at 09:30 AM at Courtroom 3585 ( Judge Stong), Brooklyn, NY. (sjackson) (Entered: 01/24/2012) |
| 01/24/2012 | | Tozammel H Mahia Answer Deadline Reset for 1/31/2012 (sej) (Entered: 01/24/2012) |
| 01/24/2012 | 4 | Notice of Appearance and Request for Notice Filed by Karamvir Dahiya on behalf of Tozammel H Mahia (Dahiya, Karamvir) (Entered: 01/24/2012) |

Case 1:13-cv-03079-DLI    Document 1-49    Filed 05/24/13    Page 25 of 110 PageID #: 697

| 01/25/2012 | 5 | Pre-Trial Scheduling Order. Adjourned Pre-Trial Conference set for 2/23/2012 at 09:30 AM at Courtroom 3585 (Judge Stong), Brooklyn, NY; Ordered, that Karamvir Dahiya, counsel for the Defendant, is directed to file a notice of appearance in this case; and it is further Ordered, that the Defendant is directed to serve and file an answer to the complaint by January 31, 2012 Signed on 1/25/2012 (dtg) (Entered: 01/27/2012) |
| 01/27/2012 | 6 | Court's Service List (RE: related document(s)5 Scheduling Order) (dtg) Additional attachment(s) added on 1/27/2012 (dtg). (Entered: 01/27/2012) |
| 01/29/2012 | 7 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 01/29/2012. (Admin.) (Entered: 01/30/2012) |
| 02/07/2012 | 8 | Answer to Complaint *with demand for Jury trial under Article III*, Counterclaim by Tozammel H Mahia against Debra Kramer as Trustee of the Estate of Shahara Khan *for Abuse of Process and Tort under Biven* Filed by Karamvir Dahiya on behalf of Tozammel H Mahia (Dahiya, Karamvir) (Entered: 02/07/2012) |
| 02/21/2012 | 9 | Notice of Proposed Stipulation By and Between Debra Kramer, Trustee and Defendant Tozammel H. Mahia's Counsel to Extend Time to Answer, Move or Otherwise Respond Filed by Debra Kramer as Trustee of the Estate of Shahara Khan (related document(s)8). (Kramer, Debra) (Entered: 02/21/2012) |
| 02/23/2012 | | Hearing Held and Adjourned; (related document(s): 1 Complaint) Appearance by Plaintiff and Defendant - Pre-Trial Conference set for 04/24/2012 at 09:30 AM at Courtroom 3585 ( Judge Stong), Brooklyn, NY. (sjackson) (Entered: 02/23/2012) |
| 02/23/2012 | 10 | Stipulation and Order by and Between Debra Kramer, as Trustee of the Estate of Shahara Khan and Tozammel H. Mahia Extending the Time for Debra Kramer as Trustee of the Estate of Shahara Khan to answer, move or otherwise respond to the counterclaims asserted in the Defendants Answer to and including March 28, 2012. Signed on 2/23/2012 (aac) (Entered: 02/24/2012) |
| 03/19/2012 | 11 | (CAPTION INCORRECT - TRUSTEE ADVISED TO AMEND) Motion to Extend Time *to answer counterclaims*, in addition to Motion For Sanctions Under USC 28 Section 1927 Attorney Liability for Excessive Costs Filed by Katherine Geraci on behalf of Debra Kramer as Trustee of the Estate of Shahara Khan. (Attachments: # 1 Affidavit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Proposed Order) (Geraci, Katherine) Modified on 3/20/2012 (aac). (Entered: 03/19/2012) |
| 03/20/2012 | 12 | Notice of Proposed Stipulation By and Between Debra Kramer as Trustee of the Estate of Shahara Khan and Counsel for Tozammel H. Mahia to Further Extend Time to Answer, Move or Otherwise Respond Filed by Debra Kramer as Trustee of the Estate of Shahara Khan. (Kramer, Debra) (Entered: 03/20/2012) |
| 03/21/2012 | 13 | Stipulation and Order by and Between Debra Kramer, as Trustee of the Estate of Shahara Khan and Tozammel H. Mahia Extending Time for Debra Kramer as Trustee of the Estate of Shahara Khan to Answer, move or otherwise respond to the counterclaims asserted in the Defendants Answer. Answer Due 5/4/2012. Signed on 3/21/2012 (aac) (Entered: 03/22/2012) |

Case 1:13-cv-03079-DLI    Document 1-49    Filed 05/24/13    Page 26 of 110 PageID #: 698

| | | |
|---|---|---|
| 03/24/2012 | 14 | Letter *withdrawing the trustee/plaintiff's application to schedule a hearing on an expedited basis* Filed by Fred S Kantrow on behalf of Debra Kramer as Trustee of the Estate of Shahara Khan (RE: related document(s)11 Motion to Extend Time filed by Counter-Defendant Debra Kramer as Trustee of the Estate of Shahara Khan, Plaintiff Debra Kramer as Trustee of the Estate of Shahara Khan, Motion for Sanctions Under USC 28 Section 1927) (Kantrow, Fred) (Entered: 03/24/2012) |
| 03/24/2012 | 15 | Motion For Sanctions Under USC 28 Section 1927 Attorney Liability for Excessive Costs . Objections to be filed on 4/17/12. Filed by Fred S Kantrow on behalf of Debra Kramer as Trustee of the Estate of Shahara Khan. Hearing scheduled for 4/24/2012 at 09:30 AM at Courtroom 3585 ( Judge Stong), Brooklyn, NY. (Attachments: # 1 Exhibit Pleading# 2 Exhibit "A" Decision of the Hon. Alan S. Trust# 3 Exhibit "B" Pleadings in In re Chatkahn, Adv. Pro. No. 11-1017-cec# 4 Exhibit "C" Pleadings in Barnard v. Arif er al, 09-8315-ast) (Kantrow, Fred) (Entered: 03/24/2012) |
| 03/26/2012 | 16 | Affidavit/Certificate of Service Filed by Avrum J. Rosen on behalf of Debra Kramer as Trustee of the Estate of Shahara Khan (RE: related document(s)15 Motion for Sanctions Under USC 28 Section 1927 filed by Counter-Defendant Debra Kramer as Trustee of the Estate of Shahara Khan, Plaintiff Debra Kramer as Trustee of the Estate of Shahara Khan) (Rosen, Avrum) (Entered: 03/26/2012) |
| 04/23/2012 | 17 | Letter *Terminating Prior Counsel* Filed by Christine T Castiglia-Rubinstein on behalf of Tozammel H Mahia (Castiglia-Rubinstein, Christine) (Entered: 04/23/2012) |
| 04/23/2012 | 18 | Affirmation in Opposition Filed by Karamvir Dahiya on behalf of Tozammel H Mahia (RE: related document(s)15 Motion for Sanctions Under USC 28 Section 1927 filed by Counter-Defendant Debra Kramer as Trustee of the Estate of Shahara Khan, Plaintiff Debra Kramer as Trustee of the Estate of Shahara Khan) (Dahiya, Karamvir) (Entered: 04/23/2012) |
| 04/23/2012 | 19 | Letter *Withdrawing Counterclaim* Filed by Christine T Castiglia-Rubinstein on behalf of Tozammel H Mahia (Castiglia-Rubinstein, Christine) (Entered: 04/23/2012) |
| 04/24/2012 | 20 | Letter *Withdrawing Multiple Counter Claims</(related doc 8)i> Filed by Christine T Castiglia-Rubinstein on behalf of Tozammel H Mahia (Castiglia-Rubinstein, Christine) Modified on 4/26/2012 (ads). (Entered: 04/24/2012)* |
| 04/24/2012 | | Hearing Held and Adjourned; (related document(s): 1 Complaint) Appearance by Plaintiff and Defendant - Pre-Trial Conference set for 06/13/2012 at 09:00 AM at Courtroom 3585 ( Judge Stong), Brooklyn, NY. (Entered: 04/24/2012) |
| 04/24/2012 | | Hearing Held and Adjourned; (related document(s): 15 Motion for Sanctions Under USC 28 Section 1927) Appearance by Plaintiff and Defendant - Hearing scheduled for 06/13/2012 at 09:00 AM at Courtroom 3585 ( Judge Stong), Brooklyn, NY. (sjackson) (Entered: 04/24/2012) |
| | | Pre-Hearing Order. The parties shall appear on June 13, 2012 at 9:00 a.m. for an evidentiary hearing on the Motion for Sanctions. On or before June 1, 2012, each party shall file a pre-hearing statement and on or before June 1, 2012, each |

Case 1-11-01520-ess    Doc 72-2    Filed 01/04/13    Entered 01/04/13 12:47:23
Live Database: nyeb_live                                                    Page 5 of 12
Case 1:13-cv-03079-DLI    Document 1-49    Filed 05/24/13    Page 27 of 110 PageID #: 699

| | | |
|---|---|---|
| 04/26/2012 | 21 | party shall provide the Court with two copies of each exhibit that it intends to offer, and shall indicate whether an objection to admissibility is anticipated (RE: related document(s)15 Motion for Sanctions Under USC 28 Section 1927 filed by Counter-Defendant Debra Kramer as Trustee of the Estate of Shahara Khan, Plaintiff Debra Kramer as Trustee of the Estate of Shahara Khan). Signed on 4/26/2012 (aac) (Entered: 04/27/2012) |
| 06/01/2012 | 22 | Pre-Trial Statement Filed by Avrum J. Rosen on behalf of Debra Kramer as Trustee of the Estate of Shahara Khan (RE: related document(s)21 Order) (Attachments: # 1 Exhibit List of Exhibits# 2 Exhibit) (Rosen, Avrum) (Entered: 06/01/2012) |
| 06/04/2012 | 23 | Affidavit/Certificate of Service Filed by Avrum J. Rosen on behalf of Debra Kramer as Trustee of the Estate of Shahara Khan (RE: related document(s)22 Pre-Trial Statement filed by Counter-Defendant Debra Kramer as Trustee of the Estate of Shahara Khan, Plaintiff Debra Kramer as Trustee of the Estate of Shahara Khan) (Rosen, Avrum) (Entered: 06/04/2012) |
| 06/08/2012 | 24 | Letter Filed by Karamvir Dahiya on behalf of Tozammel H Mahia (RE: related document(s)1 Complaint, 15 Motion for Sanctions Under USC 28 Section 1927 ) (sej) (Entered: 06/11/2012) |
| 06/11/2012 | 25 | Letter *Objecting to Adjournment* Filed by Avrum J. Rosen on behalf of Debra Kramer as Trustee of the Estate of Shahara Khan (RE: related document(s)24 Letter filed by Counter-Claimant Tozammel H Mahia, Defendant Tozammel H Mahia) (Attachments: # 1 Exhibit A-G to Letter) (Rosen, Avrum) (Entered: 06/11/2012) |
| 06/13/2012 | | Hearing Held and Adjourned; (related document(s): 1 Complaint) - Appearance by Plaintiff and Defendant - Pre-Trial Conference set for 07/16/2012 at 09:30 AM at Courtroom 3585 ( Judge Stong), Brooklyn, NY. (sjackson) (Entered: 06/21/2012) |
| 06/13/2012 | | Hearing Held and Adjourned; (related document(s): 15 Motion for Sanctions Under USC 28 Section 1927) Appearance by Plaintiff and Defendant - Hearing scheduled for 07/16/2012 at 09:30 AM at Courtroom 3585 ( Judge Stong), Brooklyn, NY. (sjackson) (Entered: 06/21/2012) |
| 06/14/2012 | 26 | Pre-Hearing Order. The parties shall appear on July 16, 2012 at 9:30 a.m. for an evidentiary hearing on the Motion for Sanctions. On or before June 27, 2012, Mr. Dahiya shall file a pre-hearing statement and, on or before June 27, 2012, Mr. Dahiya shall provide the Court with two copies of each exhibit that he intends to offer and shall indicate whether an objection to admissibility is anticipated. It is Further Ordered that counsel for Mr. Dahiya is directed to file a notice of appearance on or before June 20, 2012 (RE: related document(s)15 Motion for Sanctions Under USC 28 Section 1927). Signed on 6/14/2012. (aac) (Entered: 06/15/2012) |
| 06/20/2012 | 27 | Notice of Appearance and Request for Notice Filed by Wayne M Greenwald on behalf of Karamvir Dahiya (Greenwald, Wayne) (Entered: 06/20/2012) |
| | | Letter Filed by Wayne M Greenwald on behalf of Karamvir Dahiya (RE: related document(s)15 Motion for Sanctions Under USC 28 Section 1927 filed by Counter-Defendant Debra Kramer as Trustee of the Estate of Shahara Khan, Plaintiff Debra Kramer as Trustee of the Estate of Shahara Khan, 27 Notice of |

Case 1:13-cv-03079-DLI    Document 1-49    Filed 05/24/13    Page 28 of 110 PageID #: 700

| 06/20/2012 | 28 | Appearance filed by Former Attorney Karamvir Dahiya) (Greenwald, Wayne) (Entered: 06/20/2012) |
| 06/21/2012 | 29 | Letter *in response to request for adjournment* Filed by Avrum J. Rosen on behalf of Debra Kramer as Trustee of the Estate of Shahara Khan (RE: related document(s)28 Letter filed by Former Attorney Karamvir Dahiya) (Rosen, Avrum) (Entered: 06/21/2012) |
| 06/28/2012 | 30 | Pre-Hearing Order. That the evidentiary hearing scheduled for July 16, 2012 at 9:30 a.m. is adjourned, on consent of the Trustee, to September 13, 2012 at 1:00 p.m. and that On or before September 6, 2012, Mr. Dahiya shall file a pre-hearing statement and, on or before September 6, 2012, Mr. Dahiya shall provide the Court with two copies of each exhibit that he intends to offer and shall indicate whether an objection to admissibility is anticipated (RE: related document(s)15 Motion for Sanctions Under USC 28 Section 1927). Signed on 6/28/2012. Hearing scheduled for 9/13/2012 at 01:00 PM at Courtroom 3585 ( Judge Stong), Brooklyn, NY. (aac) (Entered: 06/29/2012) |
| 07/16/2012 | | Adjourned Without Hearing (related document(s): 1 Complaint filed by Debra Kramer) Pre-Trial Conference set for 09/13/2012 at 01:00 PM at Courtroom 3585 ( Judge Stong), Brooklyn, NY. (sjackson) (Entered: 07/27/2012) |
| 07/16/2012 | | Adjourned Without Hearing (related document(s): 15 Motion for Sanctions Under USC 28 Section 1927 filed by Debra Kramer as Trustee of the Estate of Shahara Khan) Hearing scheduled for 09/13/2012 at 01:00 PM at Courtroom 3585 ( Judge Stong), Brooklyn, NY. (sjackson) (Entered: 07/27/2012) |
| 09/07/2012 | 31 | Letter *Advising of agreement to extend respondent's time to serve and file opposition* Filed by Wayne M Greenwald on behalf of Karamvir Dahiya (RE: related document(s)15 Motion for Sanctions Under USC 28 Section 1927 filed by Counter-Defendant Debra Kramer as Trustee of the Estate of Shahara Khan, Plaintiff Debra Kramer as Trustee of the Estate of Shahara Khan) (Greenwald, Wayne) (Entered: 09/07/2012) |
| 09/07/2012 | 32 | So Ordered - Time to file opposition extended on consent to September 10, 2012, at 4:00 p.m.(RE: related document(s)15 Motion for Sanctions Under USC 28 Section 1927 filed by Counter-Defendant Debra Kramer as Trustee of the Estate of Shahara Khan, Plaintiff Debra Kramer as Trustee of the Estate of Shahara Khan, 30 Order to Schedule Hearing , 31 Letter filed by Former Attorney Karamvir Dahiya). Signed on 9/7/2012 (sej) (Entered: 09/07/2012) |
| 09/10/2012 | 33 | Affirmation in Opposition Filed by Karamvir Dahiya on behalf of Karamvir Dahiya (RE: related document(s)15 Motion for Sanctions Under USC 28 Section 1927 filed by Counter-Defendant Debra Kramer as Trustee of the Estate of Shahara Khan, Plaintiff Debra Kramer as Trustee of the Estate of Shahara Khan) (Attachments: # 1 Exhibit Declaration) (Dahiya, Karamvir) (Entered: 09/10/2012) |
| 09/10/2012 | 34 | Proposed Response *Prehearing Statment* Filed by Karamvir Dahiya on behalf of Karamvir Dahiya (RE: related document(s)15 Motion for Sanctions Under USC 28 Section 1927 filed by Counter-Defendant Debra Kramer as Trustee of the Estate of Shahara Khan, Plaintiff Debra Kramer as Trustee of the Estate of Shahara Khan) (Dahiya, Karamvir) (Entered: 09/10/2012) |
| | | Reply Filed by Avrum J. Rosen on behalf of Debra Kramer as Trustee of the |

Case 1-11-01520-ess    Doc 72-2    Filed 01/04/13    Entered 01/04/13 12:47:23
Live Database: nyeb_live                                                                      Page 7 of 12
Case 1:13-cv-03079-DLI    Document 1-49    Filed 05/24/13    Page 29 of 110 PageID #: 701

| 09/11/2012 | 35 | Estate of Shahara Khan (RE: related document(s)33 Affirmation in Opposition; 15 Motion for Sanctions Under USC 28 Section 1927 filed by Counter-Defendant Debra Kramer as Trustee of the Estate of Shahara Khan, Plaintiff Debra Kramer as Trustee of the Estate of Shahara Khan) (Rosen, Avrum) . (Entered: 09/11/2012) |
| --- | --- | --- |
| 09/12/2012 | 36 | Affidavit/Certificate of Service Filed by Avrum J. Rosen on behalf of Debra Kramer as Trustee of the Estate of Shahara Khan (RE: related document(s)35 Reply filed by Counter-Defendant Debra Kramer as Trustee of the Estate of Shahara Khan, Plaintiff Debra Kramer as Trustee of the Estate of Shahara Khan) (Rosen, Avrum) (Entered: 09/12/2012) |
| 09/13/2012 | | Hearing Held and Adjourned; (related document(s): 1 Complaint filed by Debra Kramer) Pre-Trial Conference set for 11/20/2012 at 10:00 am at Courtroom 3585 ( Judge Stong), Brooklyn, NY. (sjackson) Modified on 9/19/2012 to correct time of hearing (sej). (Entered: 09/19/2012) |
| 09/13/2012 | | Hearing Held and Adjourned; (related document(s): 15 Motion for Sanctions Under USC 28 Section 1927 filed by Debra Kramer as Trustee of the Estate of Shahara Khan) Settled - Stipulation to be submitted - Hearing scheduled for 11/20/2012 at 10:00 AM at Courtroom 3585 ( Judge Stong), Brooklyn, NY. (sjackson) (Entered: 09/21/2012) |
| 09/19/2012 | 37 | Letter of Adjournment: Hearing rescheduled from 9/13/12 at 1:00 p.m. to 11/20/12 at 10:00 a.m. Filed by Avrum J. Rosen on behalf of Debra Kramer as Trustee of the Estate of Shahara Khan (RE: related document(s)1 Complaint, Hearing Held and Adjourned (Case Owned AP)) (Rosen, Avrum) (Entered: 09/19/2012) |
| 10/18/2012 | 38 | Notice of Proposed Stipulation By and Between Karamvir Dahiya, Dahiya Law Office LLC, Cuevsa & Greenwald, Wayne Greenwald, Carlos Cuevas to Discharging Counsel Filed by Wayne M Greenwald on behalf of Wayne Greenwald (Greenwald, Wayne) (Entered: 10/18/2012) |
| 10/18/2012 | 39 | Letter *Advising Court of Discharge of Counsel and Breakdown of Settlement* Filed by Wayne M Greenwald on behalf of Wayne Greenwald (RE: related document(s)38 Notice of Proposed Stipulation filed by Attorney Wayne Greenwald) (Greenwald, Wayne) (Entered: 10/18/2012) |
| 10/18/2012 | 40 | Letter *advising about settlement* Filed by Karamvir Dahiya on behalf of Karamvir Dahiya (RE: related document(s)15 Motion for Sanctions Under USC 28 Section 1927 filed by Counter-Defendant Debra Kramer as Trustee of the Estate of Shahara Khan, Plaintiff Debra Kramer as Trustee of the Estate of Shahara Khan) (Dahiya, Karamvir) (Entered: 10/18/2012) |
| 10/25/2012 | 41 | Letter *requesting a new hearing date* Filed by Avrum J. Rosen on behalf of Debra Kramer as Trustee of the Estate of Shahara Khan (RE: related document (s)15 Motion for Sanctions Under USC 28 Section 1927 filed by Counter-Defendant Debra Kramer as Trustee of the Estate of Shahara Khan, Plaintiff Debra Kramer as Trustee of the Estate of Shahara Khan) (Rosen, Avrum) (Entered: 10/25/2012) |
| | | Order Scheduling Telephonic Conference (RE: related document(s)41 Letter filed by Counter-Defendant Debra Kramer as Trustee of the Estate of Shahara Khan, Plaintiff Debra Kramer as Trustee of the Estate of Shahara Khan). |

Case 1:13-cv-03079-DLI    Document 1-49    Filed 05/24/13    Page 30 of 110 PageID #: 702

| 10/26/2012 | 42 | Signed on 10/26/2012. Telephonic conference will be held on 10/31/2012 at 10:00 AM at Courtroom 3585 ( Judge Stong), Brooklyn, NY. (aac) (Entered: 10/26/2012) |
| 10/26/2012 | 43 | Letter Filed by Karamvir Dahiya on behalf of Karamvir Dahiya (Dahiya, Karamvir) (Entered: 10/26/2012) |
| 10/28/2012 | 44 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 10/28/2012. (Admin.) (Entered: 10/29/2012) |
| 10/31/2012 | | Hearing Held and Adjourned; (related document(s): 41 Letter filed by Debra Kramer as Trustee of the Estate of Shahara Khan, 42 Order to Schedule Hearing (Generic)) Appearance by Plaintiff and Defendant - Court to Issue Pre Hearing Order - Hearing scheduled for 11/30/2012 at 01:00 PM at Courtroom 3585 ( Judge Stong), Brooklyn, NY. (sjackson) (Entered: 10/31/2012) |
| 11/01/2012 | 45 | Transcript & Notice regarding the hearing held on 09/13/12. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. (RE: related document(s) 1 Adversary case 1-11-01520. Complaint by Debra Kramer against Tozammel H Mahia. Receipt Number deferred, Fee Amount $293. Nature, 15 Motion For Sanctions Under USC 28 Section 1927 Attorney Liability for Excessive Costs . Objections to be filed on 4/17/12. Filed by Fred S Kantrow on behalf of Debra Kramer as Trustee of the Estate of Shahara Khan. Hearing scheduled for 4/24/2012 at 09:30 AM at Courtroom 3585). Notice of Intent to Request Redaction Due By 11/8/2012. Redaction Request Due By 11/23/2012. Redacted Transcript Submission Due By 12/3/2012. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 01/30/2013 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (Riemer, Shari) (Entered: 11/01/2012) |
| 11/07/2012 | 46 | Stipulation and Order Discharging Counsel Wayne Greenwald, Carlos Cuevas and Cuevas & Greenwald, P.C., as Attorneys for the respondents, Karamvir Dahiya and the Dahiya Law Offices, LLC, in the referenced cases by and between Karamvir Dahiya, Dahiya Law Offices, LLC, and Wayne M. Greenwald, Carlos J. Cuevas, Cuevas & Greenwald, P.C. (RE: related document(s)38 Notice of Proposed Stipulation filed by Attorney Wayne Greenwald). Signed on 11/7/2012 (fmr) (Entered: 11/09/2012) |
| 11/07/2012 | 47 | Scheduling Order. Ordered, that an adjourned hearing on the Movant's motion shall be held on 11/30/2012 at 01:00 PM at Courtroom 3585 ( Judge Stong), Brooklyn, NY. (related document(s): 41 Letter filed by Debra Kramer as Trustee of the Estate of Shahara Khan, 42 Order to Schedule Hearing (RE: 15 Motion for Sanctions Under USC 28 Section 1927 ) Signed on 11/7/2012 (fmr) (Entered: 11/09/2012) |
| 11/11/2012 | 48 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 11/11/2012. (Admin.) (Entered: 11/12/2012) |
| 11/12/2012 | 49 | Motion for Jury Trial Filed by Karamvir Dahiya on behalf of Karamvir Dahiya (related document(s)15). (Dahiya, Karamvir) (Entered: 11/12/2012) |
| | | Motion for Withdrawal of Reference Fee Amount $ 176 Filed by Karamvir Dahiya on behalf of Karamvir Dahiya (RE: related document(s)15 Motion for Sanctions Under USC 28 Section 1927 filed by Counter-Defendant Debra |

Case 1:13-cv-03079-DLI    Document 1-49    Filed 05/24/13    Page 31 of 110 PageID #: 703

| | | |
|---|---|---|
| 11/19/2012 | 50 | Kramer as Trustee of the Estate of Shahara Khan, Plaintiff Debra Kramer as Trustee of the Estate of Shahara Khan). (Attachments: # 1 Exhibit Ex. B# 2 Exhibit Ex. C. Answer# 3 Exhibit Ex. D# 4 Exhibit Ex. D# 5 Exhibit Ex. E.) (Dahiya, Karamvir) (Entered: 11/19/2012) |
| 11/20/2012 | | Receipt of Motion for Withdrawal of Reference(1-11-01520-ess) [motion,mwdref] ( 176.00) Filing Fee. Receipt number 10681560. Fee amount 176.00. (U.S. Treasury) (Entered: 11/20/2012) |
| 11/20/2012 | 51 | Transmittal of Record on Motion for Withdrawal of Reference to District Court (RE: related document(s) 50 Motion for Withdrawal of Reference filed by Karamvir Dahiya15 Motion for Sanctions Under USC 28 Section 1927 filed by Debra Kramer as Trustee of the Estate of Shahara Khan, Plaintiff Debra Kramer as Trustee of the Estate of Shahara Khan, 18 Affirmation in Opposition by Karamvir Dahiya) (fmr) (Entered: 11/20/2012) |
| 11/20/2012 | | Adjourned Without Hearing (related document(s): 15 Motion for Sanctions Under USC 28 Section 1927 filed by Debra Kramer as Trustee of the Estate of Shahara Khan) Hearing scheduled for 11/30/2012 at 01:00 PM at Courtroom 3585 ( Judge Stong), Brooklyn, NY. (sjackson) (Entered: 11/21/2012) |
| 11/20/2012 | | Hearing Held and Adjourned; (related document(s): 1 Complaint filed by Debra Kramer) Appearance by Plaintiff - No Appearance by Defendant - Complete discovery by 1/21/2013 - Direct parties to appear - Court to Issue Scheduling Order - Pre-Trial Conference set for 01/22/2013 at 02:00 PM at Courtroom 3585 ( Judge Stong), Brooklyn, NY. (sjackson) (Entered: 11/21/2012) |
| 11/21/2012 | 53 | Notice of Docketing Withdrawal of Reference to the District Court. Civil Action Number: 12-mc-00794 District Court Judge Dora Lizette Irizarry assigned. (nds) (Entered: 11/27/2012) |
| 11/26/2012 | 52 | Letter *from of counsel Krishnan Chittur, Esq.* Filed by Karamvir Dahiya on behalf of Karamvir Dahiya (RE: related document(s)15 Motion for Sanctions Under USC 28 Section 1927 filed by Counter-Defendant Debra Kramer as Trustee of the Estate of Shahara Khan, Plaintiff Debra Kramer as Trustee of the Estate of Shahara Khan, 49 Motion for Jury Trial filed by Former Attorney Karamvir Dahiya, 50 Motion for Withdrawal of Reference filed by Former Attorney Karamvir Dahiya) (Dahiya, Karamvir) (Entered: 11/26/2012) |
| 11/27/2012 | 54 | Scheduling Order. Parties shall complete discovery by 1/21/2013 and the parties are directed to appear, in person or by counsel, at an adjourned pre-trial conference that shall be held on January 22, 2013, at 2:00PM. Signed on 11/27/2012 (aac) (Entered: 11/28/2012) |
| 11/28/2012 | 55 | Court's Service List (RE: related document(s)54 Scheduling Order) (aac) (Entered: 11/28/2012) |
| 11/28/2012 | 56 | Order that the request, by letter dated November 26, 2012, for the entry of an order canceling the evidentiary [hearing] currently scheduled for November 30, 2012 or adjourning that hearing to an unspecified date, pending the district courts determination of the motion to withdraw the reference is DENIED (RE: related document(s)52 Letter filed by Former Attorney Karamvir Dahiya). Signed on 11/28/2012 (aac) (Entered: 11/29/2012) |
| | | Letter *to Judge Stong* Filed by Karamvir Dahiya on behalf of Karamvir Dahiya |

Case 1:13-cv-03079-DLI    Document 1-49    Filed 05/24/13    Page 32 of 110 PageID #: 704

| | | |
|---|---|---|
| 11/29/2012 | 57 | (RE: related document(s)15 Motion for Sanctions Under USC 28 Section 1927 filed by Counter-Defendant Debra Kramer as Trustee of the Estate of Shahara Khan, Plaintiff Debra Kramer as Trustee of the Estate of Shahara Khan, 50 Motion for Withdrawal of Reference filed by Former Attorney Karamvir Dahiya) (Dahiya, Karamvir) (Entered: 11/29/2012) |
| 11/29/2012 | 58 | So Ordered - The request to adjourn the evidentiary hearing scheduled for November 30, 2012, is denied. (RE: related document(s)15 Motion for Sanctions Under USC 28 Section 1927 filed by Plaintiff Debra Kramer as Trustee of the Estate of Shahara Khan, 50 Motion for Withdrawal of Reference filed by Former Attorney Karamvir Dahiya, 57 Letter filed by Former Attorney Karamvir Dahiya). Signed on 11/29/2012 (sej) (Entered: 11/29/2012) |
| 11/30/2012 | 59 | Order Denying Motion For Jury Trial (Related Doc # 49) Signed on 11/30/2012. (aac) (Entered: 11/30/2012) |
| 11/30/2012 | 60 | Court's Service List (RE: related document(s)59 Order on Motion for Jury Trial) (aac) (Entered: 11/30/2012) |
| 11/30/2012 | | Hearing Held; (related document(s): 41 Letter filed by Debra Kramer as Trustee of the Estate of Shahara Khan, 42 Order to Schedule Hearing (Generic)) Appearance by Trustee and Dahiya - MARKED OFF, IT IS SO ORDERED BY s/Elizabeth S. Stong. Endorsed on Calendar dated 11/30/12. (This is a text Order, no document is attached) (sjackson) (Entered: 11/30/2012) |
| 11/30/2012 | | Hearing Held; (related document(s): 15 Motion for Sanctions Under USC 28 Section 1927 filed by Debra Kramer as Trustee of the Estate of Shahara Khan) Appearance by Trustee and Dahiya - Submitted - Decision reserved. (sjackson) (Entered: 11/30/2012) |
| 11/30/2012 | 61 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 11/30/2012. (Admin.) (Entered: 12/01/2012) |
| 12/02/2012 | 62 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 12/02/2012. (Admin.) (Entered: 12/03/2012) |
| 12/04/2012 | 63 | (ENTERED IN ERROR. TRANSCRIBER ADVISED TO RE-FILE) Transcript & Notice regarding the hearing held on 11/30/12. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. (RE: related document(s) 15 Motion For Sanctions Under USC 28 Section 1927 Attorney Liability for Excessive Costs . Objections to be filed on 4/17/12. Filed by Fred S Kantrow on behalf of Debra Kramer as Trustee of the Estate of Shahara Khan. Hearing scheduled for 4/24/2012 at 09:30 AM at Courtroom 3585, 42 Order Scheduling Telephonic Conference). Notice of Intent to Request Redaction Due By 12/11/2012. Redaction Request Due By 12/26/2012. Redacted Transcript Submission Due By 01/4/2013. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 03/4/2013 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (Rupa, Dion) Modified on 12/6/2012 (mmr). (Entered: 12/04/2012) |
| 12/05/2012 | 64 | Notice of Appearance and Request for Notice Filed by Karamvir Dahiya on behalf of Tozammel H Mahia (Attachments: # 1 Exhibit discharging former attorney) (Dahiya, Karamvir) (Entered: 12/05/2012) |

Case 1:13-cv-03079-DLI     Document 1-49     Filed 05/24/13     Page 33 of 110 PageID #: 705

| | | |
|---|---|---|
| 12/05/2012 | 65 | Letter *demanding account and cease communication with Mr. Mahia* Filed by Karamvir Dahiya on behalf of Tozammel H Mahia (RE: related document(s)64 Notice of Appearance filed by Counter-Claimant Tozammel H Mahia, Defendant Tozammel H Mahia) (Dahiya, Karamvir) (Entered: 12/05/2012) |
| 12/05/2012 | 66 | Emergency Motion for Withdrawal of Reference *of the underlying adversary complaint* Fee Amount $ 176 Filed by Karamvir Dahiya on behalf of Tozammel H Mahia. (Attachments: # 1 Exhibit Answer# 2 Exhibit First letter withdrawal of counterclaims# 3 Exhibit Second Letter regarding counterclaims) (Dahiya, Karamvir) (Entered: 12/05/2012) |
| 12/05/2012 | | Receipt of Motion for Withdrawal of Reference(1-11-01520-ess) [motion,mwdref] ( 176.00) Filing Fee. Receipt number 10732146. Fee amount 176.00. (U.S. Treasury) (Entered: 12/05/2012) |
| 12/06/2012 | 67 | Transmittal of Record on Motion for Withdrawal of Reference to District Court (RE: related document(s)1 Complaint, 66 Motion for Withdrawal of Reference filed by Counter-Claimant Tozammel H Mahia, Defendant Tozammel H Mahia) (aac) (Entered: 12/06/2012) |
| 12/06/2012 | 68 | Transcript & Notice regarding the hearing held on 11/30/12. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. (RE: related document(s) 15 Motion For Sanctions Under USC 28 Section 1927 Attorney Liability for Excessive Costs . Objections to be filed on 4/17/12. Filed by Fred S Kantrow on behalf of Debra Kramer as Trustee of the Estate of Shahara Khan. Hearing scheduled for 4/24/2012 at 09:30 AM at Courtroom 3585, 42 Order Scheduling Telephonic Conference). Notice of Intent to Request Redaction Due By 12/13/2012. Redaction Request Due By 12/27/2012. Redacted Transcript Submission Due By 01/7/2013. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 03/6/2013 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (Rupa, Dion) (Entered: 12/06/2012) |
| 12/09/2012 | 69 | BNC Certificate of Mailing with Notice of Filing of Official Transcript (AP) Notice Date 12/09/2012. (Admin.) (Entered: 12/10/2012) |
| 12/12/2012 | 70 | Letter *filed with the dist ct. requesting conference* Filed by Karamvir Dahiya on behalf of Tozammel H Mahia (RE: related document(s)66) (Dahiya, Karamvir) (Entered: 12/12/2012) |
| 12/12/2012 | 71 | Notice of Docketing Record on Motion to Withdraw Reference to District Court. Civil Action Number: 12-mc-00832 District Court Judge Roslynn R. Mauskopf assigned (RE: related document(s)66 Motion for Withdrawal of Reference) . (aac) (Entered: 12/28/2012) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/02/2013 20:59:29 | | |
| PACER | ar0090 | Client | kramer/khan |

Case 1:13-cv-03079-DLI   Document 1-49   Filed 05/24/13   Page 34 of 110 PageID #: 706

| Login: | | Code: | |
|---|---|---|---|
| **Description:** | Docket Report | **Search Criteria:** | 1-11-01520-ess Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html |
| **Billable Pages:** | 9 | **Cost:** | 0.90 |

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------X      Case No. 10-46901-ESS

IN RE:

       **SHAHARA KHAN**

                  Debtor.

-------------------------------------------------X

       **DEBRA KRAMER**

(Trustee of the Estate of Shahra Khan)

                  Plaintiff,

-against-                                                                  Adv. Pr. No. 11-1520-ess

       **TOZAMMEL H. MAHIA,**

                  Defendant.

-------------------------------------------------X      **ARTICLE III-JURY TRIAL DEMANDED ON ALL ISSUES**


    **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES WITH COUNTER CLAIMS TO PLAINTIFF'S COMPLAINT FOR**
    **THE PURPOSE OF ARTICLE III ADJUDICATION AND JURY TRIAL THEREIN**


      Subject to the Withdrawal of Reference and without submitting to the jurisdiction of this Court, Defendant, Tozammel H. Mahia ("Mahia") files the following answer to the Complaint and asserts Counter Claims against the Trustee,  Debra Kramer ("Kramer") for abuse of process and constitutional torts as follows:

A.     This answer must NOT be deemed as submission to the Jurisdiction of the Bankruptcy Court


B.     This Answer must NOT be deemed as waiver of right to adjudication by an Article III judge, rather the Answer is posited for the purposes of Article III adjudication and jury trial therein;


C.     This Answer with counter claims must NOT be deemed as request to the Bankruptcy Court for adjudication to claims of answering defendant, the same here are posited for Article III adjudication and jury trial therein; and


D.     Submission of this answer to this bankruptcy court is purely to meet the technical requirement of filing an answer. However, upon withdrawal, the defendants request that this Answer be deemed as proper.

# I.

## ANSWER

1.      Mahia admits, paragraphs numbered "2", "3", "9", "10", &  11 of the Complaint.


2.      In Answer to the allegation to Paragraphs numbered 4 and 5 it is denied that this court has jurisdiction over this dispute.


3.      Paragraph numbered 6 Complaint needs no response and is in admitted only to the extent that the Trustee is predicating causes of action on the said provisions.


4.      Paragraph numbered 7 of the Complaint is denied to the extent that not all aspects of the complaint are core proceeding.


5.      To the allegation/suggestion made in paragraph numbered "8" of the Complaint, it is stated that the said consent is immaterial and does not grant jurisdiction when it did not have any constitutionally.


6.      Paragraphs numbered 1, 12, 13, 14, 15, 16,  17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56 & 57 of the Complaint are denied.


# II

## AFFIRMATIVE DEFENSES


7.      Defendant by way of affirmative defense, Mahia pleads accord and satisfaction.


8.       Additionally, and/or alternatively, and by way of affirmative defense, Mahia pleads payment.

9.      Additionally, and/or alternatively, and by way of affirmative defense, Mahia pleads release.

10.     Additionally, and/or alternatively, and by way of affirmative defense, Mahia pleads res judicata.

11.      Additionally, and/or alternatively, and by way of affirmative defense, Mahia pleads judicial estoppel.

12.     Additionally, and/or alternatively, and by way of affirmative defense, Mahia pleads estoppel by contract.

13.     Additionally, and/or alternatively, and by way of affirmative defense, Mahia pleads quasi-estoppel.

14.     For lack of proper parties, this case is dismissible.

15.     The Complaint fails to state any claims upon which relief can be granted.

16.     Plaintiff's claims(Trustee alone)  are barred by the doctrine of unclean hands.

17.     Plaintiff's claims are barred by the doctrine of fair use.

18.     Plaintiff's claims are barred by the doctrine of lache.

19.     Plaintiff's claims are barred by the doctrine of acquiescence.

20.     Plaintiff's claims are barred by waiver.

21.     The Debtor did not have any real ownership.  The bank at the purchase of property inserted the name of the debtor as she was of mature age and defendant was not an adult at the

time of transaction. Debtor did not put any down-payment for the house. Debtor did not make any mortgage payment. Debtor did not have any money towards purchase of the house. Debtor did not make contribution. It was actually the defendant and his sister that took care and provided the necessities of their mother, debtor.

## III

## FIRST COUNTER-CLAIM AGAINST TRUSTEE FOR ABUSE OF PROCESS.

22. Mahia incorporates by reference its responses to paragraphs 1-57 of the Complaint.

23. Trustee conduct in bringing this action without basis, in fact or law has caused and continues to cause harm to defendant and the family including the mother, debtor herein. It is clear that the Trustee has used the law, without going into the details and merits of the positions adopted by the debtor and defendant regarding their finances. Trustee was under an obligation to make inquiries into the finances of the debtor and find in details the realities of transaction and family as a unit. However she did not do that, rather she chose this path to intimidate the family to extract a settlement from the helpless family. Section 341 provided ample opportunity for the trustee to examine the debtor, or she could have used other process to examine the debtor, however she deliberately did not do that, for a due diligence would have revealed that the debtor did not have any claims against the defendant and she would not have had the opportunity to sue a family and put them in fear. She wants money. Trustees in this District have started playing havoc with families. This law suit was not a recklessly filed one, but a deliberate attempt to put a family in fear, so that they could be forced to have settlement. Helpless debtor here is sick and has no money to engage lawyers and is entirely dependent on his son defendant for day to day living. Since the debtors or defendants like here have no financial wherewithal to hire attorneys, they are forced to settle eroding all rights and defenses. Trustee here, has abused her power and so did the counsel for this trustee—they have indulged in an act that is contemptible from all aspects.

24. Debra Kramer Trustee, the plaintiff herein is further subject to the Court's inherent power to award costs and attorneys' fees as it sees fit and just.

25.     Given the egregious nature of Trustee's aforementioned conduct, the Court should do so in this instance, and award Mahia his costs and attorneys' fees.

26.     As a proximate result of Plaintiff's conduct, plaintiff has sustained damages in an amount to be determined at trial.

27.     In doing so the acts herein alleged, the plaintiff along with her counsel acted deliberately, willfully, maliciously, oppressively and with callous and intentional disregard of their duties under the bankruptcy code and subjected defendant to unjust  and extreme hardship, knowing that her conduct was substantially likely to vex, annoy, and injure defendant. As a result of this conduct, defendant is entitled to punitive damages.

## SECOND COUNTERCLAIM AGAINST TRUSTEE FOR CONSTITUTIONAL TORTS

28.     Mahia re-alleges the allegation set forth in paragraphs 1 through 27 of this Answer with counterclaims as though fully set forth herein.

29.     The trustee deliberately hurts the family composition here, undertakes to sue the son defendant on behalf of mother debtor.   The trustee law suit without ascertaining the real facts erodes our constitutional principle—"the family unit does not simply co-exist with our constitutional system" but "is an integral part of it," for our "political system is superimposed on and presupposes a social system of family units, not just of isolated individuals.  No assumption more deeply underlies our society . . ."[1]   The debtor living has been put to a jeopardy[2]—the very son who is supporting his mother has been sued and this is a tortious interference with the family. The defendant-son is under religious duty to support his mother, the debtor here and now because of fear of this lawsuit, his spiritual duty to maintain his family has been negatively

---

[1] Heymann & Barzelay, "The Forest  and The Trees: Roe v. Wade and its Crticis," 53 B.U.L.Rev. 765, 772-73 (1973). See Moore v. East Cleveland, 431 U.S. 494 (1977).
[2] The debtor is planning to join this law suit for raising independent counterclaims under Fifth Amendment, as her source of livelihood and shelter has been put to stake by the Trustee's deliberate action.

impacted.    The trustee ignore this, and decides to file this law suit, incurring expenses for the defendant already going through very tough times. Trustee did not do her homework. Had she done her homework, she would not or rather could not have brought this action. Trustee abused her powers. Wherefore we demand legal fees and punitive damages to be ascertained at the jury trial under an Article III tribunal.

WHEREFORE, defendant prays for relief as follows:

1.       Dismiss with prejudice the claims brought by Trustee, the plaintiff;

2.       Find that the claims alleged by defendant render this an "exceptional case" for the purposes of awarding costs and fees;

3.       Award actual and punitive damages on stated claims against plaintiff;

4.       For compensatory damages in an amount to be determined at trial;

5.       For an Order preliminary  and permanently enjoining the plaintiff  and their representative  and agents,  and each of them, from instituting and proceedings against defendants or similarly situated defendants (intra-family) in this district, unless the Trustee has filed an independent sheet along with the summons and complaint delineating the steps the trustee has undertaken to ascertain the facts alleged in the complaint and a minimum one page summary of arguments as to why there is a probable cause action for allegation in the complaint.[3]  This is important to check abuse.  It is respectfully prayed that such requirement could be incorporated in the Local Rules of EDNY as applicable to the bankruptcy court.

---

[3] This is very important to check the abuse perpetrated by the trustees in this district, innocent parties have been sued and out of fear people settle, suppressing their defense or right to be left alone. This is especially more poignant when the family members are drawn in and such members are pitted against each other and these members have no financial capacity to engage legal help. There is a cry for help. Trustee abuse needs to be checked.

6.      Directing the United States Trustee Office to conduct an enquiry into filings of such lawsuits by the panel trustees and initiating such action including removal from the panel if any law suit was found to have been abusive.

Dated: January 31, 2012
New York New York 10013                                    /s/karamvir S. Dahiya
                                                           _____
                                                           Karamvir S. Dahiya , Esq.

The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Debra Kramer, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Avrum J. Rosen
Fred Kantrow

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

RETURN DATE: **4/24/12**
TIME: **9:30 a.m.**

-------------------------------------------------------------x

In re:

Chapter 7

SHAHARA KHAN,

Case No.: 10-46901-ess

Debtor.

-------------------------------------------------------------x

DEBRA KRAMER as Trustee of the Estate
Of Shahara Khan,

Plaintiff,

Adv. Pro. No. 11-1520-ess

-against-

TOZAMMEL H. MAHIA,

Defendant

-------------------------------------------------------------x

**NOTICE OF TRUSTEE'S APPLICATION SEEKING THE ENTRY OF AN ORDER
IMPOSITING MONETARY SANCTIONS AS AGAINST KARAMVIR DAHIYA, ESQ.
AND THE DAHIYA LAW OFFICES, LLC
PURSUANT TO 28 U.S.C. 1927 AND 11 U.S.C. §105**

  **PLEASE TAKE NOTICE THAT** Debra Kramer, the trustee and the plaintiff herein (the

"Trustee" or the "Plaintiff"), by her attorneys, The Law Offices of Avrum J. Rosen, PLLC, shall

move before the Hon. Elizabeth S. Stong, United States Bankruptcy Judge, on **APRIL 24, 2012**

**at 9:30 a.m.** or as soon thereafter as counsel may be heard, for the entry of an Order imposing

monetary sanctions as against Karamvir Dahiya, Esq., and the Dahiya Law Offices, LLC,

pursuant to 28 U.S.C. § 1927 and 11 U.S.C. § 105, at the United States Bankruptcy Court, 271

1

Cadman Plaza East, Brooklyn, New York 11201 in Courtroom 3585.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought in the Application must conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, as modified by any administrative orders entered in this case, and be filed with the Bankruptcy Court electronically in accordance with General Order #462, by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, Microsoft Word, DOS text (ASCII) or a scanned image of the filing, with a hard copy delivered directly to Chambers, and be served in accordance with General Order #462, and upon The Law Offices of Avrum J. Rosen, PLLC, 38 New Street, Huntington, New York 11743 and the Office of the United States Trustee, 271 Cadman Plaza East, New York 11201, so as to be received by no later than **April 17, 2012.**

**PLEASE TAKE FURTHER NOTICE** that only TIMELY FILED responses may be considered by the Court.

Dated: Huntington, New York
     March 24, 2012

<div style="margin-left:40%">

The Law Offices of Avrum J. Rosen, PLLC
Attorneys for the Trustee

BY:    S/Avrum J. Rosen
      Avrum J. Rosen
      38 New Street
      Huntington, New York 11743
      631 423 8527
      ajrlaw@aol.com

</div>

The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Debra Kramer, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Avrum J. Rosen
Fred Kantrow

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

RETURN DATE: **4/24/12**
TIME: **9:30 a.m.**

------------------------------------------------------------x

In re:

SHAHARA KHAN,

                    Debtor.

Chapter 7

Case No.: 10-46901-ess

------------------------------------------------------------x

DEBRA KRAMER as Trustee of the Estate
Of Shahara Khan,

                  Plaintiff,

     -against-

TOZAMMEL H. MAHIA,

                Defendant

Adv. Pro. No. 11-1520-ess

------------------------------------------------------------x

**TRUSTEE'S APPLICATION SEEKING THE ENTRY OF AN ORDER
IMPOSING MONETARY SANCTIONS AS AGAINST KARAMVIR DAHIYA, ESQ.
AND THE DAHIYA LAW OFFICES, LLC
<u>PURSUANT TO 28 U.S.C. 1927 AND 11 U.S.C. §105</u>**

TO:  THE HONORABLE ELIZABETH S. STONG
      UNITED STATES BANRKUPTCY JUDGE

      Debra Kramer, the chapter 7 trustee (the "Trustee") of the bankruptcy estate of Shahara

Khan (the "Debtor"), by and through her counsel, The Law Offices of Avrum J. Rosen,

PLLC, respectfully submits this application, seeking (i) the entry of an Order imposing

monetary sanctions as against Karamvir Dahiya, Esq., ("Dahiya") and the Dahiya Law

Offices, LLC ("DLO") pursuant to section 1927 of title 28 of the United States Code and

1

11 U.S.C. §105, and respectfully states as follows:

1.    Dahiya and DLO have sued the Trustee for "abuse of process" and some sort of
      unspecified "constitutional tort". However, they state that the defendant Tozammel
      H. Mahia has not consented to the jurisdiction of this Court, and will only consent
      to those claims being heard by the District Court.

2.    It is black letter law that an action for abuse of process cannot be brought until the
      complained of action has been determined in the defendant's favor.  Despite that
      fact, Dahiya and DLO have sued trustees on at least five (5) occasions for "abuse
      of process" as counterclaims in actions to recover either preferences or fraudulent
      conveyances.  This is done without any legal basis for the actions.  Indeed, as is
      discussed *infra,* Dahiya and DLO have already lost on this precise issue before the
      Honorable Alan S. Trust. See *Pryor v. Satangelo*, Adv. Pro. No. 11-9096 (Decision
      of Judge Trust), annexed hereto as Exhibit "A".

3.    Despite refusing to consent to this Court's jurisdiction, they have brought suit
      without complying with the *Barton* Doctrine, *Barton v. Barbour,* 104 U.S. 126,
      131 (1881); *Lebovits v. Scheffel ( In re Lehal Realty Associates),* 101 F.3d 272,
      276 (2d Cir. 1996); *Peia v. Coan,* 2006 U.S. Dist. LEXIS 12811.   That doctrine
      prohibits suit against a trustee or her attorneys without leave of the appointing
      court. Dahiya is aware of the relevant law.   Most recently, he asserted a
      counterclaim against trustee Robert Geltzer in *In re: Leonid Chatkhan*; Adv. Pro
      No. 11-1017-cec.  In *Chatkhan*, Dahiya sought permission to sue trustee Geltzer
      under the *Barton* Doctrine (albeit, even there he did not obtain consent before

2

commencing the action). In this case, however, Dahiya ignored that rule of law

and simply sued the Trustee. A copy of those pleadings is annexed hereto as

Exhibit "B".

4.      Dahiya and DLO also ignore the fact that an essential element of "abuse of

process" in a civil matter is the pleading of special damages. The counterclaim in

this case is devoid of any special damages. Indeed, it alleges only the sort of

damages which are expressly not recoverable under such a claim. *In re: Eerie*

*World Entertainment, L.L.C.* 2006 Bankr. LEXIS 770. As Judge Gropper held:

> The third element that must be pleaded in an action for malicious
> prosecution in New York is special damages. New York courts have
> defined special damages as injury or interference with the plaintiff's person,
> property or business that entails "some concrete harm that is considerably
> more cumbersome than the physical, psychological, or financial demands
> of defending a lawsuit." *Engel v. CBS, Inc., 93 N.Y.2d 195, 205, 711
> N.E.2d 626, 631, 689 N.Y.S.2d 411, 417 (1999).* Special damages must
> exceed "the damages normally attendant upon being sued." *Honzawa, 268
> A.D.2d at 329;* see also *Campion Funeral Home, 569 N.Y.S.2d at 521.*
> Cases in New York hold that where the prior action is civil rather than
> criminal, the complaint must allege special damages in the form of "some
> interference with plaintiff's person or property, for example, by way of
> some remedy such as attachment, arrest or injunction." *Molinoff, 99 A.D.2d
> at 529.*

5.      There is no basis in either law or fact for Dahiya and DLO to have filed an abuse

of process claim against the Trustee at this time, or even at any time, as there are

no cognizable damages from the perceived injury.

6.      The counter-claims were filed in bad faith for other reasons as well. The trustee's

duties are set forth in section 704 of title 11 of the United States Code (the

"Bankruptcy Code"). Among those duties, the Trustee is obligated to collect and

reduce to money the property of the estate for which such trustee serves and to investigate the financial affairs of the debtor. The duties can best be described as imposing the duties of a fiduciary upon the Trustee. In this capacity, trustees have quasi-judicial or derived judicial immunity. *Id.* at [*10] citing *In re Kashani,* 190 B.R.875 (9th Cir B.A.P. 1995).

## THE INSTANT CHAPTER 7 CASE

7.    Consistent with her fiduciary obligations and the Bankruptcy Code, the Trustee conducted a section 341(a) meeting of creditors at which the Debtor appeared and was examined. During the course of her investigation in to the Debtor's financial affairs and assets, the Trustee was provided with documents which included: (i) a closing statement (the "Closing Statement") as to the sale of the real property commonly known as 8727 110th Street, Richmond Hill, New York (the "Property"); (ii) copies of the checks disbursed at the closing of the sale of the Property; and (iii) the Debtor's 2007 tax returns.

8.    In addition to the documents described above, the Trustee obtained a copy of the deed (the "Deed") dated April 5, 2007, by which the titled owners of the Property, namely, Shawsum N. Rimi, Tozammel H. Mahia (the "Defendant" in the Adversary Proceeding) and Shahara Khan (the "Debtor") transferred their interest in the Property to Jany Sikder.

9.    The copies of the disbursement checks received by the Trustee from Debtor's counsel provided clear documentary evidence that despite having an ownership interest in the Property, the Debtor failed to receive any disbursement of proceeds

4

at the closing.  Instead, the proceeds were all paid to Tozammel H. Mahia.  From

the documentary evidence provided, the Trustee determined that the estate had a

cause of action against Tozammel H. Mahia to recover the alleged fraudulent

conveyance of the Debtor's interest in the proceeds of sale of the Property for the

benefit of creditors; to wit:  the amount of the Debtor's distributive share of the

proceeds realized upon the sale of the Property.  Accordingly, in the Trustee's

routine practice, she retained counsel to commence and prosecute an action to

recover the funds for the benefit of the creditors of the estate.

### THE ADVERSARY PROCEEDING

10.     The Trustee, through her counsel, commenced the Adversary Proceeding to

recover an alleged fraudulent conveyance for the benefit of the creditors of the

estate.   The Trustee relied upon her avoidance powers as set forth under section

544 of the Bankruptcy Code.  Substantively, she relied upon New York Debtor and

Creditor Law and common law principles of fraud and unjust enrichment. The

complaint was filed commencing the Adversary Proceeding, and the summons and

complaint were properly served upon the Defendant.

11.     The Defendant failed to answer or otherwise respond to the complaint.  Instead, at

the initial pre-trial conference, the Trustee appeared by one of her attorneys, and

the Defendant appeared by Dahiya and the DLO.  Despite the fact that no answer

was interposed, and despite the fact that by his own admission, Dahiya was first

retained the morning of the hearing, he determined that it was appropriate to argue

the merits of the case.  In fact, he insisted that the Trustee could not prevail under

the facts and circumstances asserted in the complaint.  He further argued that the

Trustee commenced an action against the Debtor's family member and that such

an action was not warranted.

12.  The Court inquired of Dahiya when he was retained in the matter and if he could

file an answer to the complaint.  The Court issued an Order setting a deadline for

the Defendant to answer the complaint.  No answer was timely filed pursuant to

that Order.  Instead, an Answer with Counter-claims was filed a week late.  The

document was dated a week prior to when it was filed.

<u>The Answer and the Abuse of Process Claim</u>

13.  The Answer was a general denial to all of the allegations contained therein.  The

Answer asserted fifteen (15) separate affirmative defenses.  The Answer interposed

two counterclaims.

14.  The first counterclaim, entitled "First Counter-Claim Against Trustee for Abuse of

Process" (the "Abuse of Process Claim") alleged that the Trustee brought the

"action without basis, in fact or law" and

> "has caused and continues to cause harm to defendant
> and the family including the mother, debtor herein.  It is
> clear that the Trustee has used the law, without going
> into the details and merits of the positions adopted by
> the debtor and defendant regarding their finances.
> Trustee was under an obligation to make inquiries into
> the finances of the debtor and find in details the realities
> of the transaction and family as a unit.  However she
> did not do that, rather she chose this path to intimidate

6

the family to extract a settlement from the helpless family. Section 341 provided ample opportunity for the trustee to examine the debtor, or she could have used other process to examine the debtor, however she deliberately did not do that, for a due diligence would have revealed that the debtor did not have any claims against the defendant and she would not have had the opportunity to sue a family and put them in fear. She wants money. Trustees in this District have started playing havoc with families. This law suit was not a recklessly file one, but a deliberate attempt to put a family in fear, so that they could be forced to have settlement. Helpless debtor here is sick and has no money to engage lawyers and is entirely dependent on his son defendant for day to day living. Since the debtors or defendants like here have no financial wherewithal to hire attorneys, they are forced to settle eroding all rights and defenses. Trustee here, has abused her power and so did the counsel for the trustee - they have indulged in an act that is contemptible form all aspects".

*See* Answer, ¶ 23.

15.    The Answer also stated that "Debra Kramer Trustee, the plaintiff herein is further

subject to the Court's inherent power to award costs and attorneys' fees as it sees

fit and just". *See* Answer, ¶ 24.    The Answer further stated that

"Given the egregious nature of Trustee's aforementioned conduct, the Court should do so in this

7

instance, and award Mahia his costs and attorneys' fees.
As a proximate result of Plaintiff's conduct, plaintiff
[sic] has sustained damages in an amount to be
determined at trial.  In doing so the acts herein alleged,
the plaintiff along with her counsel acted deliberately,
willfully, maliciously, oppressively and with callous
and intentional disregard of their duties under the
bankruptcy code and subjected defendant to unjust and
extreme hardship, knowing that her conduct was
substantially likely to vex, annoy, and injure defendant.
As a result of this conduct, defendant is entitled to
punitive damages".

*See* Answer, ¶¶ 25, 26 & 27.

16.    As a result of the seriousness of the allegations asserted in the Abuse of Process

Claim, the Trustee alerted both her malpractice carrier as well as her insurer as to

actions she took as a Trustee.  As a result of having alerted these insurance carriers

and the carriers providing counsel to defend, the Trustee will be forced to incur

costs which are the deductibles in the amount of $2,500.00 each provided for in the

two policies, and will incur risk inherent with obtaining continuing coverage.

Thus, at a minimum, the Trustee will incur the deductible of $2,500.00 for each

policy, or $5,000.00 in the aggregate.  It is anticipated that the Trustee's premiums

will increase dramatically as a result of this baseless suit.

17.    The allegations are all without merit and were not included in the answer for any

purpose other than to harass and intimidate the Trustee and her counsel; impose

undue hardship upon the Trustee; frustrate the legitimate purpose of the bankruptcy process; disparage the Trustee and her counsel; and generally avoid reaching the merits of the Adversary Proceeding.

<u>The Answer and the Constitutional Tort Claim</u>

18.    The Answer asserts a second counterclaim against the Trustee for an alleged "Constitutional Tort" (the "Constitutional Tort Claim"). Dahiya alleges that "the trustee deliberately hurts the family composition here, undertakes to sue the son defendant on behalf of mother debtor". *See* Answer, ¶ 29. He goes on to hint that the Trustee has interfered with the Defendant's religious convictions by asserting that the "defendant-son is under religious duty to support his mother". *See* Answer, ¶ 29. Despite the Trustee having performed her fiduciary duties mandated by the Bankruptcy Code, Dahiya further asserts that the Trustee has failed to do her "homework"[1] for if she had done her homework, she would have declined to prosecute this action. *See* Answer, ¶ 29. That of course allowed Dahiya to conclude that the Trustee "abused her powers". *See* Answer, footnote 3.

19.    For this alleged Constitutional Tort, Dahiya sought an award of legal fees and undefined punitive damages to be determined by a jury. This cause of action simply does not state any cognizable claim. The debtor voluntarily filed bankruptcy and submitted herself and her property to the jurisdiction of this Court.

---

[1] This is a common theme often asserted by Dahiya in various pleadings before various Courts in which he has attacked trustees for performing their obligations.

<u>The Wherefore Clause</u>

20.    Based upon the counterclaims, Dahiya sought a preliminary and permanent injunction enjoining the Trustee and her counsel from commencing any action against what he termed "similarly situated defendants", which he defined as family members of a debtor, in the Eastern District of New York, unless "the Trustee has filed an independent sheet along with the summons and complaint delineating the steps the trustee has undertaken to ascertain the facts alleged in the complaint and a minimum one page summary of arguments as to why there is a probable cause action for allegation in the complaint." *See* Answer, p. 6  He stated that there was a need to "check abuse".  He further sought an Order "directing the United States Trustee Office to conduct an enquiry [sic] into filings of such lawsuits by the panel trustees and initiating such action including removal from the panel if any law suit was found to have been abusive". *See* Answer, p. 7.  This rather bizarre request appears to ignore the fact that trustees are required under the Bankruptcy Code to recover preferences to insiders, specifically family members, and fraudulent conveyances to whomever they are made.

**<u>DISCUSSIONS WITH DAHIYA REGARDING THE COUNTERCLAIMS</u>**

21.    The Trustee notes that the Court at the most recent pre-trial conference in the Adversary Proceeding, inquired of Dahiya as to the facts that supported his counterclaims, and Dahiya was hard pressed to articulate any facts and stated that he was "rethinking" the counter-claims.  Dahiya did indicate that he intended to move to withdraw the reference in order to remove the pending Adversary

Proceeding from this Court's jurisdiction to the District Court. He further

indicated that the Constitutional Tort was interposed because he believed that the

Defendant had the right to be left alone.

22.    Without discussing "settlement discussions", the Trustee and Dahiya engaged in

efforts that would have led to the dismissal, with prejudice of the counter-claims

asserted against the Trustee. In fact, Dahiya represented in writing to the Trustee

that he agreed to withdraw the counterclaims. To date, the counter-claims have not

been withdrawn.[2] Accordingly, the asserted counter-claims continue to remain at

issue. Dahiya was presented with an ultimatum to withdraw the counter-claims or

the Trustee would take action. That demand was ignored.

## THE BASIS FOR THE INSTANT MOTION

23.    It is plain that Dahiya, rather than addressing the merits of actions commenced by

trustees to recover fraudulent and /or preferential actions, Dahiya sues trustees for

alleged abuse of process and other claims as a result of having commenced the

actions.   Dahiya has engaged in this practice in a number of cases. For example,

Dahiya has raised similar counterclaims against Robert L. Pryor, a trustee serving

in the Central Islip Court, R. Kenneth Barnard, also a trustee in Central Islip, and

Robert L. Geltzer, a trustee serving in the Brooklyn Court.  In *In re Leonid*

*Chatkhan,* 10-46755-cec, and *Geltzer v. Dahia et al,* Adv. Pro. No. 11-1017-cec,

Dahiya employed the same abusive tactics, made very similar arguments and

---

[2]    The Trustee forwarded a proposed stipulation withdrawing the counterclaims to Dahiya. To date, the stipulation has not been executed.

11

asserted very similar accusations against the trustee.  Geltzer has moved for sanctions.

24.    In *Chatkhan*, Geltzer stated in his pleadings before the Hon. Carla E. Craig, Chief United States Bankruptcy Judge, that, "in this case, the majority of these factors [cited factors for the imposition of sanctions] weighs in favor of imposing a meaningful sanction against Dahiya.  Dahiya's conduct has been willful in the relentless pursuit of the Trustee.  As noted, Dahiya's conduct is not an isolated event, but a pattern of activity on his part in this case, as well as in other cases. Clearly, Dahiya intends to injure the Trustee and the Debtors' estates through his needless litigation, mendacious statements and dilatory tactics".  *See* Exhibit "B" ¶ 41. Trustee Geltzer went on to say, "Dahiya's Dismissal Motion 2 has also greatly increased administrative expenses.  Dahiya claims to be an experienced bankruptcy lawyer and thus, should have known that the Amended Complaint was well-pleaded.  Only a significant monetary sanction will deter repetition of such conduct.  As of this date, the Law Offices of Robert L. Geltzer has expended $7,182.00 of legal fees and costs in defending Dahiya's various motions." *See* Exhibit B, ¶¶ 42 & 43.  Moreover, the *Chatkhan* matter further demonstrates that Dahiya is aware of the *Barton* Doctrine and is aware that in order to maintain an action against the Trustee herein, he is required to obtain permission from this Court to do so.  None was ever sought.

25.    Dahiya engaged in similar tactics against Trustee Robert L. Pryor.  In *In re Jennifer Pupo Santangelo*, 10-78726-ast, Dahiya again waged a campaign against

Trustee Pryor, who commenced an adversary proceeding entitled *Robert L. Pryor,*

*Chapter 7 Trustee of the Estate of Jennifer Pupo Santangelo v. Michael*

*Santangelo,* Adv. Pro. No. 11-9096-ast, in which he sought to recover alleged pre-

petition transfers pursuant to sections 542, 544, 548, 550 and 551 of the

Bankruptcy Code, as well as pursuant to New York Debtor and Creditor Law.

26.    The adversary proceeding in the *Santangelo* matter was commenced by the filing

of the summons and complaint on June 2, 2011 and was served upon the defendant

on June 6, 2011.  The defendant failed to file a timely answer or otherwise respond

to the complaint.  On July 23, 2011, after the time to answer had run, the

defendant, by and through her counsel, Dahiya, filed an emergency motion to

withdraw the reference and requesting a jury trial by an Article III court.  The

trustee sought the entry of a default judgment which was to be presented to the

Hon. Alan S. Trust, on September 6, 2011.  On September 5, 2011, the defendant

filed an answer to the complaint and asserted a counterclaim against the trustee for

abuse of process.  Dahiya alleged that the trustee "did not put forward any material

fact which could have been a basis for or even alleging a fraudulent transfer."  The

answer sought dismissal of the adversary proceeding. See Exhibit "A", Pg. 3

27.    On December 15, 2011, Trustee Pryor filed a motion to dismiss the counterclaim

and an accompanying memorandum of law.  The trustee argued that the

counterclaim failed to state a viable cause of action because the only process

issued in the adversary proceeding was the summons and complaint, which were

not capable of being abused.  The trustee further asserted that if Dahiya's

13

allegation was one of malicious prosecution, such allegation would have been untimely because a claim for malicious prosecution lies "only when the judicial proceeding begun in malice, without probable cause, . . . finally ends in failure. It cannot be asserted as a counterclaim in the very action it challenges as malicious". quoting *Kalsco Systemet, Inc.,* 474 F. Supp. 666, 670 (S.D.N.Y. 1979). *Id.*

28. Dahiya filed an affirmation in opposition to the trustee's motion to dismiss the counterclaim in which he asserted that he had established a claim for abuse of process because there was a regularly issued process served by the trustee with the intention of intimidating the defendant into settling, and with the collateral objective of causing defendant fear that he might lose his house if he did not settle.

29. Judge Trust, in his Decision and Order dated February 10, 2012, dismissed Dahiya's counterclaim for abuse of process as being untimely because the "adversary proceeding has not been finally terminated in the Defendant's favor, and because Defendant has not alleged any special injury". *See Kaslof v. Global Health Alternatives, Inc.,* 2000 U.S. Dist. LEXIS 21053, at *62-70 (E.D.N.Y. 2000). *Id.* at 5. He granted leave to Dahiya to bring on a claim for abuse of process "if and when Defendant prevails on the claims asserted by the Plaintiff in the adversary proceeding". Dahiya has appealed that decision.

30. Accordingly, as early as one month ago, Dahiya had the Decision and Order of Judge Trust instructing him that the cause of action for abuse of process which he seeks to assert in the case before the Court is not ripe for adjudication. Despite having that knowledge, Dahiya refused to and continues to refuse to dismiss the

14

counterclaims before this Court.

31.    In a case currently pending before the Hon. Jerome Feller, *In re Louis Stogianos*, Case No. 11-40832-jf, a case in which Debra Kramer serves as the Trustee, Dahiya engaged in a pattern and practice of frustrating the Trustee's administration of the estate as well as the rights of the creditors.  In that case, on February 4, 2011, Dahiya filed a voluntary petition for the debtor pursuant to chapter 13 of the Bankruptcy Code. On February 28, 2011 Dahiya filed a notice of voluntary conversion of the case to chapter 7.  Upon the appointment of the Trustee, and her discovery of a valuable asset, Dahiya moved before Judge Feller to withdraw the debtor's voluntary conversion to chapter 7 in an effort to return to chapter 13. Judge Feller denied the motion.

32.    The Trustee commenced an adversary proceeding to recover an alleged fraudulent conveyance of a taxi Medallion from the debtor to an entity controlled exclusively by the debtor for no consideration.  Dahiya moved to withdraw the reference, and asserted counterclaims against the Trustee for abuse of process.  Just recently, Dahiya agreed to dismiss the counterclaims asserted in that case.

33.    R. Kenneth Barnard, a trustee serving in the Central Islip Court, was also sued by Dahiya on the same grounds in the case entitled *Barnard v. Mohamed Arif and Lailun N. Shaikh*, Case No. 09-08315-ast. Copies of the pleadings are annexed hereto as Exhibit "C".  That case was settled.  In each case, Dahiya attempts to use the withdrawal of the frivolous action as a bargaining chip to achieve other goals in the litigation.

15

## SANCTIONS ARE WARRANTED PURSUANT TO 28 U.S.C. §1927 AND 11 U.S.C. §105

34.    Dahiya's actions are those types of actions for which sanctions under section 1927 are entirely appropriate.  These are precisely the sort of tactics this statute was enacted to deter.

35.    Section 1927 provides "any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct".

36.    "A bankruptcy court may impose sanctions pursuant to section 1927 if it finds that 'an attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay'". *In re Cohoe Indus. Terminal, Inc.,* 931 F.2d at 230.  To establish that sanctions are warranted, the moving party must demonstrate that "an attorney has: (1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct". *Veneziano v. Long Island Fabrication & Supply Corp.,* 238 F. Supp. 2d 683, 693 (D.N.J. 2002).

37.    There is no doubt that Dahiya's actions herein satisfy each and every element to impose sanctions pursuant to section 1927.  Instead of determining an appropriate litigation strategy based in fact and law and rather than offering evidentiary support to the Trustee and/or her counsel, that would establish a defense to the

16

allegations raised in the adversary proceeding, Dahiya asserted baseless counterclaims designed to unreasonably and vexatiously multiply the proceedings and the costs associated therewith, as well as delay the administration of the case. He brings causes of action that he knows cannot be sustained as a matter of law. He violates the *Barton* Doctrine, and ignores the trustees' quasi-judicial immunity. He intentionally sues trustees, knowing that they will incur large legal bills and increased insurance premiums. All of this is done to force settlements on valid actions commenced by trustees in their fiduciary capacities. In this case, the asserted counterclaims even seek an injunction to prevent the Trustee from performing her statutorily mandated responsibilities.

38.    Here, as in the other cases, Dahiya knew that the Trustee had conducted a reasonable inquiry in connection with her investigation of the alleged transfer by the Debtor to the Defendant. Nevertheless, as in the other cases, Dahiya filed his improper motions and counterclaims. Consequently, the Trustee has been forced to defend herself against Dahiya's tactics and, in turn, move to sanction Dahiya for his actions. "Section 1927 invites attention to a course of conduct, and imposes a continuing obligation on attorneys to avoid dilatory tactics." *Ted Lapidus, S.A. v. Vann*, 122 F.3d 91, 92 (2d Cir. 1997). The tactics here are the very kind that must not be allowed to continue.

39.    This Court also has inherent authority to sanction Dahiya and DLO pursuant to §105 of the Bankruptcy Code. *See In re Grand Street Realty, LLC v. McCord*, 2005 US Dist. LEXIS 45314 (E.D.N.Y. 2005). In that case, the District Court

affirmed a Bankruptcy Court decision sanctioning a creditor's law firm which impeded the administration of the assets of an estate. The Court set forth a four part test That test was: "(1) whether the Chapter 7 trustee acted in good faith to pursue his statutory duties; (2) whether the response by the objecting party was made in good faith; (3) whether that party had an opportunity to correct its course but failed to do so; and (4) whether the chapter 7 trustee or the bankruptcy estate was damaged by incurring unnecessary costs as a result of the objecting party's actions.

40.    In this case, all of the factors have been met. As is set forth above, this case concerns an alleged fraudulent conveyance that the Trustee is required to pursue. It is clear that the counterclaims were filed in bad faith, as there is no basis for them under the law. The Trustee has endeavored to have Dahiya withdraw these claims. He said he would and then reneged, wanting to use them as leverage in this action. The estate has been damaged. The Trustee, if a motion to dismiss has to be made, will incur the payment of her deductibles in the aggregate amount of $5,000.00. Her premium rates will likely increase. The estate has had to negotiate for weeks with Dahiya over these issues. There are the costs of this motion. There is the delay in the administration of this estate.

## CONCLUSION

43.    For all of the reasons stated herein, the Trustee respectfully requests that the Court grant the Trustee's application and enter an Order imposing sanctions as against Dahiya and DLO pursuant to section 1927 of title 28 of the United States Code and

18

11 U.S.C. §105, together with such other and further relief that this Court deems

just and proper under the circumstances herein.

Dated: Huntington, New York
      March 24, 2012

                    The Law Offices of Avrum J. Rosen, PLLC
                    Attorneys for the Trustee

BY:     S/Avrum J. Rosen
           Avrum J. Rosen
           38 New Street
           Huntington, New York 11743
           631 423 8527
           ajrlaw@aol.com

# Exhibit "A"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

Jennifer Pupo Santangelo,                                    Case No.: 10-78726-ast
                                                             Chapter 7
                        Debtor.
-------------------------------------------------------X
Robert L. Pryor, Chapter 7 Trustee of the
Estate of Jennifer Pupo Santangelo,

                        Plaintiff,

        - against -                                          Adv. Pro. No.: 11-9096-ast

Michael Santangelo,

                        Defendant.
-------------------------------------------------------X

## DECISION AND ORDER DISMISSING DEFENDANT'S COUNTERCLAIM, AND DENYING PLAINTIFF'S MOTION TO STRIKE THE JURY DEMAND

Before the Court are two motions filed by Robert L. Pryor (the "Plaintiff"), Chapter 7

Trustee of the bankruptcy estate of Jennifer Pupo Santangelo, the above-captioned debtor (the

"Debtor"). The first motion seeks to dismiss or withdraw with prejudice the counterclaim (the

"Counterclaim") filed by the defendant, Michael Santangelo (the "Defendant"), and seeks

attorney's fees and expenses incident thereto ("Motion to Dismiss Counterclaim"). [dkt item 20]

Plaintiff's second motion seeks to strike Defendant's jury demand as untimely ("Motion to Strike

Jury Demand"). [dkt item 28] Defendant opposes both Motions. [dkt items 24, 31] For the

reasons set forth below, the Motion to Dismiss Counterclaim is granted without prejudice to

Defendant refiling the Counterclaim if and when Defendant prevails on the claims asserted by

Plaintiff in this adversary proceeding, and the Motion to Strike Jury Demand is denied.

Order - 1

## Background and Procedural History

This adversary proceeding was commenced on June 2, 2011. The Defendant is Debtor's estranged spouse.  The complaint (the "Complaint") [dkt item 1] alleges that, by virtue of a prepetition transfer that occurred less than two (2) years prior to the petition date, Defendant received Debtor's interest in the couple's former marital residence in exchange for Defendant satisfying or assuming certain student loan obligations owed by Debtor. [dkt item 1, at ¶¶ 9-13] The Complaint seeks to avoid this prepetition transfer pursuant to §§ 542, 544, 547(b), 548(a), 550 and 551 of title 11 of the United States Code (the "Bankruptcy Code"), and New York State Debtor and Creditor Law.

The summons and Complaint were served upon Defendant on June 6, 2011. [dkt item 3]

On July 23, 2011, after the time to answer had run, and no answer or responsive pleading having been filed, Defendant filed an emergency motion with this Court seeking the withdrawal of the reference by the United States District Court for the Eastern District of New York (the "District Court") and requesting a "jury trial by an Article III court" (the "Motion to Withdraw Reference"). [dkt item 5, at ¶ 2]  The Motion to Withdraw Reference was transmitted to the District Court on July 26, 2011. [dkt item 6][1]

On July 28, 2011, Plaintiff filed a motion for default judgment, based on Defendant's failure to timely file a responsive pleading, which provided an objection deadline of August 31, 2011, and which was to be presented for signature on September 6, 2011 (the "Default Judgment Motion"). [dkt item 7]

On September 5, 2011, Defendant filed an answer to the Complaint (the "Answer"). [dkt item 9]  The Answer includes a demand for a jury trial, and asserts a Counterclaim against

---

[1]  The District Court case is Pryor v. Santangelo, 11-mc-00561-JFB.

Plaintiff for abuse of process and seeks sanctions. [dkt item 9, at ¶¶ 17-19]  Defendant alleges that Plaintiff "did not put forward any material fact which could have been a basis for or even alleging a fraudulent transfer," and seeks dismissal of the adversary proceeding. [dkt item 9, at ¶ 18]  Defendant did not serve the Answer on Plaintiff.

Also on September 5, 2011, Defendant filed an affirmation in opposition to Plaintiff's Default Judgment Motion. [dkt item 10]

Because Defendant had filed the Answer, albeit untimely, this Court denied Plaintiff's Default Judgment Motion by Order dated September 23, 2011. [dkt item 12]

On October 12, 2011, Plaintiff filed a reply to the Counterclaim arguing that Defendant's Counterclaim fails to state a claim upon which relief can be granted and asserting that Defendant's request for a jury trial was untimely. [dkt item 13]

On October 13, 2011, the Court issued an Initial Adversary Scheduling Order setting discovery deadlines and scheduling a pretrial conference for December 20, 2011. [dkt item 14]

On December 15, 2011, Plaintiff filed the Motion to Dismiss Counterclaim by notice of presentment and an accompanying memorandum of law. [dkt items 20, 21]  Plaintiff argues that Defendant fails to state a cause of action under Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") because the only process issued in this adversary proceeding are the summons and Complaint, which are not capable of being abused.  Plaintiff also argues that to the extent Defendant's actual allegation is malicious prosecution, such an allegation is untimely because a claim for malicious prosecution lies "only when the judicial proceeding begun in malice, without probable cause, . . . finally ends in failure.  It cannot be asserted as a counterclaim in the very action it challenges as malicious." [dkt item 20, at ¶ 24 (quoting *Kalsco Systemet, Inc.*, 474 F. Supp. 666, 670 (S.D.N.Y. 1979)]

On December 16, 2011, Defendant filed a separate Demand for Jury Trial in an Article III Court, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure. [dkt item 23]

A pretrial scheduling conference was held on December 20, 2011.

On December 23, 2011, Defendant filed an affirmation in opposition to Plaintiff's Motion to Dismiss Counterclaim, asserting that he had established a claim for abuse of process because there was a regularly issued process served by Plaintiff with the intention of intimidating Defendant into settling, and with the collateral objective of causing Defendant fear that he might lose his house if he does not settle. [dkt item 24]

Defendant filed a reply brief regarding the Withdraw of Reference Motion on December 26, 2011. [dkt item 25]

Plaintiff filed a reply and amended reply in support of his Motion to Dismiss Counterclaim on January 5, 2012 and January 6, 2012, respectively. [dkt item 26, 27]

On January 10, 2012, Plaintiff filed the Motion to Strike Jury Demand by notice of presentment. [dkt item 28]   Plaintiff argues that: (1) Defendant's jury demand was untimely pursuant to Federal Rule of Civil Procedure 38(b) and Bankruptcy Rule 9015; (2) Defendant waived his right to a jury trial through voluntary submission to the Court's jurisdiction by filing the Counterclaim; and (3) Plaintiff's causes of action are equitable in nature and there is no right to a jury trial on equitable actions.  Plaintiff also seeks to distinguish the United States Supreme Court's holding in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989).

On January 17, 2012, this Court issued a Pretrial Scheduling Order, scheduling a final pretrial conference for August 14, 2012, at 2:00 p.m., and setting August 22, 2012 as the date for trial of this adversary proceeding. [dkt item 29]

Defendant filed an affirmation in opposition to the Motion to Strike Jury Demand on January 18, 2012. [dkt item 31]    Initially, Defendant argues that this Court does not have jurisdiction to decide this motion.  Defendant also argues that: (1) he has not submitted to the bankruptcy court's jurisdiction; (2) he invoked his right to be heard by an Article III court; (3) he demanded a jury trial; and (4) the right to a jury trial is coextensive to Article III adjudication.

Finally, the Court notes that Defendant has not filed a proof of claim in Debtor's main bankruptcy case, 10-78726-ast.

## Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(A), (E), (F), (H), and (O), and the Standing Order of Reference in effect in the Eastern District of New York dated August 28, 1986.  Although Defendant has filed a Motion to Withdraw Reference, the District Court has not yet ruled on that Motion. Pursuant to Bankruptcy Rule 5011(c), "the filing of the motion for withdrawal . . . shall not stay the administration of the case or any proceeding therein before the bankruptcy judge . . . ." FED. R. BANKR. P. 5011(c).

The following constitutes this Court's findings of facts and conclusions of law to the extent Bankruptcy Rule 7052 so requires. FED. R. BANKR. P. 7052.

## Motion to Dismiss Counterclaim

Defendant's Counterclaim for abuse of process is untimely at this stage in the litigation because this adversary proceeding has not been finally terminated in Defendant's favor, and because Defendant has not alleged any special injury.  *See Kaslof v. Global Health Alternatives, Inc.*, 2000 U.S. Dist. LEXIS 21053, at *62-70 (E.D.N.Y. June 29, 2000); *Bank of Boston Int'l v. Arguello Tefel*, 644 F. Supp. 1423, 1430 (E.D.N.Y. 1986); *Kalsco Systemet, Inc. v. Jacobs*, 474 F. Supp. 666, 670 (S.D.N.Y. 1979).  Therefore, Defendant's Counterclaim will be dismissed

Order - 5

without prejudice to Defendant refiling a claim for abuse of process or malicious prosecution against Plaintiff if and when Defendant prevails on the claims asserted by the Plaintiff in this adversary proceeding.

Based on the forgoing, it is hereby

**ORDERED**, that Defendant's Counterclaim is hereby DISMISSED without prejudice to Defendant refiling a claim for abuse of process or malicious prosecution against Plaintiff if and when Defendant prevails on the claims asserted by the Plaintiff in this adversary proceeding; and it is further

**ORDERED**, that the balance of Plaintiff's Motion to Dismiss Counterclaim seeking attorney's fees and costs is hereby DENIED without prejudice, should Defendant refile such a Counterclaim.

## Motion to Strike Jury Demand

This Court has jurisdiction to decide the Motion to Strike Jury Demand pursuant to 28 U.S.C. §§ 1334(b) and 157(b), and Bankruptcy Rule 5011(c).  FED. R. BANKR. PRO. 5011(c); *see Finger v. County of Sullivan Indus. Dev. Agency (In re Paramount Hotel Corp.,)*, 319 B.R. 350, 357 (Bankr. S.D.N.Y. 2005).

This Court has determined that Defendant Michael Santangelo has properly invoked his right to a jury trial pursuant to the Seventh Amendment of the United States Constitution because Defendant asserted a demand for jury trial in the first pleading he filed with the Court, which clearly demanded a jury trial.  While Plaintiff argues that Defendant failed to timely demand a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, courts in this circuit have permitted untimely jury demands when the opposing party had actual notice and suffered no prejudice as a result of an untimely jury demand.  *Palmer v. Angelica Healthcare Servs.*

*Group*, 170 F.R.D. 88, 89-90 (N.D.N.Y 1997); *see Raymond v. IBM*, 148 F.3d 63 (2d Cir. 1998).

Defendant is entitled to a jury trial, at a minimum, on the preference and fraudulent transfer claims asserted by Plaintiff under §§ 547 and 548 of the Bankruptcy Code. *Langenkamp v. Culp*, 498 U.S. 42, 45 (1990) ("a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate"); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 36 (1989) ("the Seventh Amendment entitles such a person to a trial by jury, notwithstanding Congress' designation of fraudulent conveyance actions as 'core proceedings'").[2] Absent consent of both parties and designation by the District Court, this Court cannot conduct a jury trial in this adversary proceeding. 28 U.S.C. § 157(e); FED. R. BANKR. PRO. 9015.

Based on the forgoing, it is hereby

**ORDERED**, that Plaintiff's Motion to Strike Jury Demand is hereby DENIED; and it is further

**ORDERED**, that the portions of this Court's Pretrial Scheduling Order dated January 17, 2012 [dkt item 29], which set August 7, 2012 as the deadline to file a joint pretrial memorandum, which scheduled a final pretrial conference for August 14, 2012, and which set August 22, 2012 as the date for trial of this adversary proceeding, are hereby VACATED; the remainder of the Pretrial Scheduling Order remains in effect; and it is further

---

[2]  Because Defendant did not file a proof of claim in Debtor's main bankruptcy case, the Court does not need to reach, and does not reach, the issue of whether Defendant waived his right to jury trial by filing a proof of claim. *Langenkamp* 498 U.S. at 45; *In re CBI Holding Co.*, 529 F.3d 432, 465-68 (2d Cir. 2008).

Order - 7

**ORDERED**, that the Court hereby sets <u>July 31, 2012</u>, as the deadline for the parties to file motions for summary judgment; any response to a motion for summary judgment shall be filed by <u>August 31, 2012</u>; and a reply may be filed by <u>September 14, 2012</u>.



Dated: February 10, 2012
Central Islip, New York

_____
Alan S. Trust
**United States Bankruptcy Judge**

Order - 8

# Exhibit "B"

# EXHIBIT  TO VOLUMINOUS TO SCAN

To obtain a hard copy please contact:

The Law Office of Avrum J. Rosen, PLLC
38 New Street
Huntington, New York 11743
631-423-8527

# Exhibit "C"

Case 1-11-01520-ess    Doc 72-4    Filed 01/04/13    Entered 01/04/13 12:47:23
Case 1:13-cv-03079-DLI    Document 1-49    Filed 05/24/13    Page 75 of 110 PageID #: 747

Case 8-09-08315-ast    Doc 32    Filed 02/19/10    Entered 02/19/10 15:52:37

Dahiya Law Offices LLC
350 Broadway
Suite 412
New York, NY 10012
Karamvir S. Dahiya (KD 9738)
Attorney for the Defendants.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
**AT CENTRAL ISLIP**

---

**In re:**

**MOHAMMED P. SHAIKH,**

**Debtor.**

**CHAPTER 7**
   **Case No.: 08-72840-AST**

---

**R. KENNETH BARNARD, as Trustee of**
**The Estate of Mohammer P. Shaikh,**
               **Plaintiff,**

        -against-

**MOHAMMED ARIF and**
**LAILUN N. SHAIKH,**

               **Defendants.**

**Adv. Pro. No. 09-08315-ast**

**ANSWER AND**
**COUNTERCLAIMS**

---

        Note: It is respectfully submitted that this answer is filed under protest with

Bankruptcy Court, since the defendants have the right to have their case adjudicated by

an Article III Judge or by a State Court. The issue of adjudication as decided by Hon.

Judge J. Seybert is being appealed with the Second Circuit Court of Appeal.  Filing of

this answer is not voluntary submission to this jurisdiction of the bankruptcy court and is

without prejudice to the rights as being asserted in the Appeal.

                                                                                                    1

Case 1-11-01520-ess    Doc 72-4    Filed 01/04/13    Entered 01/04/13 12:47:23
Case 1:13-cv-03079-DLI    Document 1-49    Filed 05/24/13    Page 76 of 110 PageID #: 748

Case 8-09-08315-ast    Doc 32    Filed 02/19/10    Entered 02/19/10 15:52:37

Defendants, Mohammed Arif (hereinafter "Arif") and Lailun N. Shaikh ("Shaikh") (together, "Defendants"), by and through their undersigned attorney, hereby present the following Answer and Counterclaims to Plaintiff's Complaint:

## ANSWER

1. The first part of Plaintiff's paragraph 1 states a conclusion of law to which Defendants offer no denial or admittance.  Defendants specifically deny the second part of this paragraph.

2. Paragraph 2 states a conclusion of law to which Defendants offer no denial or admittance.

3. Paragraph 3 states a improper conclusion of law  as state fraudulent actions are not core proceedings as mentioned under 544 of Title 11 .

4. Paragraph 4 states a conclusion of law to which Defendants offer no denial or admittance.

5. Defendants admit the allegations in paragraph 5 to the extent of their knowledge.

6. Defendants admit the allegations in paragraph 6 to the extent of their knowledge.

7. Defendants admit the allegations in paragraph 7.

8. Defendants admit the allegations in paragraph 8.

9. Paragraph 9 states a conclusion of law to which Defendants offer no denial or admittance.

10. Defendants deny in general the allegations in paragraph 10.

11. Defendants deny in general the allegations in paragraph 11.

12. Defendants offer no answer to this as it is a matter of public record.

13. Defendants deny in general the allegations in paragraph 13.

Case 1-11-01520-ess    Doc 72-4    Filed 01/04/13    Entered 01/04/13 12:47:23
Case 1:13-cv-03079-DLI    Document 1-49    Filed 05/24/13    Page 77 of 110 PageID #: 749

Case 8-09-08315-ast    Doc 32    Filed 02/19/10    Entered 02/19/10 15:52:37

14. Defendants deny in general the allegations in paragraph 14.

15. Defendants deny in general the allegations in paragraph 15.

16. Defendants deny allegation of paragraph 16.

17. Defendants deny in general the allegations in paragraph 17.

18. Defendants specifically deny the allegations in paragraph 18.

19. Defendants specifically deny the allegations in paragraph 19.

20. Defendants deny in general the allegations in paragraph 20.

21. Defendants deny in general the allegations in paragraph 21.

22. Defendants specifically deny the allegations in paragraph 22.

23. Defendants have insufficient knowledge of the information stated in paragraph 23 to offer a denial or admittance.

24. Defendants specifically deny the allegations in paragraph 24.

25. Defendants deny in general the repeated and realleged allegations in paragraph 25.

26. Defendants deny allegation of paragraph 26.

27. Paragraph 27 allegations are denied.

28. Paragraph 28 states a conclusion of law of which Defendants have no knowledge. Furthermore, Defendants specifically deny the allegations in paragraph 28.

29. Defendants deny in general the repeated and realleged allegations in paragraph 29.

30. Defendants have insufficient knowledge of the information stated in paragraph 30 to offer a denial or admittance.  Furthermore, Defendants deny in general the allegations in paragraph 30.

3

Case 1-11-01520-ess    Doc 72-4    Filed 01/04/13    Entered 01/04/13 12:47:23
Case 1:13-cv-03079-DLI    Document 1-49    Filed 05/24/13    Page 78 of 110 PageID #: 750

Case 8-09-08315-ast    Doc 32    Filed 02/19/10    Entered 02/19/10 15:52:37

31. Paragraph 31 states is denied as the plaintiff alleges improper conclusions of law.

32. Paragraph 32 states a conclusion of law of which Defendants have no knowledge. Furthermore, Defendants specifically deny the allegations in paragraph 32.

33. Paragraph 33 allegations are denied as once again the plaintiffs are speculating wildly without realizing or trying to the know the underlying realities.

34. Defendants deny in general the repeated and realleged allegations in paragraph 34.

35. Defendants have insufficient knowledge of the information stated in paragraph 35 to offer a denial or admittance. Furthermore, Defendants deny in general the allegations in paragraph 35.

36. Paragraph 36 states improper conjectures and ad hominem guestimates as the plaintiff did not do his homework. Debtor received more than his entitlement.

37. Paragraph 37 is denied as the plaintiff once again attempts to reach conclusion of law of which has not foundation in the underlying factual situations.

38. Paragraph 38 states a conclusion of law of which Defendants have no knowledge. Furthermore, Defendants specifically deny the allegations in paragraph 38.

39. Paragraph 39 states an improper conclusions of law and is without any basis under the underlying facts. Furthermore, Defendants specifically deny the allegations in paragraph 39.

40. Defendants deny in general the repeated and realleged allegations in paragraph 40.

41. Paragraph 41 states a conclusion of law of which Defendants have no knowledge. Furthermore, Defendants specifically deny the allegations in paragraph 41.

4

Case 1-11-01520-ess    Doc 72-4    Filed 01/04/13    Entered 01/04/13 12:47:23
Case 1:13-cv-03079-DLI    Document 1-49    Filed 05/24/13    Page 79 of 110 PageID #: 751

Case 8-09-08315-ast    Doc 32    Filed 02/19/10    Entered 02/19/10 15:52:37

42. Paragraph 42 states a conclusion of law of which Defendants have no knowledge. Furthermore, Defendants specifically deny the allegations in paragraph 42.

43. Paragraph 43 states a conclusion of law of which Defendants have no knowledge. Furthermore, Defendants specifically deny the allegations in paragraph 43.

44. Defendants deny in general the repeated and realleged allegations in paragraph 44.

45. Paragraph 45 states a conclusion of law of which Defendants have no knowledge. Furthermore, Defendants specifically deny the allegations in paragraph 45.

46. Paragraph 46 states a conclusion of law of which Defendants have no knowledge. Furthermore, Defendants specifically deny the allegations in paragraph 46.

47. Defendants deny in general the repeated and realleged allegations in paragraph 47.

48. Defendants specifically deny the allegations in paragraph 48.

49. Paragraph 49 states a conclusion of law of which Defendants have no knowledge. Furthermore, Defendants specifically deny the allegations in paragraph 49.

50. Paragraph 50 states a conclusion of law of which Defendants have no knowledge. Furthermore, Defendants specifically deny the allegations in paragraph 50.

51. Paragraph 51 states a conclusion of law of which Defendants have no knowledge. Furthermore, Defendants specifically deny the allegations in paragraph 51.

## AFFIRMATIVE DEFENSES

### Statement of Facts Applicable to Affirmative Defenses

52. Defendant Shaikh is the mother of Defendant Arif and the Debtor, Mohammed P. Shaikh.

5

Case 1-11-01520-ess    Doc 72-4    Filed 01/04/13    Entered 01/04/13 12:47:23
Case 1:13-cv-03079-DLI    Document 1-49    Filed 05/24/13    Page 80 of 110 PageID #: 752

Case 8-09-08315-ast    Doc 32    Filed 02/19/10    Entered 02/19/10 15:52:37

53. Arif and the Debtor together care for their mother and all three live in the same residence.

54. Debtor did not make any payment towards the purchase of the residence and is not an obligor to the note securing the mortgage then and now.

55. Prior to the Debtor's filing for relief under the Bankruptcy Code, Defendants lent the Debtor more than $60,000 for the purpose of developing a business owned by the Debtor.

56. The Debtor was put on the deed to encourage him to be more responsible and to make payments towards his stay in the stay in the house and contribute his share, which he could not do. Since he could not make payments, he asked his name to be taken off the deed.

57. Defendants allowed the Debtor to remain living at the residence (since it is a joint family and culturally a unique family concept of ancient Indian culture) without making any monetary contributions to the mortgage and/or maintenance of the residence.

### First Affirmative Defense
### (Failure to State a Claim Upon Which Relief Can be Granted)

Plaintiff's Complaint fails to state a cause of action against Defendants, upon which the relief he seeks can be granted.

### Second Affirmative Defense
### (Consideration Paid by Defendants)

Plaintiff's Complaint fails to sufficiently allege a Fraudulent Conveyance because the Debtor received tremendous amount of help in terms of money, assistance and

6

Case 1-11-01520-ess    Doc 72-4    Filed 01/04/13    Entered 01/04/13 12:47:23
Case 1:13-cv-03079-DLI    Document 1-49    Filed 05/24/13    Page 81 of 110 PageID #: 753

Case 8-09-08315-ast    Doc 32    Filed 02/19/10    Entered 02/19/10 15:52:37

social help (considerations). There cannot be a fraudulent transfer for something that was received in-gratis by the transferor.

### Third Affirmative Defense
### (Repayment of Debt)

Plaintiff's Complaint fails to sufficiently allege a Fraudulent Conveyance because the Debtor transferred his interest in the deed because he could not make mortgage payments and could not contribute anything to the household and hence out of respect he quit his name from the deed.

### Fourth Affirmative Defense
### (No Interest to the Estate)

Plaintiff's Complaint fails to sufficiently allege a Fraudulent Conveyance because the Debtor's interest in the deed was insufficient as the Debtor did not pay any part of the purchase price nor make any payments towards the mortgage.

### COUNTERCLAIMS

### Allegations Common to All Counterclaims

58. The Plaintiff conducted a Section 341 meeting with the Debtor and therefore had ample time to question Debtor about the transfer of any property outside of the estate.

59. At the 341 meeting, the Plaintiff did not ask any questions regarding the transfer of the Debtor's interest in the deed.

60. Had Plaintiff duly questioned the Debtor regarding said deed, Plaintiff would have discovered that the value of the property is way less than $450,000.

Case 1-11-01520-ess    Doc 72-4    Filed 01/04/13    Entered 01/04/13 12:47:23
Case 1:13-cv-03079-DLI    Document 1-49    Filed 05/24/13    Page 82 of 110 PageID #: 754

Case 8-09-08315-ast    Doc 32    Filed 02/19/10    Entered 02/19/10 15:52:37

### Violation of Due Process

61. By his failure to question the Debtor about the transfer of his interest in the deed, the Plaintiff has violated the procedure provided in the Bankruptcy Code to protect the interests of a debtor. Thus, the Plaintiff has violated the Debtor's right to due process.

### Harassment and Intimidation

62. By bringing a claim for Fraudulent Conveyance against the Defendants, Plaintiff is acting in a manner to harass and intimidate. Plaintiff's actions are calculated to cause fear in the Defendants and extract money from them based upon that fear.

### Improper Performance of Duty as Trustee

63. Because Plaintiff failed to question Debtor about his interest in the deed at the 341 meeting, Plaintiff did not discover the facts underlying Defendants' Affirmative Defenses. Had Plaintiff done so, he would not have made the false allegations in his Complaint.

64. Plaintiff's failure to question the Debtor about his interest in the deed was an improper performance of his duties as the Trustee.

### Improper Inflation of Value of Property

65. Plaintiff has improperly inflated the value of the property. As stated above, the value of the property is actually way less than $500,000.

### Abuse of Process

66. Plaintiff is resorting to the use of New York state law to circumvent the procedural rules of the Bankruptcy Code and obtain money from the Defendants.

8

Case 1-11-01520-ess    Doc 72-4    Filed 01/04/13    Entered 01/04/13 12:47:23
Case 1:13-cv-03079-DLI    Document 1-49    Filed 05/24/13    Page 83 of 110 PageID #: 755

Case 8-09-08315-ast    Doc 32    Filed 02/19/10    Entered 02/19/10 15:52:37

67. Plaintiff's actions are an abuse of process.

## REQUEST FOR LEAVE OF COURT TO PROCEED AGAINST PLAINTIFF ON COUNTERCLAIMS ASSERTED BY DEFENDANTS

68. Defendants hereby respectfully request this Court to grant leave pursuant to the Barton Doctrine to proceed against the Plaintiff on the Counterclaims asserted herein. *Barton v. Barbour*, 104 U.S. 126 (1881).

**WHEREFORE,** Defendants respectfully request as follows:

1. Dismissal of Plaintiff's Complaint and entry of a judgment in Defendants' favor on all counts contained therein;

2. Entry of a judgment in favor of Defendants on all counts contained in their Counterclaims;

3. Granting of leave of court to pursue Defendants' Counterclaims against Plaintiff; and

4. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
February 19, 2010

Dahiya Law Offices LLC
Attorneys for Defendants

*Karamvir s. dahiya*

By: _____
Karamvir S. Dahiya
350 Broadway
Suite 412
New York, NY 10012

9

The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Debra Kramer, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Avrum J. Rosen
Katherine Geraci

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re:

       SHAHARA KHAN,

                    Debtor.

------------------------------------------------------------------x

DEBRA KRAMER AS TRUSTEE OF THE ESTATE
OF SHAHARA KHAN,

                 Plaintiff,

    -against-

TOZAMMEL H. MAHIA,

                  Defendant.

------------------------------------------------------------------x

Chapter 7
Case No.: 10-46901-ess

Adv. Pro. No.: 11-1520-ess

**PREHEARING STATEMENT FOR MOTION TO IMPOSE MONETARY SANCTIONS
AS AGAINST KARAMVIR DAHIYA, ESQ. AND THE DAHIYA LAW OFFICES, LLC
PURSUANT TO 28 U.S.C. 1927 AND 11 U.S.C. §105**

        Debra Kramer, as the chapter 7 trustee (the "Trustee") of the bankruptcy estate of

Shahara Khan (the "Debtor"), the Plaintiff herein, by and through her counsel, The Law Offices

of Avrum J. Rosen, PLLC,  respectfully submits this **Prehearing Statement ("Prehearing**

**Statement"** or **"Prehearing Order")** pursuant to the Order of the Court issued on April 26,

2012, and states as follows:

### STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

      1.     The Trustee does not know what facts Karamvir Dahiya, Esq., ("Dahiya")

and the Dahiya Law Offices, LLC ("DLO") would agree were not in dispute, however, the Trustee respectfully submits that the following facts should be in no genuine and legitimate dispute.

2.      On July 22, 2010, (the "Petition Date") Shahara Khan (the "Debtor") filed a voluntary petition for relief from her creditors pursuant to Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

3.      Debra Kramer, Esq. was appointed as the interim Trustee and thereafter did duly qualify as the permanent case Trustee.

4.      Prior to the commencement of the instant chapter 7 case, the Debtor, along with Tozammel H. Mahia and a third party, Shamsum N. Rimi (collectively, the "Sellers") conveyed their interest in real property commonly known as 8727 110th Street, Richmond Hill, New York (the "Property"), via deed dated April 5, 2007, to Jany Sikder. [See Debtor's Statement of Financial Affairs at Exhibit "A".]

5.      Consistent with the Trustee's fiduciary obligations and the Bankruptcy Code, the Trustee conducted a Section 341(a) Meeting of Creditors (the "341 Meeting") at which the Debtor appeared and was examined.

6.      During the course of the Trustee's investigation into the Debtor's financial affairs and assets, Trustee and her counsel were provided with documents which included: (i) a closing statement (the "Closing Statement") as to the sale of the Property; [See Exhibit "E"] (ii) copies of the checks disbursed at the closing of the sale of the Property [See Exhibit "F"]; and (iii) the Debtor's 2007 tax returns.

7.      In addition to the documents described above, the Trustee obtained a copy

of the deed (the "Deed") dated April 5, 2007, by which the titled owners of the Property, namely, Shawsum N. Rimi, Tozammel H. Mahia (the "Defendant" in the Adversary Proceeding) and Shahara Khan (the "Debtor") transferred their interest in the Property to Jany Sikder. [See Exhibit "B" and Exhibit "C," Form RP-5217NYC, the Real Property Transfer Report]

8.      The copies of the disbursement checks received by the Trustee with a letter from Debtor's counsel provided clear documentary evidence that despite having an ownership interest in the Property, the Debtor failed to receive any disbursement of proceeds at the closing. [See Exhibit "D." ]  Instead, the proceeds were all paid to Tozammel H. Mahia.

9.      From the documentary evidence provided, the Trustee determined that the estate had a cause of action against Tozammel H. Mahia to recover the alleged fraudulent conveyance of the Debtor's interest in the proceeds of sale of the Property for the benefit of creditors; to wit: the amount of the Debtor's distributive share of the proceeds realized upon the sale of the Property.

10.      In the Trustee's routine practice, she retained counsel to commence and prosecute an action to recover the funds for the benefit of the creditors of the estate.

11.      The Trustee, through her counsel, commenced the Adversary Proceeding (*Debra Kramer as Trustee of the Estate of Shahara Khan v. Tozammel H. Mahia*, Adv. Pro. No.: 11-1520-ess)  to recover an alleged fraudulent conveyance for the benefit of the creditors of the estate. The Trustee relied upon her avoidance powers as set forth under section 544 of the Bankruptcy Code, New York Debtor and Creditor Law and common law principles of fraud and unjust enrichment. The complaint was filed commencing the Adversary Proceeding, and the summons and complaint were properly served upon the Defendant. [See Exhibit "G"]

3

12.     The Defendant initially failed to answer or otherwise respond to the complaint.  At the initial pre-trial conference, the Trustee appeared by one of her attorneys, and the Defendant appeared by Dahiya and the DLO.

13.     Despite the fact that no answer had been interposed at that time, and despite the fact that by his own admission, Dahiya was first retained the morning of the hearing, he determined that it was appropriate to argue the merits of the case. In fact, he insisted that the Trustee could not prevail under the facts and circumstances asserted in the complaint. He further argued that the Trustee commenced an action against the Debtor's family member and that such an action was not warranted.

14.     When finally filed, the Answer was a general denial to all of the allegations contained therein, and asserted fifteen (15) separate affirmative defenses.  The Answer interposed two counterclaims. [See Exhibit "H']

15.     The "Answer" is a personal attack on both the Trustee and her counsel.  It is an attempt to refocus the Court's attention from the issues raised in the complaint, by raising frivolous allegations of constitutional violations and religious persecution; frivolous arguments of the Trustee's destruction of family units and alleged intentional wrongdoings by the Trustee and her counsel.

16.     The Answer included counterclaims.  The first counterclaim, entitled "First Counter-Claim Against Trustee for Abuse of Process" (the "Abuse of Process Claim") alleged that the Trustee brought the

> "action without basis, in fact or law," and "rather she chose this path to intimidate the family to extract a settlement from the helpless family. Section 341 provided ample opportunity for the trustee to examine the debtor, or she could have used

4

other process to examine the debtor, however she deliberately did not do that, for a due diligence would have revealed that the debtor did not have any claims against the defendant and she would not have had the opportunity to sue a family and put them in fear. She wants money. Trustees in this District have started playing havoc with families. This law suit was not a recklessly file one, but a deliberate attempt to put a family in fear, so that they could be forced to have settlement. Helpless debtor here is sick and has no money to engage lawyers and is entirely dependent on his son defendant for day to day living. Since the debtors or defendants like here have no financial wherewithal to hire attorneys, they are forced to settle eroding all rights and defenses. Trustee here, has abused her power and so did the counsel for the trustee - they have indulged in an act that is contemptible form all aspects".
*See* Answer, ¶ 23.

17.    Dahiya claimed that the Trustee and her counsel:

acted deliberately, willfully, maliciously, oppressively and with callous and intentional disregard of their duties under the bankruptcy code and subjected defendant to unjust and extreme hardship, knowing that her conduct was substantially likely to vex, annoy, and injure defendant. As a result of this conduct, defendant is entitled to punitive damages".
*See* Answer, ¶¶ 25, 26 & 27.

18.    As a result of the seriousness of the allegations asserted in the Abuse of Process Claim, the Trustee had to alert both her malpractice carrier as well as her insurer as to actions she took as a trustee.  As a result of having alerted these insurance carriers and the carriers providing counsel to defend, the Trustee will be forced to incur costs.  There are policy deductibles (in the amount of $2,500.00 each provided for in the two policies or $5,000.00 in the aggregate) that may be triggered.  The Trustee will also incur risk inherent with obtaining continuing coverage at an increased cost.   [See Exhibit "K"]

19.    The Answer also asserted a second counterclaim against the Trustee for a "Constitutional Tort."  Despite the Trustee's review of the Debtor's petition and schedules, and documents received from the Debtor, and the Debtor's testimony at the 341 Meeting, Dahiya

asserted that the Trustee failed to do her "homework" before bringing the action and "abused her powers."

20.      The Constitutional Tort/alleged cause of action does not state any cognizable claim, as the Debtor voluntarily submitted herself and her assets to the jurisdiction and purview of the bankruptcy court.

21.      Even after an extended period of time and "settlement discussions," Dahiya did not agree to withdraw the counterclaims against the Trustee.  Rather, new counsel for the Defendant agree to the withdrawal of the counterclaims against the Trustee.

22.      It is a pattern and practice of Dahiya, who, rather than addressing the merits of actions commenced by trustees to recover fraudulent and /or preferential actions, instead sues them for alleged abuse of process and other claims as a result of having commenced the actions.  Dahiya has engaged in this practice in a number of cases. For example, Dahiya has raised similar counterclaims against Robert L. Pryor, a trustee serving in the Central Islip Court, R. Kenneth Barnard, also a trustee in Central Islip, and Robert L. Geltzer, a trustee serving in the Brooklyn Court. [See Exhibit "I" which encompassed Exhibits "A-C" that were annexed to the instant motion when filed.]

23.      In *In re Leonid Chatkhan,* 10-46755-cec, and *Geltzer v. Dahia et al,* Adv. Pro. No. 11-1017-cec, Dahiya employed the same abusive tactics, made very similar arguments and asserted very similar accusations against the trustee.  [See Exhibit "I" which encompasses Exhibit "B" which was annexed to the instant motion.]

24.      The *Chatkhan* case further demonstrates that Dahiya is aware of the *Barton* Doctrine and is aware that in order to maintain an action against the Trustee herein, he is

required to obtain permission from this Court to do so; he has failed to do so in this case.

25.    Dahiya engaged in similar tactics against Trustee Robert L. Pryor. In *In re Jennifer Pupo Santangelo*, 10-78726-ast, Dahiya again waged a campaign against Trustee Pryor, who commenced an adversary proceeding entitled *Robert L. Pryor, Chapter 7 Trustee of the Estate of Jennifer Pupo Santangelo v. Michael Santangelo,* Adv. Pro. No. 11-9096-ast, in which he sought to recover alleged prepetition transfers pursuant to sections 542, 544, 548, 550 and 551 of the Bankruptcy Code, as well as pursuant to New York Debtor and Creditor Law. [See Exhibit "I" which encompassed Exhibit "A" which was annexed to the instant motion.]

26.    In the *Santangelo* matter, Dahiya filed a late answer and then asserted a counterclaim against the trustee for abuse of process.  The trustee argued that the counterclaim failed to state a viable cause of action because the only process issued in the adversary proceeding was the summons and complaint, which were not capable of being abused, and that if Dahiya's allegation was one of malicious prosecution, such allegation would have been untimely because a claim for malicious prosecution lies only after a decision in the defendant's favor.  See Exhibit "I" which encompassed Exhibit "A" which was annexed to the instant motion.]

27.    Judge Trust, in his Decision and Order dated February 10, 2012, dismissed Dahiya's counterclaim for abuse of process as being untimely because the "adversary proceeding has not been finally terminated in the Defendant's favor, and because Defendant has not alleged any special injury." [See Exhibit "I" which encompassed Exhibit "A" annexed to the instant motion.]

28.    As early as a month before filing the complaint, Dahiya had the Decision

7

and Order of Judge Trust instructing him that the cause of action for abuse of process which he sought to assert in the case before the Court is not ripe for adjudication.

29.    In a case that was pending before the Hon. Jerome Feller, *In re Louis Stogianos*, Case No. 11-40832-jf, a case in which Debra Kramer serves as the Trustee, Dahiya engaged in a pattern and practice of frustrating the Trustee's administration of the estate as well as the rights of the creditors.

30.    In *Stogianos*, the Trustee commenced an adversary proceeding to recover an alleged fraudulent conveyance of a taxi Medallion from the debtor to an entity controlled exclusively by the debtor for no consideration. Dahiya moved to withdraw the reference, and asserted counterclaims against the Trustee for abuse of process. Just recently, Dahiya agreed to dismiss the counterclaims asserted in that case.

31.    Trustee R. Kenneth Barnard was also sued by Mr. Dahiya on the same grounds in the case entitled *Barnard v. Mohamed Arif and Lailun N. Shaikh*, Case No. 09-08315. (Copies of the pleadings are annexed hereto at Exhibit "I" which encompassed Exhibit "C" as annexed to the instant motion.] That case was settled.  In each case, Dahiya attempts to use the withdrawal of the action as a bargaining chip to achieve other goals in the litigation.

32.    Despite the fact that the Trustee has a fiduciary duty under the Bankruptcy Code to recover preferences to insiders and fraudulent conveyances for the benefit of creditors of a debtor's estate, based upon his counterclaims, Dahiya sought a temporary and then permanent injunction against this Trustee and her counsel from commencing any adversary proceeding before this Court against what he called "similarly situated defendants" in the Eastern District of New York unless the Trustee filed a statement establishing "probable cause" for commencing

such an action with a one page summary of arguments of probably cause.  Moreover, he asked that this Court adopt such an amendment to the Local Rules that would provide for such a requirement.

33.      A probable cause requirement is found in our criminal jurisprudence, and not in our civil system of justice.  Arguing for such a change is not consistent with the requirement that a change in the current state of the law must be founded in a good faith belief that change is appropriate.

34.      Section 1927 provides "any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct".

35.      The Second Circuit Court of Appeals held in *Baker v. Latham Sparrowbush Associates (Matter of Cohoes Industrial Terminal, Inc.)* , 931 F.2d 222, 230 (2d Cir. 1991) that "A bankruptcy court may impose sanctions pursuant to section 1927 if it finds that 'an attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." It has also been held that to establish that  sanctions are warranted, the moving party must demonstrate that "an attorney has: (1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the  proceedings; (4) with bad faith or with intentional misconduct". *Veneziano v. Long Island Fabrication & Supply Corp.,* 238 F. Supp. 2d 683, 693 (D.N.J. 2002).

36.      Dahiya knew that the Trustee had conducted a reasonable inquiry in connection with her investigation of the alleged transfer by the Debtor to the Defendant.

Nevertheless, as in the other cases, Dahiya filed his improper motions and counterclaims.

Consequently, the Trustee has been forced to defend herself against Dahiya's tactics and, in turn,

move to sanction Dahiya for his actions.

37.    This Court also has inherent authority to sanction Dahiya and DLO

pursuant to 28 U.S.C. section 1927 as well as section105 of the Bankruptcy Code. *See In re*

*Grand Street Realty, LLC v. McCord,* 2005 US Dist. LEXIS 45314 (E.D.N.Y. 2005), in which

the District Court affirmed a Bankruptcy Court decision sanctioning a creditor's law firm which

impeded the administration of the assets of an estate. The Court set forth a four part test That test

was: "(1) whether the Chapter 7 trustee acted in good faith to pursue his statutory duties; (2)

whether the response by the objecting party was made in good faith; (3) whether that party had an

opportunity to correct its course but failed to do so; and (4) whether the chapter 7 trustee or the

bankruptcy estate was damaged by incurring unnecessary costs as a result of the objecting party's

actions."

38.    This adversary proceeding concerns an alleged fraudulent conveyance that

the Trustee is required to pursue. The counterclaims were filed in bad faith, as there is no basis

for them under the law. The Trustee has endeavored to have Dahiya withdraw these claims and

Dahiya "stalled" in doing so, wanting to use them as leverage in this action.  Dahiya never did.

39.    The estate had to negotiate for weeks with Mr. Dahiya over these issues.

Due to Dahiya's actions, there is the delay in the administration of this estate. The Debtor's

bankruptcy estate has been damaged by the actions of Dahiya.

40.    Trustee's counsel seeks an award of compensation pursuant to 28 U.S.C.

Section 1927 in at least the amount of $18,336.00. [See Exhibit "K" with pertinent time entries

starred.]

## STATEMENT OF MATERIAL FACTS IN DISPUTE

41.    Whether Dahiya and DLO, rather than addressing the merits of the action commenced by the Trustee to recover fraudulent and /or preferential actions, merely responded and sued the Trustee as a litigation tactic, making allegations which are completely without merit and were not included in the answer for any purpose other than to harass and intimidate the Trustee and her counsel; impose undue hardship upon the Trustee; frustrate the legitimate purpose of the bankruptcy process and to disparage the Trustee and her counsel.

42.    Despite 28 U.S.C. Section 451 containing the definition of the term "court of the United States" to include "the Supreme Court of the United States, courts of appeals, district courts . . . and any court created by Act of Congress the judges of which are entitled to hold office during good behavior" and the fact that the bankruptcy courts are units of the district court and qualify as "courts of the United States," and the Second Circuit Court of Appeals ruling in *Baker v. Latham  Sparrowbush Associates (Matter of Cohoes Industrial Terminal, Inc.*) , 931 F.2d 222, 230 (2d Cir. 1991) stating that bankruptcy courts may impose sanctions under 28 U.S.C. Section 1927, does the Court herein have jurisdiction to hear this motion.

43.    Are sanctions warranted  pursuant to section 1927 because Dahiya's actions were "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay. " *See Cohoes Industrial Terminal, Inc.*, 931 F.2d at 222.

44.    Do Dahiya's actions herein satisfy each and every element to impose sanctions pursuant to section 1927–instead of determining an appropriate litigation strategy based

11

in fact and law and rather than offering evidentiary support to the Trustee and/or her counsel, that would establish a defense to the allegations raised in the adversary proceeding, Dahiya (i) asserted baseless counterclaims designed to unreasonably and vexatiously multiply the proceedings and the costs associated therewith, as well as delay the administration of the case; (ii) brought causes of action that he knows cannot be sustained as a matter of law; (iii) violated the *Barton* Doctrine, ignoring the trustees' quasi-judicial immunity; (iv) intentionally sued the Trustee, knowing that she would incur large legal bills and increased insurance premiums and (v) attempted by his actions to force a settlement in this valid action commenced by the Trustee in her fiduciary capacity.

## LEGAL AND FACTUAL ISSUES TO BE DECIDED BY THE COURT

45.    Whether Dahiya and DLO 's actions are those types of actions for which sanctions are warranted under 28 U.S.C. Section 1927, which provides that "any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct."

46.    Whether Dahiya and DLO have (1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct."[1]

---

[1]    *Veneziano v. Long Island Fabrication & Supply Corp.,* 238 F. Supp. 2d 683, 693 (D.N.J. 2002).

12

47.     Whether Dahiya and DLO  has asserted baseless counterclaims designed to unreasonably and vexatiously multiply the proceedings and the costs associated therewith, as well as delay the administration of the case.

48.     Were the counterclaims filed by Dahiya in bad faith because the Trustee clearly had duties as set forth in section 704 of the Bankruptcy Code, such as the obligation to collect and reduce to money the property of the estate for which such trustee serves and to investigate the financial affairs of the debtor.

49.     Whether Dahiya and DLO set forth causes of action that he knows cannot be sustained as a matter of law, such as seeking an injunction to prevent the Trustee from performing her statutorily mandated responsibilities, and suing the Trustee for some sort of unspecified "constitutional tort."

50.     Did Dahiya and DLO  violate the *Barton* Doctrine, (*Barton v. Barbour*, 104 U.S. 126, 131, 26 L. Ed. 672 (1881)) and ignore the Trustee's quasi-judicial immunity by bringing a suit against the Trustee and/or her attorneys without leave of the bankruptcy court.

51.     Whether Dahiya and DLO have intentionally sued the Trustee, knowing that such suit will cause the Trustee to incur large legal bills and increased insurance premiums, as a litigation tactic to force settlements on valid actions commenced by the Trustee in her fiduciary capacity.

52.     Whether the Bankruptcy Court may sanction Dahiya and DLO under section 105 of the Bankruptcy Code for actions which impeded the administration of the assets of the Debtor's estate under the four part test set forth in *In re Grand Street Realty, LLC v. McCord*, 2005 US Dist. LEXIS 45314 (E.D.N.Y. 2005):

13

(1) whether the Chapter 7 trustee acted in good faith to pursue his statutory duties; (2) whether the response by the objecting party was made in good faith; (3) whether that party had an opportunity to correct its course but failed to do so; and (4) whether the chapter 7 trustee or the bankruptcy estate was damaged by incurring unnecessary costs as a result of the objecting party's actions..

53.    Since it is black letter law that an action for abuse of process cannot be brought until the complained of action has been determined in the defendant's favor, did Dahiya and DLO make these meritless allegations in order to harass and intimidate the Trustee and her counsel; impose undue hardship upon the Trustee; frustrate the legitimate purpose of the bankruptcy process; disparage the Trustee and her counsel; and generally avoid reaching the merits of the Adversary Proceeding.

54.    Should the Trustee and her counsel be granted monetary damages for the time spent defending the baseless and meritless allegations made by Dahiya and DLO.

Dated: Huntington, New York
       June 1, 2012

                                The Law Offices of Avrum J. Rosen, PLLC
                                Attorneys for the Trustee

                        BY:    *S/Avrum J. Rosen*
                                Avrum J. Rosen
                                Katherine Geraci
                                38 New Street
                                Huntington, New York 11743
                                631 423 8527
                                AJRlaw@aol.com

14

# EXHIBITS TO VOLUMINOUS TO SCAN

To obtain a hard copy please contact:

The Law Office of Avrum J. Rosen, PLLC
38 New Street
Huntington, New York 11743
631-423-8527

The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Debra Kramer, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

        SHAHARA KHAN,

                Debtor.
-----------------------------------------------------------------x
DEBRA KRAMER AS TRUSTEE OF THE ESTATE
OF SHAHARA KHAN,

                Plaintiff,

    -against-

TOZAMMEL H. MAHIA,

                Defendant.
-----------------------------------------------------------------x

Chapter 7
Case No.: 10-46901-ess

Adv. Pro. No.: 11-1520-ess

## <u>NOTICE OF DEPOSITION</u>

TO:    TOZAMMEL H. MAHIA
        Karamvir S. Dahiya, Esq.
        Dahiya Law Offices LLC
        350 Broadway
        Suite 412
        New York, New York 10013

       PLEASE TAKE NOTICE that pursuant to Rules 9014 and 7030 of the Federal Rules of

Bankruptcy Procedure and Rule 30 of the Federal Rules of Civil Procedure, the Plaintiff, Debra

Kramer, by her attorneys, The Law Offices of Avrum J. Rosen, PLLC, shall take the deposition

of TOZAMMEL H. MAHIA, the defendant herein.

       PLEASE TAKE FURTHER NOTICE that such oral deposition shall be conducted before

a notary public or other person authorized to administer oaths, who shall record the testimony by stenographic means, and who is not an interested party as that term is so defined under Rule 7028(c) of the Federal Rules of Bankruptcy Procedure and Rule 28(c) of the Federal Rules of Civil Procedure.

PLEASE TAKE FURTHER NOTICE that the deposition of TOZAMMEL H. MAHIA shall take place at The Law Offices of Avrum J. Rosen, PLLC, 38 New Street, Huntington, New York 11743, on the 20th day of April, 2012 at 10:00 a.m.. and shall continue from day to day until completed.

Dated: Huntington, New York
        March 26, 2012

                                    The Law Offices of Avrum J. Rosen, PLLC
                                    Attorneys for the Plaintiff

                            BY:     S/Fred S. Kantrow
                                    Fred S. Kantrow
                                    38 New Street
                                    Huntington, New York 11743
                                    631 423 8527
                                    Fkantrow@avrumrosenlaw.com

The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Debra Kramer, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re:

        SHAHARA KHAN,

                      Debtor.

          Chapter 7
          Case No.: 10-46901-ess

------------------------------------------------------------------x

DEBRA KRAMER AS TRUSTEE OF THE ESTATE
OF SHAHARA KHAN,

                    Plaintiff,

      -against-

TOZAMMEL H. MAHIA,

                   Defendant.

          Adv. Pro. No.: 11-1520-ess

------------------------------------------------------------------x

## PLAINTIFF'S FIRST DEMAND FOR PRODUCTION
## AND INSPECTION OF DOCUMENTS

TO:    TOZAMMEL H. MAHIA
       Karamvir S. Dahiya, Esq.
       Dahiya Law Offices LLC
       350 Broadway
       Suite 412
       New York, New York 10013

PLEASE TAKE NOTICE, that pursuant to Rule 7034 of the Federal Rules of

Bankruptcy Procedure, Debra Kramer, Esq., the plaintiff (the "Plaintiff"), by and through her

attorneys, The Law Offices of Avrum J. Rosen, PLLC, hereby demands that TOZAMMEL H.

MAHIA, the defendant herein, produce the following designated documents for inspection and

copying on or before the 19th day of April, 2012 at 11:00 a.m., in the forenoon at The Law

Offices of Avrum J. Rosen, PLLC, 38 New Street, Huntington, New York 11743, counsel to the Plaintiff.

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, and Rule 7034(b) of the Federal Rules of Bankruptcy Procedure, a written response to each request, stating with respect to each item that inspection and related activities will be permitted as requested, or that documents do not exist in response to a particular item or that an item is objectionable for reasons specified, must be served upon the undersigned counsel for the Plaintiff as set forth above.

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, and Rule 7034(b) of the Federal Rules of Bankruptcy Procedure, any objections to the production of documents shall be in writing and shall set forth all grounds for such objections, if any, with specificity.

PLEASE TAKE FURTHER NOTICE that any claim of privilege asserted in an objection to the production and inspection of documents shall identity (a) the nature of the privilege being claimed, and, if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege rule being invoked, and (b) unless divulgence of such information would cause the disclosure of allegedly privileged information; (i) the type of the document concerning which the alleged privilege is invoked; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document; for a *subpoena duces tecum*, including, where appropriate, the author of the document, the addressee of the document, the relationship of the author to the addressee, and the names of all persons or entities receiving the document.

**DEFINITIONS**

(a)     The definitions and rules of construction set forth in Rule 34 of the Federal Rules

of Civil Procedure and Bankruptcy Rule 7034(b) are incorporated herein by reference.

(b)     "Document" shall mean, in addition to the meanings set forth in Federal Rules of

Civil Procedure 34 and Bankruptcy Rule 7034(b), any document, data or information stored by

an electronic, magnetic, digital, or optical means, including, without limitation, any audio, video

or data disk, tape or other memory, storage or recording device.

(c)     "SHAHARA KHAN" refers to the Debtor in the above-captioned  proceeding.

(d)     "Tozammel Mahia" refers to the defendant in the above-captioned proceeding.

(e)     "Debra Kramer, Esq.", refers to Debra Kramer, the Trustee of the Estate herein

and the Plaintiff.

(f)     "Answer" means the Answer, dated January 31, 2012, filed on behalf of

the Defendant.

(g)     "Petition" means the Chapter 7 petition filed by the Debtor.

(h)     "Schedules" mean Schedules filed in connection with the Chapter 7

Petition and any amendments or supplements thereto.

(i)     "Concerning" means relating to, referring to, evidencing, reflecting, setting forth,

substantiating or consulting or relied (or to be relied) upon.

**INSTRUCTIONS**

1.     This document request is of a continuing nature.  If, after the date and time for

production as set forth above or as otherwise agreed to, additional Documents responsive to this

request come within, or are discovered within, the possession, custody or control of the

Defendant, such additional Documents shall be produced by the Defendant or her attorney, at

such time and place to be mutually agreed upon by the attorneys for the parties, but not later than

thirty (30) days after the additional Documents come into, or are discovered within, her

possession, custody or control.

       2.      If, in response to a particular request, Documents do not exist, the Defendant shall

so state.

       3.      All Documents to be produced pursuant to this request shall be segregated in

accordance with the numbered paragraph herein.

**TIME PERIOD**

       4.      Unless otherwise specified, this document request relates to the period between

2007 through and including the present.  All Documents wherever and by whomever actually

prepared, which relate to this period and which are called for by this document request, are to be

produced.

**PRIVILEGE**

       5.      All Documents called for in this request as to which the Defendant claims

privilege or statutory authority as grounds for non-production shall be listed chronologically and

identified in a Privilege Log.

**REQUESTS FOR DISCOVERY AND INSPECTION OF DOCUMENTS**

       6.      The Plaintiff requests that the Defendant produce the following Documents in

her custody, possession, or control:

       1.      Copies of any documents that establish the Defendant's affirmative defense

              alleged in paragraph "7" of the Answer, that there was "accord and satisfaction".

       2.      Copies of any and all documents that establish the Defendant's affirmative

              defense alleged in paragraph "8" of the Answer, that the Defendant remitted

              payments.

3.      Copies of any and all documents that establish the Defendant's affirmative defense alleged in paragraph "9" of the Answer, that the Defendant was released.

4.      Copies of any and all documents that establish the Defendant's affirmative defense alleged in paragraph "10" of the Answer that the Plaintiff's claims are barred by *res judicata*.

5.      Copies of any and all documents that establish the Defendant's affirmative defense alleged in paragraph "11" of the Answer that the Plaintiff's claims are barred by judicial estoppel.

6.      Copies of any and all documents that establish the Defendant's affirmative defense alleged in paragraph "12" of the Answer that the Plaintiff's claims are barred by estoppel by contract.

7.      Copies of any and all documents that establish the Defendant's affirmative defense alleged in paragraph "13" of the Answer that the Plaintiff's claims are barred by "quasi-estoppel" as well as case law that explains such a theory.

7.      Copies of any and all documents that indicate what other parties the Defendant alleges must be included in order to have the "proper parties" before the Court as alleged in paragraph "14" of the Answer.

8.      Copies of any and all documents that establish the Defendant's affirmative defense alleged in paragraph "15" of the Answer that the Plaintiff's complaint fails to state any claims upon which relief can be granted.

9.      Copies of any and all documents that establish the Defendant's affirmative defense alleged in paragraph "16" of the Answer that the Plaintiff has un-clean hands.

10.    Copies of any and all documents that establish the Defendant's affirmative defense alleged in paragraph "17" of the Answer that the Plaintiff's claims are barred by the doctrine of "fair use" as well as any case law that describes such a defense.

11.    Copies of any and all documents that establish the Defendant's affirmative defense alleged in paragraph "18" of the Answer that the Plaintiff's claims are barred by laches.

12.    Copies of any and all documents that establish the Defendant's affirmative defense alleged in paragraph "19" of the Answer that the Plaintiff's claims are barred by acquiescence as well as any case law that describes such a defense.

13.    Copies of any all documents that establish the Defendant's affirmative defense alleged in paragraph "20" of the Answer that the Plaintiff's claims are barred by waiver.

14.    Copies of any and all documents that establish the Defendant's affirmative defense alleged in paragraph "21" of the Answer that the Debtor did not have "any real ownership" of the subject real property.

15.    Copies of any and all documents that establish the Defendant's affirmative defense alleged in paragraph "21" of the Answer that the bank inserted the name of the Debtor on any loan documents, mortgage applications, deeds, etc. relies.

16.    Copies of the Defendant's bank statements evidencing payments made the Defendant as to the mortgage; maintenance; upkeep, utility payments, tax payments, insurance payments, etc., as they relate to the subject real property.

17.    Copies of the Defendant's tax returns.

18.    Copies of any and all additional documents upon which the Defendant intends to rely at trial.

19.    Copies of any expert reports upon which the Defendant intends to rely at trial.


Dated: Huntington, New York
       March 26, 2012


                                    The Law Offices of Avrum J. Rosen, PLLC
                                    Attorneys for the Plaintiff

                            BY:    S/Fred S. Kantrow
                                    Fred S. Kantrow
                                    38 New Street
                                    Huntington, New York 11743
                                    631 423 8527
                                    Fkantrow@avrumrosenlaw.com

*F*
*j*

# *Chittur & Associates, P.C.*

Attorneys & Counselors at Law
286 Madison Avenue Suite 1100
New York, New York 10017
Tel: (212) 370-0447  Fax: (212) 370-0465
Email: kchittur@chittur.com  Web: www.chittur.com

November 26, 2012

Hon. Elizabeth Stong
Judge, United States Bankruptcy Court (E.D.N.Y.)
Conrad B. Duberstein U.S. Courthouse
271 Cadman Plaza East Suite 1595
Brooklyn, NY 11201-1800

> Re:   In re, Sahara Khan, No. 10-46901-ESS
>        Kramer v. Mahia, Adv. Proc. No. 11-1520-ESS
>
> Sub:  Motion for Sanctions under 28 U.S.C. §1927 against Karamvir Dahiya,
>        Esq., and The Dahiya Law Offices, LLC

Your Honor:

We are counsel for Mr. Dahiya and his law firm, Dahiya Law Offices, LLC, in the United States District Court for Eastern District of New York, for the limited purpose of the motion for withdrawal of reference which was filed on November 19, 2012 (dkt. 50). The central issue on that motion is whether, under the circumstances presented, this Court has subject-matter jurisdiction over the 1927 motion seeking sanctions against Mr. Dahiya and his law firm.

It appears that this jurisdictional issue was first raised in this Court in April 2012, see dkt. 18.  However, it has not been resolved.  Nevertheless, by orders of June 14, 2012 (dkt. 26) and November 7, 2012, (dkt. 47), an evidentiary hearing has been scheduled for November 30, 2012, on the underlying 1927 motion.

This procedure is contrary to settled law and practice, and puts the proverbial cart before the horse.

> [A] federal court may not ... decide a case on the merits before
> resolving whether the court has . . jurisdiction.

United States v. Miller, 263 F.3d 1, 4 n. 2 (2d Cir. 2001).  Accord, EM Ltd. v Republic of

Hon. Elizabeth Stong
November 26, 2012

In re, Sahara Khan, No. 10-46901-ESS
Kramer v. Mahia, Adv. Proc. No. 11-1520-ESS

Argentina, 695 F3d 201, 205 (2d Cir 2012) ("Before turning to the merits, we first
address NML's contention that we lack subject matter jurisdiction . ."); Aladdin Capital
Holdings, LLC v. Donoyan, 438 Fed. Appx. 14, 15 (2d Cir. 2011) ("We must first address
whether we have . . jurisdiction . ."); Donohue v Mangano, 193 LRRM (BNA) 3345
(E.D.N.Y. Aug. 20, 2012) ("The Court will first address any questions as to jurisdiction,
and will then proceed to assess the substantive merits of the motion . .").

    Accordingly, we respectfully request that an order be entered canceling the
evidentiary currently scheduled for November 30, 2012. Alternatively, at a minimum,
the hearing should be adjourned sine die pending the District Court's decision. Thank
you for your attention.

Respectfully submitted,

Krishnan S. Chittur, Esq.

    **By letter dated November 26, 2012, newly retained counsel for Karamvir Dahiya, Esq.
and the Dahiya Law Offices, LLC, requested the entry of an order "canceling the evidentiary
[hearing] currently scheduled for November 30, 2012" or adjourning that hearing to an
unspecified date, pending the district court's determination of the motion to withdraw the
reference.**

    **The grounds for the request include the argument that this Court lacks subject matter
jurisdiction to decide the motion for sanctions under 28 U.S.C. § 1927.**

    **The request is denied. As this Court previously noted, "'[t]he Second Circuit has held
that a bankruptcy court may impose sanctions pursuant to 28 U.S.C. § 1927 if it finds that
[an] attorney's actions are so completely without merit as to require the conclusion that they
must have been undertaken for some improper purpose such as delay.'" *In re Ambotiene*, 316**

B.R. 25, 34 n.2 (Bankr. E.D.N.Y. 2004) (quoting *Baker v. Latham Sparrowbush Assocs. (In re Cohoes Indus. Terminal, Inc.)*, 931 F.2d 222, 230 (2d Cir. 1991)), *aff'd*, 2005 U.S. Dist. LEXIS 45314 (E.D.N.Y. Sept. 30, 2005); *see In re Emanuel*, 2010 Bankr. LEXIS 590, at *3 n.2 (Bankr. S.D.N.Y. Mar. 12, 2010) (stating that "bankruptcy courts may impose sanctions under 28 U.S.C. § 1927"); *In re Green*, 422 B.R. 469, 473 (Bankr. S.D.N.Y. 2010) (explaining that a bankruptcy court "has the power to sanction" under 28 U.S.C. § 1927). Accordingly, this Court finds that it may decide the motion for sanctions under 28 U.S.C. § 1927.

IT IS SO ORDERED.



Dated: Brooklyn, New York
November 28, 2012

_____
Elizabeth S. Stong
United States Bankruptcy Judge