**Dahiya Law Offices LLC**
75 Maiden Lane Suite 412
New York New York 10013
Tel: 212 766 8000
Fax: 212 766 8001

March 11, 2013

Hon. Elizabeth Stong
Judge, United States Bankruptcy Court (E.D.N.Y.)
271 Cadman Plaza East
Brooklyn New York 11201

    Re: *In re. Sahara Khan (Debtor), No. 10-46901-ess (Bankruptcy); Debra Kramer, as Trustee v. Mahia (Adv. Pro. 11-1520-ess (Bankruptcy)*

Your Honor:

    With utmost reluctance, I am compelled to request Your Honor to recuse yourself from this case, and from all cases wherein I appear as counsel, on grounds of appearance of bias/impropriety.  Given the facts detailed below, "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal."  *ISC Holding AG v Nobel Biocare Fin. AG,* 688 F3d 98, 107 (2d Cir 2012)(citation omitted).

    On March 5, 2012, I sought to appear in the matter of *Kramer vs. Iqbal*, Adv. Proceeding #: 1-12-01198-ess.  Mr. Rosen, counsel for the trustee Kramer- a litigant before Your Honor in that case - objected to my appearance, even though it ought not to have been his concern at all.  Faced with this objection, the Court's duty was clear:

> It is the duty of the Court "to preserve, to the greatest extent possible, both the individual's right to be represented by counsel of his or her choice and the public's interest in maintaining the highest standards of professional conduct and the scrupulous administration of justice." *Hull v. Celanese Corp.*, 513 F.2d 568, 569 (2d Cir.1975). A "district court is obliged to take measures against unethical conduct occurring in connection with any proceeding before it."

*Corpac v Rubin & Rothman, LLC*, 2013 WL 342704 (E.D.N.Y. Jan. 28, 2013) (Spatt, J.).

    However, instead of protecting Mr. Iqbal's constitutional right, Your Honor not only condoned, but in fact, echoed Mr. Rosen's objections.  Your Honor made comments, in open court and on the record, strongly discouraging Mr. Iqbal from engaging me as his counsel.  Your Honor also told Mr. Iqbal, in open court and on the record, that he would

1

be better served by going to a *pro bono* legal services clinic instead of being represented by me. What effect this had on Mr. Iqbal is clear from his son's subsequent email to me:

> . . . However, my father <u>is deeply troubled and scared to see the judges negativity towards you. He told me, the trustees lawyer is against you representing my parents, and the judge was supporting the trustees lawyer</u>. . . You are our hope, we pray that you will take us out of this unfortunate law suit. . . <u>My father told me he was advised by the lady judge to hire a lawyer but not to hire you. Do you think it is right if we hire a caucasian or jewish lawyer to help? Mr. Dahiya it is nothing against you, but the judge might favor their own kind</u>.

"**Ex. A**," Email of March 10, 2013. Whether that is the appropriate impression to be given to a litigant is an issue for Your Honor to consider.

Further, when I attempted to speak in that case, Your Honor did not permit me to do so, contrary to well-settled practice in all courts – federal and state – through the country. Thereby, Your Honor deprived Mr. Iqbal of his constitutional right of Equal Protection and of Due Process; as the Supreme Court has held, "the right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel." *Goldberg v. Kelly*, 397 U.S. 254, 268-69 (1970) (citation omitted).

I also note with regret that on several other occasions, Your Honor has attempted to silence me improperly. Illustratively, in this case, Your Honor entertained a sanctions motion by Mr. Rosen against me when that motion had no basis in law at all and was, in fact, sanctionably frivolous. *See, e.g., Mone v. Commissioner of Internal Revenue*, 774 F.2d 570, 574 (2d Cir.1985) (Section 1927 should be construed narrowly and with great caution); *Sibley v Jamestown Bd. of Pub. Util.*, 2012 WL 4114170 (W.D.N.Y. Sept. 19, 2012). Further, Your Honor attempted to bind me to an alleged settlement of that frivolous motion, despite the fact that that settlement was violative of the Rules of Professional Conduct, and when I sought to object, Your Honor did not permit me to do so. **Exhibit B**, Letter of October 17, 2012.

So also, in this case, I brought to Your Honor's attention reports that Mr. Rosen had threatened Mr. Mahia with criminal prosecution to coerce a settlement. **Ex. C.** Such a threat – assuming it was made - is a textbook violation of the Rules of Professional Conduct. *See, e.g., Realuyo v Diaz*, 2006 WL 695683 (S.D.N.Y. Mar. 17, 2006) ("plaintiff's conduct in representing the Diaz defendants violated Disciplinary Rule 7-105 which prohibits a lawyer from presenting, participating in presenting, or threatening to present criminal charges solely to obtain an advantage in a civil matter. N.Y. Comp.Codes R. & Regs., tit. 22, § 1200.36(a)."); *Trezza v NRG Energy, Inc.*, 2008 WL 540094 (S.D.N.Y. Feb. 28, 2008) (same). Nevertheless, Your Honor ignored this, and did not even seek an explanation from Mr. Rosen for what may have been a serious infraction.

2

The audio records of the hearings in this case, I believe, reveal Your Honor's impatience and bias. *Offutt v. United States*, 348 U.S. 11, 14 (1954) (judge must not "give vent to personal spleen or respond to a personal grievance")

Under the circumstances, I submit that recusal is warranted. A judge "must recuse himself in any proceeding in which his impartiality might reasonably be questioned." *United States v. Diaz*, 176 F.3d 52, 112 (2d Cir. 1999) (citation omitted)

In view of the aforesaid, I request that Your Honor recuse yourself from this case, and in all cases where I have appeared as counsel. The constitutional rights of litigants, and the importance of justice not only being done, but appearing to be done, require this. *Offutt v. United States*, 348 U.S. 11, 14 (1954) ("[J]ustice must satisfy the appearance of justice"); *Ex parte McCarthy*, 1 K.B. 256, 259 (1923) ("[J]ustice should not only be done, but should manifestly and undoubtedly be seen to be done").

Dated: New York New York  　　　　　　Respectfully submitted,
　　　　March 11, 2013

　　　　　　　　　　　　　　　　　　　/s/karamvir dahiya
　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Karamvir Dahiya

**From:** shan iqbal <shan.iqbal22@gmail.com>
**Subject:** **Shakil & Maria Iqbal**
**Date:** March 10, 2013 9:52:49 PM EDT
**To:** karam@legalpundit.com

Dear Mr. Dahiya,

My name is Shan Iqbal, son of Shakil Iqbal. My father does not know much about e-mails and computers so I wanted to thank you for representing my mom and dad. We are very touched by your gesture. My father and mother have been going through very serious medical conditions. My mom is battling breast cancer and my father is a serious heart patient. We do not have money to hire a lawyer, your assistance is god send. However, my father is deeply troubled and scared to see the judges negativity towards you. He told me, the trustees lawyer is against you representing my parents, and the judge was supporting the trustees lawyer. My father is a immigrant and he is still very insecure about his rights. I don't know if my father told you or the court, but he took a mortgage of over $250K to invest in SM Transportation. While speaking with you today, you seem like a genuine person and very knowledgable about bankruptcy law. You are our hope, we pray that you will take us out of this unfortunate law suit. This law suit has caused a lot of immense suffering to our family. This is the worst I've ever seen my family ever in my life. My younger sister has had to drop out of college, even though she had only one year left. I have been working over fifty hours a week to maintain food and services in the home because my parents cannot work. I'm scared we will lose our home, because the mortgage has not been paid in two years. My father told me he was advised by the lady judge to hire a lawyer but not to hire you. Do you think it is right if we hire a caucasian or jewish lawyer to help? Mr. Dahiya it is nothing against you, but the judge might favor their own kind. I have personally not seen the judge. I don't know what really went on in court with my father. One thing I can say, he is very troubled. I'm afraid he might have a heart attack from all the stress. We do not have money to pay. I believe you told my father and the court you will do it probono, for which we are very greatful. Mr. Dahiya please be assured if we happen to make any money, we would without a doubt pay for your services. Please take care of my parents, I'll be personally seeing you in the next couple of days. Please let me know when your well settled in your new office. If you are in long island, your welcome to our home, so you can meet our members of our family and have some tea.


Sincerely


Shan Iqbal

**Dahiya Law Offices LLC**
350 Broadway Suite 412
New York New York 10013
Tel: 212 766 8000
Fax: 212 766 8001

Hon. Elizabeth Stong                                  October 17, 2012
United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

**Adversary No. 11-1520 in Case No. 10-46901**

Dear Judge Stong:

    I am writing to inform the Court that I am not able to agree to the terms of the settlement tentatively struck by Avrum Rosen, Esq. representing the panel trustee in this case, and Mr. Wayne Greenwald, Esq., ostensibly acting for me, on September 13, 2012. As I noted on the record during the hearing on the tentative settlement, I disagreed with critical terms of the settlement but was not permitted to voice my objections. Be that as it may, Mr. Greenwald's law firm no longer represents me.

    It is my intention to file a withdrawal of reference with the District Count under 28 U.S.C. §157 (d), for resolution, as it entails both constitutional and jurisdictional issues that warrant the intervention of an Article III court. Thank you for your consideration.

                                                                  Karamvir Dahiya, Esq.

Copy to:

The Law Offices of Avrum J. Rosen, PLLC
38 New Street
Huntington, New York 11743
Fax: 631-423-4536


Wayne Greenwald, Esq.
Wayne Greenwald PC
475 Park Avenue South #26
New York, NY 10016
(212) 983-1922
Fax: 212 983-1965

**Dahiya Law Offices LLC**
350 Broadway Suite 412
New York New York 10013

Tel: 212 766 8000
Fax: 212 766 8001

December 5th, 2012

Christine T Castiglia-Rubinstein
Castiqulia-Rubinstein Law
445 Broadhollow Rd. CL-10
Melville, NY 11747
Via email and ECF
gortiz@estateacts.com

      Re: Kramer as Trustee of the Estate of
         Shahara Khan v. Mahia et al  Case No. 11-01520

Dear Ms. Castiglia-Rubinstein:

  I represent Mr. Tozammel Mahia in the aforesaid proceeding. It has been brought to my attention that you told Mr. Mahia, that you had a talk with the trustee and that he must settle this lawsuit failing which trustee would refer this to the District Attorney office for criminal investigation. **I need a prompt response as to who had advised you to speak this way to Mr. Mahia**. Further, you are advised to not to threaten or communicate messages of threats to Mr. Mahia or his family-- you have no clue as to the anguish that you have caused to Mr. Mahia and his family by threatening criminal investigation for not settling this case.

  Further, please provide full accounting of the work that has been done by your office regarding this case and also of your experience in handling bankruptcy matters as you had stated to Mr. Mahia that you are an expert in bankruptcy law—your website reflects expertise in several fields of law. We note that not even a single appearance was made by your office in the court in Mr. Mahia case. Further, you are advised to not to communicate with client or his family directly or indirectly regarding any matter as long as this case is pending— any communication if desired must be carried out through my office. I enclose herewith a letter discharging you from the case. Thank you for your consideration.

      Yours sincerely:

          _____
        Karamvir Dahiya, Esq.
         for Tozammel Mahia

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X Case No. 10-46901
IN RE:

       SHAHARA KHAN,

                          Debtor

-------------------------------------------------------------X Adversary No. 11-01520

DEBRA KRAMER, as Trustee of Estate
Of SHAHARA KHAN,

                          Plaintiff,

--against—



TOZAMMEL H. MAHIA

                          Defendant.
-------------------------------------------------------------X

## **DISCAHRGE OF ATTORNEY**

I, the undersigned, Tozammel H. Mahia hereby discharge my present counsel, Christine T Castiglia-Rubinstein, with immediate effect. I am retaining Dahiya Law Offices LLC to appear and represent me.


Dated: December 3, 2012
New York New York

                                                _____
                                                TOZAMMEL H. MAHIA

Christine T Castiglia-Rubinstein, Esq.
445 Broadhollow Road
CL 10
Melville NY 11747


Dear Ms. Castiglia-Rubinstein:

      In the case of the trustee against my mother and myself, I am discharging you from my case with immediate effect please forward my file to my new lawyer.


Karamvir Dahiya, Esq.
350 Broadway Suite 412
New York New York 10013
Tel: 212 766 8000


    Thank you for your services.

*[signature]*

                              Tozammel Mahia