**THE LAW OFFICES OF**
**AVRUM J. ROSEN, PLLC**
ATTORNEYS AT LAW
38 NEW STREET
HUNTINGTON, NEW YORK 11743
..............
Telephone (631) 423-8527
Facsimile (631) 423-4536
e-mail address: ajrlaw@aol.com

AVRUM J. ROSEN                                                          ALLAN B. MENDELSOHN *
FRED S. KANTROW                                                         MICHAEL J. O'SULLIVAN*
                                                                        (* *of counsel* )
KIMBERLY I. BERSON
DEBORAH L. DOBBIN
KATHERINE A. GERACI

June 4, 2013

VIA ECF
Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Kramer v. Mahia
      Case No. 13-cv-03079-KAM

Dear Judge Matsumoto:

I write in response to the request of Mr. Dahiya for an adjournment of his time to perfect the appeal in this matter. Contrary to your chamber rules, Mr. Dahiya has not consulted with this office, at all, prior to making this request. This is despite the fact that I sent the attached request regarding the motion that needs to be made before Your Honor on this matter yesterday. Instead of receiving any reply, I received the letter presently before the Court.

The purpose of my e-mail, was due to the fact that this firm made a motion to strike portions of the record on appeal. Pursuant to prevailing law of this Circuit, it was made, in the first instance, to Bankruptcy Judge Stong. I attach a copy of that Decision which just came down the other day, which referred the matter to the District Court. The purpose of my e-mail was to obtain consent to a briefing schedule for that matter to be determined by this Court.

Turning to the merits of Mr. Dahiya's request, the undersigned would not usually oppose a request for the initial adjournment of time to perfect an appeal. However, several misstatements of fact appear in Mr. Dahiya's correspondence, and no real reason is given for the adjournment. Mr. Dahiya does not have a client in this appeal. This is an appeal of an order sanctioning him and his firm pusuant to 28 U.S.C. §1927. There is no collateral effect whatsoever on the defendant in this matter. Indeed, Mr. Dahiya came back to represent the defendant after the sanctions motion was made and set up for a hearing. A review of the underlying pleadings will demonstrate no basis exists for any such connection. Thus, Mr. Dahiya is pursuing this appeal entirely on his

firm's behalf and on his own behalf.  Secondly, he does not appear to be a solo practitioner.  On numerous occasions he has another attorney with him who, I presume, is either of counsel or works in firm, although she is not listed on the letterhead.  Thirdly, Mr. Dahiya recently came back from India about a month ago, and while he may have a perfectly legitimate reason for seeking the adjournment, he is has not disclosed it to the undersigned or the Court.  Indeed, just this week, he filed and served a motion in the underlying adversary proceeding to reopen discovery and made it returnable during the first week in July.  I have other matters scheduled with him during the third week in June, which were recently scheduled in open court.  I have a matter with him tomorrow in this case. He was clearly not concerned about any such trip just a few days ago.

In terms of preparing the appeal, between the motions to withdraw the reference, the multiple pleadings filed in opposition to the motion and related documents, has written over a hundred pages on the issues in this appeal and has briefed it extensively.

The prejudice from the extension of time is the fact that Mr. Dahiya has repeatedly sought the extensions of time, ignored deadlines, sought further extensions for time to obtain counsel, then fired that counsel, then sought further extensions of time. Judge Stong's decision and Judge Irizarry's decisions set these forth in detail. The bankruptcy trustee wishes to finish this case and make the distribution of the assets to the creditors.   Since this is a matter of a very personal nature to Mr. Dahiya, the undersigned has no doubt these matters will not be resolved short of the Second Circuit.   Indeed, the pending motions to withdraw the reference, both of which were denied by Judge Irizarry, are presently under appeal in the Second Circuit.

Based upon the above, and the fact that Mr. Dahiya has blatantly failed to abide by your Chamber's rules, I yield to the Court's discretion as to what adjournment, if any to grant, or if a further exposition of the relevant factors are called for.

Thank you.

                                                                    Very truly yours,

                                                                    S/Avrum J. Rosen
AJR:ls                                                              Avrum J. Rosen
cc Karamavir Dahia, by e-mail and ECF
    Deborah Kramer