# Dahiya Law Group LLC

75 Maiden Lane Suite 506, New York, NY 10038
Tel (212)766-8000; Fax (212)766-8001

---

June 5, 2013

Hon. Judge Kiyo A. Matsumoto
United States district Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:  Kramer v. Mahia**

**Case No. 13-cv-03079-KAM**

Dear Judge Matsumoto,

    I am writing to reply to Chapter 7 trustee's counsel, Avrum Rosen's letter and to address any concerns that he or this Honorable Court may have.  I am also writing to update this Honorable Court about a discussion which I had with Mr. Rosen. Mr. Rosen shall be shortly filing a Motion to Strike some of the Appellant Designation. We have agreed that I will have fifteen days (15) to respond to such a motion.  Since neither of the parties will know how this Court will decide on the Motion to Strike, I will be unable to prepare a brief without first knowing what items will be permitted as a part of Appellate Designation. Therefore, I request this Honorable Court to wait to set deadlines for the briefs until after this matter has been resolved.

    Please find my sincerest apologizes for not contacting my adversary to seek an extension. I do feel that I have to respond to some of the statements made in Mr. Rosen's letter.  Mr. Rosen's letter has called into question my integrity and credibility by stating that I have made many misstatements.  I will address his concerns one by one. The attorney in my office, which Mr. Rosen is talking about, is a law graduate waiting to be admitted to New York Bar, however she is admitted in New Jersey since January, 2013.  Since her admission to the New York bar is pending and she is unable to represent any clients in the State of New York.  Any work that she does for my New York clients is limited to a legal assistant's position.  Therefore, I am still a solo practitioner.  Secondly, Mr. Rosen's assertion that I do not have a client in this case is baseless.  There are two appeals stemming from the same bankruptcy case.  I represent myself, my firm, and Mr. Mahia.  I believe that my firm and I have just as many rights under the law as any other individual or entity.

    I think it was pertinent for me to address these concerns before the Court.  As an attorney, I conduct my affairs in a professional manner but I was appalled at Mr. Rosen's letter. Yes, I had sought extension in underlying section 1927 hearing before the bankruptcy judge, as I had a deep personal loss and also an untimely death of my nephew (age 24).  Specifically, I am in awe that he tried to personally attack me and use facts that have nothing to do with the appeal before this Court.  Further, Mr. Rosen attaches decision of Hon Judge Dora Irizzary regarding

withdrawal of reference. Denial of withdrawal of reference has absolutely nothing to do with the merits of my case; orders denying revocation of a reference to the bankruptcy court do not conclusively determine any substantive issue, as they merely address where that issue will be initially be decided as per our Circuit Court. Further, I had not participated in the final hearing before bankruptcy Judge Elizabeth Stong and it was decided without my participation, as I had invoked the right to be heard by an article III court.

  Once again, please except my sincerest apologizes for failing to abide by one of the local rules.  I request this Honorable Court to set new deadlines for the briefs until after the appellate designation is due.

               Sincerely,

               */s/ Karamvir Dahiya*
               _____
               Karamvir Dahiya, Esq.
               Attorney for Appellant

CC:  Avrum Rosen
Via email and ecf filing
ajrlaw@aol.com