The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Debra Kramer, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Avrum Rosen
Katherine Geraci

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

       SHAHARA KHAN,

                 Debtor.
----------------------------------------------------------------x
DEBRA KRAMER AS TRUSTEE OF THE ESTATE
OF SHAHARA KHAN,

                 Plaintiff,

    -against-

TOZAMMEL H. MAHIA,

                 Defendant.
----------------------------------------------------------------x

Case No. 13-03079-DLI

Case No.: 10-46901-ess

Adv. Pro. No.: 11-1520-ess

## <u>RESPONSE TO MOTION REQUESTING JUDICIAL NOTICE</u>

      DEBRA KRAMER, the Trustee of the Estate of Shahara Khan and the Plaintiff/Appellee

in the above-referenced matter, by her attorneys, The Law Offices of Avrum J. Rosen, PLLC, as

and for her response to the Motion Requesting Judicial Notice respectfully represents as follows:

      1.     The Appellee has no problem with this Court reviewing the continued antics of

Mr. Dahiya before the Bankruptcy Court in this case, or in any other case.   Despite this Court's

admonition to Mr. Dahiya not to engage in specious arguments or needless motion practice, he

continues to engage in quixotic jousting with imaginary windmills.

      2.     The latest motion that was filed in this Court, together with the Motion to Obtain

a Video Deposition of the Trustee, as part of discovery to an amended complaint demonstrate

that Mr. Dahiya appears to be either unwilling, or incapable to practice law according to the rules, or with any real understanding of the obligations of an attorney.

3.     As Judge Stong explained to Mr. Dahiya, in denying his Motion for a Video Deposition of the Trustee, of course the Trustee does not have personal knowledge of events that occurred prior to her being appointed.  If she did, she would be disqualified from being the Trustee.  Nonetheless, Mr. Dahiya went forward with his motion and wasted several more hours of the undersigned's time and incurred needless expense to the Estate.

4.     Accordingly, in reviewing the propriety of the Bankruptcy Judge, Judge Stong's decision awarding sanctions, the undersigned believes that it is both appropriate and necessary to review the fact that Mr. Dahiya continues to engage in the same kind of motion practice that incurred the sanctions in the first place.  If possible, his pique at being sanctioned has only made him redouble his efforts in this regard.

**WHEREFORE** the Trustee/Appellee has no issue with this Court considering the subsequent record in this case, and/or in any other case in which Mr. Dahiya appears as a party in an action with this Trustee, together with such and further relief as to this Court deems just and proper.

Dated: Huntington, New York
      July 9, 2013

                              The Law Offices of Avrum J. Rosen, PLLC
                              Attorneys for Debra Kramer, Esq.

                    BY:  S/Avrum J. Rosen
                         Avrum J. Rosen
                         38 New Street
                         Huntington, New York 11743
                         631 423 8527
                         ajrlaw@aol.com