# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------X    Case No. 13-cv-03079-DLI

IN RE:
    **SHAHARA KHAN**
                  Debtor    Chapter 7 Case No. 10-46901

--------------------------------------------------------X

**DEBRA KRAMER, PANEL TRUSTEE**
**Of ESTATE OF SHAHARA KHAN**
               Plaintiff,

v.

**TOZAMMEL H. MAHIA**
             Defendant.    Adv. Pro. No. 11-01520

--------------------------------------------------------X

**DAHIYA LAW OFFICES LLC**
**KARAMVIR DAHIYA**
            Appellants,

v.

**DEBRA KRAMER, PANEL TRUSTEE**
            Appellee.

--------------------------------------------------------X    Date of Service: July 10, 2013

## <u>REPLY TO THE RESPONSE TO MOTION REQUESTING JUDICIAL NOTICE</u>

The Appellants, Karamvir Dahiya, Esq., *pro se,* and on behalf of Dahiya Law Offices, LLC respectfully submit the following reply to Appellee's response regarding judicial notice:

    The Appellant objects to the language used by the Appellee in her response. The trustee's counsel, Avrum Rosen, Esq, mischaracterizes and misquotes the record. The Appellee makes every possible effort to thwart the undersigned from bringing the record to light and the merits of the case.

    The request for judicial notice was necessary to show that there is a big disconnect between reasons for filing the lawsuit against the defendant, Tozammal H. Mahia and the reality. In reality, the debtor, Ms. Sahara Khan had no ownership interest; the mortgage statements, tax returns, bank statements, all reflect that she was nothing more than a bare legal title holder with

no actual ownership in the property. The trustee was provided all this information, however it was ignored. Appellee's response is an attempt to obfuscate the issues to mislead this court.

First, Appellee's response does not address directly the requested motion relief, but embarks on an attack on the integrity and competence of the undersigned Appellant with nothing but ad-hominem and disrespectful remarks. We object to such remarks.

Second, the Appellee contends that "the Trustee does not have personal knowledge of events that occurred prior to her being appointed." Appellee misstates the appellant. It is not the prior personal knowledge of the trustee [before her assignment as a trustee] that is at issue, it is the personal knowledge that she acquired after her appointment as the trustee in the underlying bankruptcy matter. Of course, it is not possible to impute trustee with personal knowledge of transactions prior to filing of the case. Nowhere does the Appellant seek any discovery about Appellee's knowledge before she was a trustee on this matter. It is about the personal knowledge that the Appellee acquired after having examined the debtor under section 341 meeting, scrutinized the bankruptcy petition, sworn statements in the petition, the mortgage papers, tax returns, and bank statements. It is the position of the defendant that the trustee abused her position in bringing this lawsuit, despite having been provided all the information regarding ownership issues and servicing of the house mortgage debt. She used her power as a trustee in filing the lawsuit to intimidate the family into settlement, despite the fact that the debtor is only a bare legal title holder without real ownership claims in the property. The trustee violated her duty in order to have personal gains. The defendant's attempted claims of abuse of process and Bivens, which were withdrawn by the previous counsel, was addressed to that abuse.

Third, the law is clear: Chapter 7 trustee is a fiduciary and representative of the estate. 11 U.S.C. § 323(a). A trustee shall not administer an estate or an asset in an estate where the

proceeds of liquidation will primarily benefit the trustee or the professionals, or unduly delay the resolution of the case. The trustee must be guided by this fundamental principle when acting as trustee. Accordingly, the **trustee must consider whether sufficient funds will be generated to make a meaningful distribution to unsecured creditors,** including unsecured priority creditors, before administering a case as an asset case. 28 U.S.C. § 586. See Handbook for Chapter 7 Trustee. Published by Executive Office for United States Trustees, U.S. Department of Justice.

http://www.justice.gov/ust/eo/private_trustee/library/chapter07/

The chapter 7 trustee is the representative of the estate. How can she not have personal knowledge about the estate issues? "The trustee is a fiduciary charged with protecting the interests of all estate beneficiaries – namely, all classes of creditors, including those holding secured, administrative, priority, and non-priority unsecured claims, as well as the debtor's interest in exemptions and in any possible surplus property. The duties enumerated under section 704 are specific, but not exhaustive. Handbook for Chapter 7 Trustees. Further, **"[p]rior to administering a case as an asset case, the trustee must consider whether sufficient funds will be generated to make a meaningful distribution to unsecured creditors**. The trustee must review the bankruptcy schedules to make a preliminary determination as to whether there appears to be assets in the case or areas warranting further inquiry at the meeting of creditors. The trustee should not rely upon any designation by the Clerk of the Bankruptcy Court as to whether the case is an asset or no-asset case. **The trustee must conduct an independent investigation to make this determination.**" Handbook for Chapter 7 Trustee, 11 U.S.C. § 704. In this case, the trustee has disclaimed any personal knowledge about any matter of the case. Clearly, she did not make an independent investigation as she admits in her papers as she admits

that she has "no personal knowledge of any of the matters in this case."   How can she not have any personal knowledge of any of the matters in this case when she is the representative of the estate, 11 U.S.C.  § 323(a), a fiduciary and one duty bound to conduct an independent investigation to make a determination.

This motion regarding "Judicial Notice," was necessary to show that this trustee did not exercise independent and disinterested decision in bringing this lawsuit.  If she has "no personal knowledge about any of the matters in this case," she could not have been entrusted with the task of being a trustee. She cannot be fiduciary and representative of the estate if after having examined the debtors and decided on a course of action to file a lawsuit against the debtor, she claims that she has no knowledge of the about any matter of this case.  It is not only her neglect in understanding the situation of the debtor vis-à-vis the defendant, that is the defendant's grievance, it is also that the trustee brought this lawsuit with a deliberate attempt to intimidate a family to extract settlement.

Fourth, the appellant wants to bring to the Court's attention that such admission by the trustee was necessary to be shown that the abuse of process claim was not brought in bad faith. As the attorney for the defendant, the Appellant had a reasonable belief, that the trustee was not doing her homework and was abusing the process. The reason why this judicial notice is important today is to show the Appellant in bringing the "abuse of process" claim believed that the trustee did not have sufficient knowledge to bring the lawsuit and pass statutory muster under Rule 11 (Rule 9011 of Fed. R. Bankr. Pro.).

It is respectfully submitted for this Court's consideration.

Dated: July 10, 2013
New York NY

Karamvir Dahiya, Esq.

4