**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X  Case No. 13-cv-03079-DLI
IN RE:

      **SHAHARA KHAN**

                    Debtor.        Chapter 7 Case No. 10-46901
-------------------------------------------------------------X
**DEBRA KRAMER, PANEL TRUSTEE**
**OF ESTATE OF SHAHARA KHAN**
                    **Plaintiff,**

**v.**

**TOZAMMEL H. MAHIA,**

                    **Defendant.**
-------------------------------------------------------------X Adv. Pro. No. 11-01520
**DAHIYA LAW OFFICES LLC**
**KARAMVIR DAHIYA,**

                    **Appelllants,**

**v.**

**DEBRA KRAMER, PANEL TRUSTEE**
                    **Appellee.**
-------------------------------------------------------------X   **Date of Service: August 9, 2013**

**<u>REPLY BRIEF OF THE APPELLANT</u>**

DAHIYA LAW OFFICES LLC
75 Maiden Lane Suite 506
New York New York 10038
Tel: 212 766 8000
Fax: 212 766 8001

# TABLE OF CONTENTS

1.    Appellee's Designation Concerns.................................................................1

2.    28 U.S.C. § 1927 Jurisdiction....................................................................2

3.    Appellee misleads the Court once again and confuses the tort of abuse of process
      with malicious prosecution..............................................................3

4.    Sanctions are inappropriate because Trustee fails to show how the exception from
      *O'Bradovich* does not apply to this case............................................ 4

5.    Special Damages are not mandatory for an abuse of process claim.................... 5

6.    Abuse of process is a compulsory counterclaim........................................ 5

7.    Appellee's Standard of Review...................................................... 6

8.    Barton & Other Immunity Issues.................................................... 7

9.    Probable Cause" Issue............................................................... 8

10.   Constitutional Tort and Injunctive Relief ..........................................9

11.   New Record on Appeal.............................................................. 10

12.   Continued Accusations.............................................................10

## TABLE OF AUTHORITIES

## CASES

*Arizona v. Fulaminante,*
    499 U.S. 279 (1991)…………………………………………………….......6, 7

*Baker v. Latham Sparrowbush Assoc. (In re Cohoes Industrial Terminal Inc.),*
    931 F.2d 222 (2d Cir. 1991)……………………………..…………………...2, 3

*Barton v. Barbour,*
    104 U.S. 126 (1881)……………..………………………………………….7, 8

*Bell v. Hood,*
    327 U.S. 678 (1946)……………………………………………………….9

*Bd. Of Educ. Of Farmingdale Union free School Dist. v. Farmingdale*
*Classroom teachers Ass'n Inc.,*
    38. N.Y.2d 397(N.Y. 2002)..……………………………………...............4

*Bivens v. Six Unknown Names Agents of the Fed. Bureau of Narcotics,*
    403 U.S. 388 (1971)………………………………………….....…..9, 10

*Brecht v. Johnson,*
    507 U.S. 619 (1993)………………………………………………………….6

*Burns v. Reed,*
    500 U.S. 476 (1991)………………………………..…………………….8

*Carteret Sav. & Loan Ass'n v. Jackson,*
    812 F. 2d 36 (1st Cir. 1987)…………………………………………………5

*Chambers v. NASCO, Inc,*
    501 U.S. 32 (1991)………………………………………………….2

*Chapman v. California,*
    386 U.S. 18 (1967)……………………………………………………….6

*Construction Company v. Marathon pipe Line Company,*

    458 U.S. 50 (1982)............................................................................7

*Crowell v. Benson,*

    285 U.S. 22 (1932)..........................................................................10

*Davis v. Passman,*

    442 U.S. 228 (1979)..........................................................................9

*Edouards v. Rosen,*

    WL 2871803 (N.Y. Sup. July 12,2012).............................................4

*Francisco Chavez ,*

    Case No. 10-49733-CEC...................................................................10

*In re Gorski,*

    766 F.2d 723 (2d Cir. 1991)...............................................................8

*Great Lakes Rubber Corp. v. Herbert Cooper Cp.,*

    286 F2d 631 (3rd Cir. 1691)...............................................................5

*Gross v. Rell,*

    695 F.3d 21 (2d Cir. 2012).................................................................8

*Hanna v. Plumer,*

    380 U.S. 460 (1965)..........................................................................5

*Inwood Labs, Inc. v. Ives labs, Inc,*

    456 U.S. 844 (1982).........................................................................6

*Kotteakos v. United States,*

    328 U.S 765 (1946)..........................................................................6

*Kramer v. Mahia,*

    Adv. Pro. No. 11-1520-ESS............................................................10

*Kramer v. Maria Iqbal & Shakil Iqbal,*

    Adv. Pro. No. 11-1198-ESS……………………………………………………..….10

*Kramer v. TGS Taxi LLC, (In re Louis Stogianos,*

    Adv. Pro. No. 11-01466……………………………………………………………10

*In re Lenory Orlando English and Dian English*

    Case No. 09-79154-det……………………………………………………………..10

*Minasian v. Lubow,*

    49 A.D.3d 1033 (N.Y. App. Div. 2008)……………………………………..…..6

*Mosser v. Darrow,*

    314 U.S. 267 (1951)……………………………………………………………....5

*Neder v. Unites States,*

    527 U.S. 1 (1999)……...………………………………………………………..5

*Ngan Gung Resturant, Inc,*

    195 B.R. 593 (S.D.N.Y. 1996)…………………………………...…………..…4

*O' Bradovich v. Village of tuckahoe,*

    325 F. Supp. 2d 413 (S.D.N.Y, 2004)………………………………..................4

*Oliveri v. Thompson,*

    803 F.2d 1265 (2d Cir. 1986)…………………………………………………...3

*Paguliarulo v. Paguliarulo,*

    30 A.D.2d 840 (N.Y. App. Div. 1968)…………………………………………..3

*Parkin v. Cornell University, Inc.,*

    78 N.Y.2d 523 (N.Y. 1991)…………………………………………………...…5

*Pinsky v. Duncan,*

    79 F.3d 306 (2d Cir. 1996)……………………………………………………9

*Podhorn v. Paragon Group,*

    795 F.2d 658,659 (8th Cir. 1986)………………………………………………….5

*Pochiro v. Prudential Ins. Co. of Am.,*

    827 F.2d 1246, 1252 (8th Cir. 1987)……………………………………………….5

*Pryor v. Santagelo (In re Santagelo),*

    2012 WL 464034 (Bankr. E.D.N.Y. 2012)……………………………..…………..3

*Revson v. Cinqui & Cinque,*

    221 F3rd 71 (2d Cir. 2000)……………………………………………...………..2

*Sullivan v. Louisiana.,*

    508 U.S. 275 (2006) ………………………………………………………….7

*Thornburg v. Gingles,*

    478 U.S. 30 (1986)……………………………………………………...............6

*Walentas v. Johnes,*

    257 A.D.2d 352 (N.Y. App. Div. 1999)…………………………………………..4

*Wilner v. Village of Roslyn,*

**Appellee's Designation Concerns:** The Appellant filed an Appellate Designation with the Bankruptcy Court Clerk and served the Appellee pursuant to Fed. R. Bankr. P. 8006. However, the Bankruptcy Court Clerk did not transmit the entire designated record; hence the record sent to this Court contains items 1 - 60. If Appellee believes the designation is incomplete, she may supplement the record. Fed. R. Bankr. P. 8006. No such attempt was made.

The Appellee also raises a question of referencing the record "in this appeal." The explicit reference was not made as the underlying issues in this appeal are matters related to the legal issues pertaining to jurisdiction and interpretation of law. However the Appellant would mend the issue of reference to the relevant facts in response to Appellee's misstatements.

In response to the Appellee's adversary complaint [No. 1][1], Appellant's client Mahia answered, counterclaiming against the Appellee for abuse of process and constitutional tort requesting an injunction. [No.4] TheAppellee requested adjournments to respond to such counterclaim [No. 6, 7 & 8]. Without resolving the issues for which the adjournment was taken, the Appellee instead sought sanctions against the Appellant [No. 10] which the Appellant challenged [No. 11]. While this was pending; the Appellant suffered a personal tragedy in the family as well as a loss of relationship, [No. 15], thus had difficulty representing himself. However, Wayne Greenwald, Esq. volunteered to represent. [No. 18]. Greenwald was the only counsel retained before bankruptcy judge. On September 10, 2012, the Appellant filed a second response to the sanctions. [No. 23]. On September 13, 2012, the Appellant did not agree to the terms of the settlements as was proposed by the Appellee'scounsel and by Greenwald as it violated New York Professional Rules (Appellee wanted a life time injunction against the Appellant from representing any clients against any trustee without first obtaining the Court's permission). [No. 25 & 33 page 38 ]. Specifically, Appellant stated "I disagree it's a lifelong - -

---

[1] Although Appellee refuses to cite to the Designation of Record, Appellant is referencing to the Record on Appeal

people, minorities are suffering. [No. 33 page 38]. Meanwhile, Mahia's new counsel Christine Rubenstein had withdrawn all counterclaims against the Appellee. [No. 12]. Appellant discharged Greenwald due to divergent opinions about the proposed settlement. [No. 26]. Krishnan Chittur, Esq. volunteered to appear for the Appellant only in the District Court. [No.37]. Carlos Cuevas, Esq. is a partner of Greenwald and appeared to assist Greenwald and never filed any Notice of Appearance. Mahia, upon being threatened by his new counsel that he either settles or case shall referred for criminal prosecution, [No. 44] requested that the Appellant represent him again. [No. 43]. The Appellant had no representation did not participate in the hearing on November 30 2012. [No. 40].

**28 U.S.C. § 1927 Jurisdiction:** The Bankruptcy Court is not a "court of the United States" as required under § 1927. Appellee misleads this Court by citing to two categories of case law to support her argument to the contrary. First, on page 4 of its Brief, the Appellee states "[a] bankruptcy court qualifies as a 'court of the United States' and as such, possesses sanction powers." Appellee then cites to *In re Ngan Gung Resturant, Inc.*, 195 B.R. 593 (S.D.N.Y. 1996); *Revson v. Cinque & Cinque*, 221 F.3d 71 (2d Cir. 2000) and *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) in support. However, all of these cases only discuss whether the Bankruptcy Court possesses the same *inherent* powers to sanction as district courts. There is no mention of § 1927.

The second category of case law cited on page 4 of Appellee's Brief in support of this argument arises out of the Second Circuit case of *Baker v. Latham Sparrowbush Assoc. (In re Cohoes Industrial Terminal Inc.*, 931 F.2d 222 (2d Cir. 1991). Although the Second Circuit has stated that a "bankruptcy court may impose sanctions pursuant to 28 U.S.C. § 1927 . . .," this is merely dicta. *Id.* at 230. It is unfortunate that many courts adopted dicta without ever analyzing the validity of such. It is crucial to look at the origins of such case law. Cases used by the

Appellee in support of the Bankruptcy Court's power to sanction under § 1927 all cite to *In re Cohoes* which states "A bankruptcy court may impose sanctions pursuant to 28 U.S.C. § 1927 if it finds that '[an] attorney's actions are . . . .'" *Id.* at 230 (citing to *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986). At first it seems as if the Second Circuit is citing to *Oliveri* as the authority over the subject, however, the case presented in *Oliveri* had nothing to do with whether a Bankruptcy Court has power to sanction under § 1927. *Oliveri* is the leading case law on the standards required to impose sanctions under 1927 and nothing further. This Court should make a determination as to whether the Bankruptcy Court is in fact a "court of the United States." Unlike its sister circuits *see e.g. In re Courtesy Inns, LTD., Inc.*, 40 F.3d 1084 (10th Cir. 1994), the Second Circuit has yet to decide this argument on its merits.

**Appellee misleads the Court once again and confuses the tort of abuse of process with malicious prosecution.** Malicious prosecution and abuse of process differ. *Paguliarulo v.Paguliarulo*, 30 A.D.2d 840 (N.Y.App. Div.1968).Malicious prosecution requires: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding, and (4) actual malice. *Wilner v. Village of Roslyn*, 952 N.Y.S.2d 71, 73 (N.Y. App. Div.2012).Whereas, the elements for abuse of process require (1) the use of regularly-issued process, (2) intended to do harm without excuse or justification, and (3) use the process in a perverted manner to obtain a collateral objective. *Id.* Raising this distinction is important, because the Appellee either confuses the torts or is misleading this Court. Page 6 of Appellee's Brief states that the abuse of process counterclaim did not have "a shred of legal or factual support" since Dahiya was advised of this by Judge Trust in *Pryor v. Santangelo (In re Santangelo*, 2012 WL 464034 (Bankr. E.D.N.Y. 2012).This is inaccurate and outright

3

misleading. In *In re Santangelo*, Judge Trust accidently confused malicious prosecution and abuse of process and dismissed the claim without prejudice for the simple reason that such claim was *untimely* because the adversary proceeding had not finally terminated in the defendant's favor. *Id.* at *4. It is malicious prosecution which requires the claimant to wait until after the case ends and not abuse of process. It is a conundrum as to how the Appellee, who was involved against Dahiya for the last year,would forget the elements for abuse of process.

**Sanctions are inappropriate because Trustee fails to show how the exception from *O'Bradovich* does not apply to this case.** The Appellant agrees that although merely filing a complaint is insufficient to bring a claim for abuse of process, there is an exception which applies here. Appellee does not address this argument nor does she assert why the exception is inapplicable here. The Second Circuit deems an abuse of process claim sufficient where there was "misuse of process after it was issued [which is not the case here], or that the defendant acted to deprive the plaintiff of property 'under the color of process.'" *O'Bradovich v. Village of Tuckahoe*, 325 F. Supp. 2d 413, 434 (S.D.N.Y. 2004); *see also Edouards v. Rosen*, 2012 WL 2871803 (N.Y. Sup. July 12, 2012)(*citing Walentas v. Johnes*, 257 A.D.2d 352, 354 (N.Y. App. Div. 1999). As stated in greater length in its Brief, Appellant believed that the lawsuit filed in the underlying case was commenced in to deprive his client of money, which is property.

**Special Damages are not mandatory for an abuse of process claim:**Appellee argues that to prevail under an abuse of process, the claimant must allege special damages; however New York law is unclear regarding such requirement. Some cases require a showing of special damages, but there is a copious amount of cases which hold to the contrary. Some cases require that the claimant allege*either* actual or special damages. *Bd. of Educ. of Farmingdale Union free School Dist. v. Farmingdale Classroom Teachers Ass'n, Inc.,* 38 N.Y.2d 397, 380 (N.Y. 2002);

4

*Minasian v. Lubow*, 49 A.D.3d 1033 (N.Y. App. Div. 2008). Legal expenses incurred constitute actual damages. *Parkin v. Cornell Univ., Inc.*, 78 N.Y.2d 523 (N.Y. 1991). Here, Appellant's client incurred legal expenses in defending the lawsuit.

**Abuse of process is a compulsory counterclaim:** Appellant raised the abuse of process counterclaim in the answer as he had a good faith belief that such counterclaim may be a compulsory counterclaim. The authorities have split on the question whether an abuse-of-process counterclaim is a compulsory counterclaim. *See Carteret Sav. & Loan Ass'n v. Jackson*, 812 F.2d 36, 38 (1st Cir. 1987)(fraud and abuse of process counterclaims should have been asserted as compulsory counterclaims pursuant to rule 13(a); *Podhorn v. Paragon Group*, 795 F.2d 658, 659 (8th Cir. 1986)(finding that a party's claims for abuse of process are compulsory counterclaims); *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 633-34 (3rd Cir. 1961); *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1252 (9th Cir. 1987). The Second Circuit has yet to decide this issue.

However, Federal Rule of Civil Procedure 13(a) makes a counterclaim compulsory if the claim "(a) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (b) does not require adding another party over whom the court cannot acquire jurisdiction." Fed.R. Civ. P. 13(a).[2]Federal courts apply state substantive law and federal procedural law. *Hanna v.Plumer*, 380 U.S. 460, 465 (2010). Here, the facts arising out of the complaint filed by the Appellee arise from the same transaction or occurrence that is the subject and does not require adding another party. For these reasons, Appellee had a duty to raise the counterclaim of abuse of process as it becomes compulsory under the Federal Rules.

---

[2] Federal Rules of Bankruptcy Procedure has adopted Rule 13 of the Federal Rules of Civil Procedure under Rule 7013.

**Appellee's Standard of Review:** The Appellee claims deference for the decision below to which it is not entitled. "[I]f the trial court bases its findings upon a mistaken impression of applicable legal principles, the reviewing court is not bound by the clearly erroneous standard." *InwoodLabs, Inc. v. IvesLabs, Inc.*, 456US 844, 855(1982).Rather, appellate court exercises plenary review in determining whether a trial judge evaluated the evidence pursuant to an inapplicable or incorrectly articulated legal standard. *See Thornburg v. Gingles*, 478 U.S. 30, 79 (1986). Here, the Appellant did not participate in the evidentiary hearing, as result of which the the bankruptcy judges are not to be viewed as presumptively correct. The Appellee does not meet the burden of persuading this Court that the errors complained of regarding the fairness and legitimacy of bankruptcy court overlooking the objections to the authority and its jurisdictional limitation deciding the merits of state law issues and constitutional tort was harmless or without any consequence. Substantive constitutional rights of the Appellant and his clients were impacted by this decision and the method of hearing. The Appellee fails to persuade that such error in overlooking was indeed harmless. *Kotteakos v. United States*, 328 U.S. at 765 (appellee has the burden). Further when the error is of a constitutional dimension, the standard for finding harmless is much more stringent. *Chapman v. California*, 386 U.S. 18, 21 (1967). Here, error rose to the level of "structural defect", which was intrinsically harmful to a fair hearing as to require automatic reversal. *Arizona v. Fulminante*, 499 U.S. 279, 309 (1991). Unresolved issues of authority of the bankruptcy judge, continued assertion of right to decide state claims and constitutional tort issue, despite article III prohibition indeed resulted in, "defects in the constitution of the trial mechanism," thus necessitating automatic reversal of monetary penalty and sanctions. *Brecht v. Johnson*, 507 U.S. 619, 629 (1993). This dispute before the bankruptcy court presented a situation overlooked by the bankruptcy judge which falls under "a limited class

of fundamental constitutional errors that defy analysis by harmless error standards." *Neder v. United States*, 527 U.S. 1, 7 (1999); *see alsoSullivan v. Louisiana*, 508 U.S. 275, 278-79; *Fulaminante,*499U.S. at 309-10. Errors of this type are so intrinsically harmful as to require automatic reversal . . . without regard to their effect on the outcome." *Neder*, 527 U.S. at 7.

**Barton & Other Immunity Issues:** There is no immunity of any kind to the panel trustee who is abusing the powers vested by bankruptcy statutes. The *Barton* doctrine derives from the case of *Barton v. Barbour*, 104 U.S. 126 (1881). Under this doctrine, "a court appointed trustee cannot be sued for actions taken in the trustee's official capacity unless leave is first obtained from the court that appointed the trustee." Barton doctrine only prevents the, "court appointed trustee" and from being sued in non-appointing courts (i.e. not the Bankruptcy Court). The counterclaims were filed in this case for adjudication by the district court [not by a bankruptcy judge assisting the district court]. The bankruptcy was filed in the district court and not with the bankruptcy court. There is no bankruptcy court of record as distinct entity, if so then it is running afoul of the Supreme Court as laid out *Northern Pipeline Construction Company v. Marathon Pipe Line Company*, 458 U.S. 50 (1982). For the purpose of Barton, bankruptcy trustee here is not appointed by the court, they are appointed, on an adhoc basis, by the Executive office of the United States Trustee, a branch of United States Department of Justice, from a roster maintained by it. 11 U.S.C. §701 (Promptly after the order for relief under this chapter, the United States trustee shall appoint one disinterested person that is a member of the panel of private trustees established under section 586(a)(1) of title 28 or that is serving as trustee in the case immediately before the order for relief under this chapter to serve as interim trustee in the case). They are not employees of the Executive Office of United State Trustee's Office and it explicitly disclaims any governmental title to such panel trustee in their guidelines. Trustees are neither appointed by

7

the Court thus un-amenable to Barton, nor are they employees of the United States performing sovereign function, allowing them sovereign functionaries immunity, rather they are private individuals unshielded from liabilities. 11 U.S.C. *Mosser v. Darrow,* 341 U.S. 267(1951) In re Gorski, 766 F.2d 723, (2nd Cir. 1985) (finding breach of duty by a bankruptcy trustee and finding him sanctionable). Further, what removes panel trustee from immunity is that they have monetary interest in the outcome of the case, unlike what a public prosecutor does. Trustees are fiduciaries and thus may be held personally liable. Panel Trustees are not agents of the court, they are agents of the trustee's office without the benefit of employee status. However if they are acting pursuant to the orders of the court, they could enjoy a limited quasi-judicial immunity. For that matter, only a court ordered individual administering such orders shall enjoy immunity. "Bankruptcy trustees are generally immune to the extent that they are **acting with the approval of the court**."*Gross v. Rell*, 695 F.3d 211, 216 (2d Cir. 2012). Such immunity is neither loosely presumed or recognized. *Burns v. Reed*, 500 *U.S.* 478 (1991). A trustee filing lawsuit based on provisions of the bankruptcy code does not do so upon order from the court, but on his own.

**Probable Cause" Issue:** The Appellee misconstrues "probable cause." We are not shocked when the trustee states that, "[a] probable cause requirement is found in our criminal jurisprudence, not in our civil system of justice,"—no doubt, this trustee continues to bring cases without probable cause. Rule 11 incorporated in bankruptcy through rule 9011, demands that before the party brings in any claim, it must make sure that the claims have basis in law and facts—i.e. there is a probable cause element. Kramer and her counsel violated Rule 11. Having full knowledge of the facts and evidence that debtor had no equitable interest in the property other than a mere title holder, they triggered a lawsuit against a minority family. Trustee lacked probable cause. Probable cause requirement is a must for civil cases. Further, the Appellee has

disclaimed personal knowledge of reasons from bringing this lawsuit. Lack of probable cause

means that the underlying adversary was brought for vexatious purpose, creating a platform to

extort settlement. BLACK'S LAWDICTIONARY 1403 (5th ed. 1979), defines vexatious as

"without reasonable or probable cause or excuse" (emphasis added). Further, an impacted

defendant can always require the plaintiff to show probable cause while accusing the plaintiff of

abuse of process. See *Pinsky v. Duncan*, 79 F.3d 306,312 (2nd Cir. 1996).   The Second Circuit

quoting Restatement (Second) of Torts § 675 (1977)-- a modern definition of probable cause to

initiate civil proceedings incorporates similar elements: One who takes an active part in the

initiation, continuation or procurement of civil proceedings against another has probable cause

for doing so if he reasonably believes in the existence of the facts upon which the claim is based,

and either (a) correctly or reasonably believes that under those facts the claim may be valid under

the applicable law, or  (b) believes to this effect in reliance upon the advice of counsel, sought in

good faith and given after full disclosure of all relevant facts within his knowledge and

information. *Gross v. Rell*, 585 F.3d 72, 82-83 (2d Cir. 2009)

**Constitutional Tort and Injunctive Relief**: Mahia asserted constitutional tort claim and asked

for injunctive relief, both permitted by constitution and precedence. *Bell v. Hood*, 327 U.S. 678

(1946) (recognizing that there was an "established practice" of granting injunctive relief directly

under the Constitution).  Further, in *Bivens v. Six Unknown Named Agents of the Fed. Bureau of

Narcotics*, 403 U.S. 388, 402–03 (1971) (Harlan, J., concurring).  Court further emphasized that

damages awards are well within the courts' traditional remedial power and expertise in

appropriate cases. *Id.* at 399; *Davis v. Passman*,   442 U.S. 228 (1979)(allowing money damages

for sex discrimination directly under the Fifth Amendment). In the absence of an "explicit

congressional declaration" that a *Bivens*- type suit should not be available and that some other

9

remedial scheme should replace it, courts presumptively have the authority to recognize direct causes of action under the Constitution and to develop appropriate remedies. *Id.* at 242, 246–47 (emphasis omitted) (quoting *Bivens*, 403 U.S. at 397).

**New Record:** Contrary to Appellee's assertion, there is no new record on appeal. All issues on appeal were raised before the bankruptcy court but to no avail. This appellant brief is also an application to be heard by an article III judge and agitate the matter for *de novo* hearing. *Crowell v. Benson* permits new evidence for review of decision of article I judge by article III court.

**Continued Accusation:** The Appellee allegation "continues to file motions that that lack any sound legal basis," is baseless. Facts speak louder and clearer than the words. See recent case with bankruptcy courts of Eastern District of New York: *Kramer v. Mahia*, Adv. Pro. No. 11-1520-ESS; *Kramer v. Maria Iqbal&Shakil*, Adv. Pro.No. 11-1198-ESS (Debtor ShakilIqbal and MarialIqbal Chapter 7 Case No. 12-42218-ESS); *Kramer v. Iqbal*, Adv. Pro.No. 11-1539-ESS (Debtor S.M. Transportation Ltd. Chapter 7 Case No. 10-43746-ESS); *Francisco Chavez*, Case No. 10-49733-CEC; *Kramer v. TGS Taxi LLC*, Adv. Pro. No. 11-01466 (In re *Louis Stogianos*, Case No. 11-40832) (District Judge Hon. William F. Kuntz, withdrawing the reference. 12-cv-00894-WFK-JO); *In re Lenroy Orlando English and Dian English*, Case No. 09-79154-det.[3] The Appellant is a consumer bankruptcy lawyer fighting to uphold the dignity of law and vulnerasble people, for he firmly subscribe to the view that the law is a noble calling and not a business. Wherefore, bankruptcy court sanctions decision be set aside or matter be set for denovo hearing.

Karamvir Dahiya, Esq.

Aug 9, 2013

---

[3] This is a tragic case wherein family-unity of the debtors has been very adversely impacted by the maneuvers of the Chapter 7 trustee and the debtor's previous counsel. Debtor filed a complaint regarding his attorney with Hon. Judge Brian M. Cogan and within a week of receipt of letter of the termination of the enquiry, letter dated January 11, 2013, the Chapter 7 trustee brought a criminal contempt proceeding on January 23, 2013 for the arrest of the debtor for issues that were decided in August, 2010. See Docket Entry 105, 118, 123, 127 of 09-79154-dte of EDNY Bankruptcy Court. The Appellant is fighting to save the family from falling apart. The Appellant brings this to the Courts' attention in response to footnote 3 of the Appellee's brief.

10